UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25106-KMW-EGT

UNITED AMERICAN CORP.,

        Plaintiff

v.

BITMAIN, INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

        Defendants.
_____/

## MOTION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT JASON COX AND STATUS REPORT AS TO REMAINING FOREIGN DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 4(m) and 6(b)(1), Plaintiff United American Corp. ("UAC") hereby moves this Court for an enlargement of time to serve defendant Jason Cox and provides this status report as to the remaining foreign defendants, and in support thereof, states as follows:

1.     UAC initially filed this lawsuit on December 6, 2018.  [ECF No. 1].

2.     To date, UAC has served defendants Bitmain, Inc., Payward Ventures, Inc., Jesse Powell, and Shammah Chancellor.  Indeed, the parties are in the midst of briefing motions to dismiss filed on behalf of those defendants.

3. UAC has thus far been unable, however, to serve the following remaining defendants: Saint Bitts LLC, Roger Ver, Bitmain Technologies Ltd., Bitmain Technologies Holding Company, Jihan Wu, Amaury Sechet, and Jason Cox.

4. Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

5. On January 18, 2019, this Court *sua sponte* entered a paperless order regarding service, stating that defendants not served within the time frame provided under Rule 4(m) will be dismissed without prejudice. [ECF No. 37].

6. Upon information and belief, the following defendants reside and will need to be served outside of the United States:

   a. Saint Bitts LLC (residing in Saint Kitts);

   b. Roger Ver (residing in Japan);

   c. Bitmain Technologies Ltd. (residing in China);

   d. Bitmain Technologies Holding Company (residing in the Cayman Islands);

   e. Jihan Wu (residing in China); and

   f. Amaury Sechet (residing in France).

7. Because these defendants are foreign defendants residing outside of the United States, **the 90-day period to effectuate service prescribed by Rule 4(m) does not apply to them**. *See* Fed. R. Civ. P 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2) or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)"). *See e.g., Steinberg v. Barclay's Nominees,* 2008 WL 4601043, at *10 (S.D. Fla. 2008) (noting that service

in a foreign country is exempted from Rule 4(m) and that an extension of time to serve foreign defendant was not necessary).

8. Nevertheless, UAC has attempted service of process on defendants Roger Ver and Jihan Wu in the United States, but have learned that these two individuals reside in Japan and China, respectively.

9. UAC notes that it has engaged the services of Judicial Process & Support Inc. for translation and service of process services in connection with effectuating service on these foreign defendants in Japan, China, France, the Cayman Islands, and Saint Kitts.

10. The process under the Hague Convention in these countries is very lengthy, particularly in China where estimates are that the process can take as long as two years. In the case of Saint Kitts, service must be made via the State Department through Letters Rogatory (also a lengthy process).

11. With respect to the only remaining defendant believed to be domestic – Jason Cox – *six* attempts were made by UAC's process server at an address in San Mateo, California where UAC had reason to believe he resided. UAC has not yet identified a new address for Mr. Cox but is attempting to do so and requests 120 additional days to try to locate and serve him with process. A true and correct copy of a Declaration of Reasonable Diligence (non-service) is attached hereto as **Exhibit A**.

12. For these reasons, good cause exists for the granting of this Motion and the enlargement of time to effectuate service of process.

13. This motion is made in good faith and is not interposed for the purpose of delay.

14. The parties will not be harmed or prejudiced if the requested relief is granted.

WHEREFORE, Plaintiff United American Corp. respectfully moves the Court to enter an Order granting its motion for an enlargement of time to serve Defendant Jason Cox. A proposed order provided for the Court's consideration is attached hereto as **Exhibit B**.

### RULE 7.1 CERTIFICATE OF COUNSEL

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), the undersigned certifies that on March 5-6, 2019, Michael Mena conferred with counsel for the currently served Defendants to resolve the issues raised in this Motion and has been unable to do so.

Dated: March 6, 2019

Respectfully submitted,

By: *s/ Michael O. Mena*
Brian P. Miller
Florida Bar No. 0980633
brian.miller@akerman.com
Michael O. Mena
Florida Bar No. 010664
Michael.mena@akerman.com
Joanne Gelfand
Florida Bar No. 515965
Joanne.gelfand@akerman.com

AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Tel: 305-374-5600
Fax: 305-374-5095

*Attorneys for Plaintiff United American Corp.*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Michael O. Mena*
Michael O. Mena