# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO: 1:18-CV-25106-KMW-CMM

| | |
|---|---|
| UNITED AMERICAN CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> BITMAIN, INC., SAINT BITTS LLC d/b/a BITCOIN.COM, ROGER VER, BITMAIN TECHNOLOGIES LTD., BITMAIN TECHNOLOGIES HOLDING COMPANY, JIHAN WU, PAYWARD VENTURES, INC. d/b/a KRAKEN, JESSE POWELL, AMAURY SECHET, SHAMMAH CHANCELLOR, and JASON COX, <br><br> *Defendants*. | |

### DEFENDANTS' OPPOSITION TO UNITED AMERICAN CORPORATION'S MOTION FOR ENLARGEMENT OF TIME FOR SERVICE

Defendants Shammah Chancellor, Bitmain Inc., Payward Ventures, Inc., and Jesse Powell oppose United American Corporation's ("UAC") Motion for Enlargement of Time to Serve Defendant Jason Cox and Status Report as to Remaining Foreign Defendants (ECF No. 47) (the "Motion"). UAC fails to show it has been diligent in attempting service or that good cause exists for the extraordinary extensions it now seeks, and the Court should deny UAC's request to write itself a blank check to effect service at some more convenient but undefined point in the distant future.

## Background

On January 18, 2019, the Court *sua sponte* issued an Order in which it noted that "[a]ny defendant not served within the time frame provided under Rule 4(m) of the Federal Rules of Civil Procedure . . . will be dismissed from this case without prejudice." ECF No. 37 (the "Order"). There is no dispute that the Order applies to unserved Defendant Jason Cox; UAC asks for a 120-day extension of the deadline imposed under Rule 4(m) in which to serve Cox. UAC takes the position that the Order does not impose any deadline to serve "foreign" defendants Saint Bitts LLC, Roger Ver, Bitmain Technologies Ltd., Bitmain Technologies Holding Company, Jihan Wu, and Amaury Sechet, because the 90-day time period for service provided for under Rule 4(m) does not apply to service in a foreign country. *See* Motion ¶ 7.

## Argument

UAC's Motion would entitle it to proceed at its own pace with no constraints on the timing of service of foreign defendants. There is no good cause to countenance such indeterminate delay, which is contrary to precedent that requires UAC to attempt service within a reasonable amount of time. UAC also has not demonstrated good cause for a 120-day extension to serve Mr. Cox.

1.  Foreign Defendants

UAC mistakenly presupposes that the Federal Rules of Civil Procedure and this Court's Order provide for an indefinite, years-long period in which it may attempt to effect service on foreign defendants. "[A] plaintiff does not have an unlimited amount of time to serve a foreign country defendant . . . [and] is required to take efforts to attempt service within a reasonable amount of time." *Plantation Gen. Hosp., L.P. v. Cayman Islands*, No. 09–60884, 2010 WL 731853, at *1 (S.D. Fla. Feb. 26, 2010). At a broader level, this Court "has the inherent authority to control and manage its own docket to allow the expeditious disposition of cases." *Ziegler v. M/V Intermission*,

No. 17-CV-60693, 2017 WL 4119410, at *3 (S.D. Fla. Sept. 18, 2017). Accordingly, "if service in a foreign country is not pursued in a diligent fashion, the district court can dismiss the action because of the plaintiff's failure to prosecute." 4B CHARLES A. WRIGHT, ARTHUR R. MILLER, & ADAM N. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 1137 (4th ed. 2015).

UAC's Motion is more telling for what it does *not* say than for what it does say; it provides little in the way of concrete details describing its diligence in attempting to serve the foreign defendants. UAC notes that it hired third-party Judicial Process & Support Inc. to assist it with foreign service, but fails to indicate (i) when it retained Judicial Process & Support, (ii) what specific steps Judicial Process & Support has undertaken to effect service on the foreign defendants, or (iii) what, if any, obstacles Judicial Process & Support has encountered that justify indefinite delay. *See* Motion ¶ 9. Similarly, UAC observes that it must secure letters rogatory to effect service on defendants resident in Saint Kitts, and intimates that this process—which it assumes must involve the State Department—is likely to be "lengthy." *See id.* ¶ 10. But UAC has not even taken the necessary step of moving the Court to issue letters rogatory, which a casual visit to the State Department's website would have revealed to be a key requirement.[1]

UAC fails to show it has pursued service "in a diligent fashion," and it fails to show that it faces such serious obstacles that an *indefinite* timeline for service is required. If the Court decides to grant *any* extension beyond the deadline imposed by the January 18, 2019 Order, there is no good cause to enlarge the time for service of foreign defendants by any more than 60 days.

---

[1] *See* U.S. Dep't of State, *Service of Process*, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (last updated Nov. 7, 2018) ("Letters rogatory are *requests from a court in the United States to a court in a foreign country seeking international judicial assistance*. They are often employed to obtain evidence abroad, but may also be utilized in effecting service of process, particularly in those countries that prohibit other methods of service.") (emphasis added).

    2.    <u>Jason Cox</u>

UAC's efforts to serve Mr. Cox are equally underwhelming. The Declaration of Reasonable Diligence accompanying UAC's motion indicates that UAC last attempted to serve Mr. Cox on December 14, 2018. Motion Ex. A at 1. On December 17, 2018, UAC's process server canceled the attempted service and returned the summons to UAC. *Id.* UAC does not identify *any* steps since that time to serve Mr. Cox, even after the Court issued its Order and put UAC on notice that Mr. Cox would be dismissed from the case without prejudice if he still was not served by March 6, 2019. It is unclear (i) what steps UAC now intends to take to effect service on Mr. Cox, (ii) why it could not have taken these steps after the Court issued its Order, and (iii) why it needs 120 additional days to take these steps. UAC has failed to carry its burden to establish good cause for an enlargement of the service period provided for under Rule 4(m). If the Court decides to grant any extension to the Plaintiff, there is no good cause to grant an extension any longer than 30 days.

## **Conclusion**

Ninety days have elapsed since the filing of the Complaint, and forty-seven days since the Court's Order that all unserved defendants be dismissed on March 6. UAC should have used this time to diligently pursue service, but UAC's Motion offers no detail on its effort to serve foreign defendants and no information at all on its effort to serve Mr. Cox since mid-December. Worse, beyond its self-serving admonitions that effecting service on foreign parties may take years to complete and its vague assurances that it has hired a third-party vendor to provide assistance, UAC fails to provide any detail on its plan to effect service on the unserved parties to this case. This weak showing does not justify granting UAC an indefinite timeline for serving foreign defendants or a lengthy 120-day extension to serve Mr. Cox. UAC's Motion should be denied and the

unserved defendants should be dismissed without prejudice from this case, but if the Court does decide to enlarge time for service of process, the extension should be for no more than 60 days for the foreign defendants and no more than 30 days for Mr. Cox.

Dated:  March 7, 2019

Respectfully submitted,

/s/ *Melissa Pallett-Vasquez*_____
MELISSA C. PALLETT-VASQUEZ
Florida Bar No. 715816
Email: mpallett@bilzin.com
LORI P. LUSTRIN
Florida Bar No.  59228
Email: llustrin@bilzin.com
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Ave, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

and

IAN SIMMONS (*admitted pro hac vice*)
D.C. Bar No. 439645
Email: isimmons@omm.com
KATRINA ROBSON (*admitted pro hac vice*)
D.C. Bar No. 989341
Email: krobson@omm.com
SERGEI ZASLAVSKY (*admitted pro hac vice*)
D.C. Bar No. 1010425
Email: szaslavsky@omm.com
ZHAO LIU (*admitted pro hac vice*)
D.C. Bar No. 1022940
Email: zliu@omm.com
BRIAN P. QUINN (*admitted pro hac vice*)
D.C. Bar No. 1048323
Email: bquinn@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street N.W.
Washington, D.C. 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
*Attorneys for Defendant Shammah Chancellor*

*/s/ Christopher R.J. Pace*
CHRISTOPHER R.J. PACE
Florida Bar No. 721166
Email: crjpace@jonesday.com
MARC A. WEINROTH
Florida Bar No. 42873
Email: mweinroth@jonesday.com
**JONES DAY**
600 Brickell Avenue
Suite 3300
Miami, Florida 33131
Tel: (305) 714-9700
Fax: (305) 714-9799

JULIE M. MCEVOY (*pro hac vice*)
Email: jmcevoy@jonesday.com
**JONES DAY**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

MARK W. RASMUSSEN (*pro hac vice*)
Email: mrasmussen@jonesday.com
THOMAS D. YORK (*pro hac vice*)
Email: tdyork@jonesday.com
**JONES DAY**
2727 N. Harwood Street
Suite 500
Dallas, TX 75201
Tel: (214) 220-3939
Fax: (214) 969-5100
*Attorneys for Defendant Bitmain Inc.*

*/s/ Andrew C. Lourie*
ANDREW C. LOURIE
Florida Bar No. 87772
Email: Andrew.Lourie@kobrekim.com
**KOBRE & KIM LLP**
201 South Biscayne Boulevard, Suite 1900
Miami, Florida 33131
Tel: (202) 664-1907
Fax: (305) 967-6120

and

BRIAN E. KLEIN (*pro hac vice*)
bklein@bakermarquart.com
DONALD R. PEPPERMAN (*pro hac vice*)
dpepperman@bakermarquart.com
**BAKER MARQUART LLP**
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
Tel: (424) 652-7800
Fax: (424) 652-7850
*Attorneys for Defendants Payward Ventures, Inc. and Jesse Powell*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Melissa Pallett-Vasquez*
Melissa Pallett-Vasquez