UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-25106-WILLIAMS/MCALILEY

UNITED AMERICAN CORP.,

        Plaintiff,

v.

BITMAIN, INC., *et al*,

        Defendants.
_____/

**ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME TO SERVE DEFENDANT JASON COX AND SETTING STATUS CONFERENCE**

Plaintiff United American Corp. ("UAC") has moved the Court for an enlargement of time to serve Defendant Jason Cox and provided a status report as to certain foreign defendants who Plaintiff has not yet served. (ECF No. 47). Defendants Shammah Chancellor, Bitmain Inc., Payward Ventures, Inc., and Jesse Powell have filed an Opposition. (ECF No. 48). The Honorable Kathleen M. Williams referred this matter to me. (ECF No. 46).

The Court stated in its January 18, 2019 Order that "[a]ny defendant not served within the time frame provided under Rule 4(m) of the Federal Rules of Civil Procedure . . . will be dismissed from this case without prejudice." (ECF No. 37). Rule 4(m) addresses the time limit for a defendant to be served and states the following:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the

>failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

As noted by UAC in its Motion, neither the Court's January 18, 2019 Order nor Rule 4(m) itself provide a deadline for service of the foreign defendants in this action. (ECF No. 47 at ¶ 7).

Plaintiff filed the Complaint on December 6, 2018. (ECF No. 1). Pursuant to Rule 4(m), Plaintiff was presumptively required to serve all domestic defendants on or before March 6, 2019. As of March 6, 2019, the only domestic defendant who Plaintiff had not served was Jason Cox.

Plaintiff timely filed its Motion for Enlargement of Time to Serve Defendant Jason Cox on March 6, 2019, in which it argues that good cause exists for an extension of time to serve Mr. Cox. (ECF No. 47). If a plaintiff demonstrates good cause for its failure to comply with Rule 4(m)'s deadline for service, the court must extend the time for service. Fed. R. Civ. P. 4(m). In fact, even in the absence of good cause, a district court may exercise its discretion to extend the time for service of process. *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129,1132-33 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause").

As of the filing of Plaintiff's Motion, it had made six unsuccessful attempts to serve Mr. Cox, which Plaintiff documented in a Declaration of Reasonable Diligence that it filed with its Motion. (ECF No. 47-1). Later, on March 26, 2019, Plaintiff filed an Affidavit of Service that documents that Plaintiff served Jason Cox on March 20, 2019. (ECF No. 55).

2

Notably, Plaintiff was able to serve Mr. Cox at the same address at which the Plaintiff had made six, prior unsuccessful attempts at service. On this record, the Court finds that an enlargement of time to effect service on Mr. Cox is warranted.

Accordingly, Plaintiff's Motion for Enlargement of Time to Serve Defendant Jason Cox, (ECF No. 47), is **GRANTED,** *nunc pro tunc*. Plaintiff's service of Mr. Cox on March 20, 2019 is deemed timely.

As regards the unserved foreign defendants, the Court agrees that Plaintiffs should be permitted an additional period of time to effect service, however, it cannot be without limit. Therefore, the Court hereby **SCHEDULES a telephonic status conference on April 8, 2019, at 3:00 p.m. Counsel should use the following dial-in information: Telephone number: 1-888-684-8852, Access code: 9675400 and Security code: 5890.** At the status conference, Plaintiff shall inform the Court about its efforts at service to date, and the steps it expects to take to attempt service, and the Court will solicit counsel's views regarding a reasonable deadline for Plaintiff to serve the foreign defendants.

DONE AND ORDERED in chambers at Miami, Florida this 4th day of April, 2019.

_____
CHRIS M. MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Kathleen M. Williams
Counsel of Record