```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                           MIAMI DIVISION
                     CASE NO. 18-cv-25106-KMW


    UNITED AMERICAN CORP,

               Plaintiff,

         vs.
                                          Miami, Florida
                                          July 22, 2019
    BITMAIN, INC., et al.,                Pages 1-13

               Defendants.
    _____


          TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
       AND TEMPORARILY TERMINATING MOTIONS TO DISMISS
            BEFORE THE HONORABLE CHRIS M. McALILEY
                UNITED STATES MAGISTRATE JUDGE


    APPEARANCES:

    FOR THE PLAINTIFF:
                    Akerman, LLP
                    BY:  BRIAN P. MILLER, ESQ.
                    Three Brickell City Centre
                    98 Southwest Seventh Street
                    Miami, Florida 33131

    FOR DEFENDANTS COX AND CHANCELLOR:
                    O'Melveny & Myers, LLP
                    BY:  IAN SIMMONS, ESQ.
                    1625 Eye Street, NW
                    Washington, DC 20006

                    Bilzin Sumberg
                    BY:  MELISSA CADE PALLETT-VASQUEZ, ESQ.
                    1450 Brickell Avenue
                    Suite 2300
                    Miami, Florida 33131
```

PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING
TRANSCRIPT PRODUCED BY MANUAL STENOGRAPHY
AND COMPUTER-AIDED TRANSCRIPTION

```
FOR DEFENDANT BITMAIN, INC.:
                    Jones Day
                    BY:  CHRISTOPHER R.J. PACE, ESQ.
                    600 Brickell Avenue
                    Suite 3300
                    Miami, Florida 33131

                    Jones Day
                    BY:  MARK J. RASMUSSEN, ESQ.
                    2727 North Harwood Street
                    Suite 500
                    Dallas, Texas 75201

FOR DEFENDANTS PAYWARD VENTURES, INC.
AND JESSIE POWELL:
                    Baker Marquart
                    BY:  DONALD PEPPERMAN, ESQ.
                    777 South Figueroa Street
                    Suite 2850
                    Los Angeles, California 90017

                    Kobre & Kim, LLP
                    BY:  ANDREW C. LOURIE, ESQ.
                    800 Third Avenue
                    6th Floor
                    New York, New York 10022

TRANSCRIBED BY:     DAWN M. SAVINO, RPR
                    Official Court Stenographer
                    400 N. Miami Avenue, 10S03
                    Miami, Florida  33128
                    Telephone:  305-523-5598
```

P-R-O-C-E-E-D-I-N-G-S

COURTROOM DEPUTY: United States District Court is now in session, the Honorable Chris McAliley presiding.

THE COURT: All right. This is United American Corp versus Bitmain, Inc. *et al*.

Counsel for Plaintiff, go ahead and state your appearance.

MR. MILLER: Good afternoon, it's Brian Miller from

1   Akerman, LLP on behalf of the Plaintiff, United American Corp.
2           THE COURT: Okay. It would be easier for me to call
3   out the names of the Defendants, but I'm not quite sure. So
4   Defendants if you can, one at a time, tell us your name and who
5   you represent. Defense counsel.
6           MR. SIMMONS: Good afternoon, Your Honor. Ian Simmons
7   from O'Melveny and Myers for Defendants Cox and Chancellor.
8           THE COURT: Cox and Chancellor. I'm just writing this
9   down. Okay. Thank you.
10          And who's next?
11          MS. PALLETT-VASQUEZ: And Your Honor, this is Melissa
12  Pallett-Vazquez, I'm also on the line and I'm local counsel for
13  Mr. Simmons representing those same Defendants.
14          THE COURT: I couldn't get your last name. I'm sorry.
15  Would you spell it please?
16          MS. PALLETT-VASQUEZ: Sure. Pallett, P as in Peter,
17  A-L-L-E-T-T.
18          THE COURT: All right. And who else do we have?
19          MR. PACE: Good afternoon, Your Honor. This is Chris
20  Pace on behalf of Bitmain, Inc.
21          THE COURT: Hayes did you say?
22          MR. PACE: Pace. Yes.
23          THE COURT: Oh, boy. It's so funny, this is just a
24  little muffled. Could you spell your name please?
25          MR. PACE: I sure can. I apologize. Is that any

```
1    better right now?
2            THE COURT:  It is better.
3            MR. PACE:  Okay.  I apologize for that.  It's Chris
4    Pace, P-A-C-E, of Jones Day, and I'm appearing on behalf of
5    Bitmain, Inc.
6            THE COURT:  Okay.  That's much clearer.  Thank you so
7    much.
8            Who else?
9            MR. RASMUSSEN:  Mark Rasmussen of Jones Day also on
10   behalf of Bitmain, Inc.
11           THE COURT:  Okay.  Anyone else?
12           MR. PEPPERMAN:  Yes, Your Honor, Donald Pepperman with
13   Baker Marquart on behalf of Defendants Jessie Powell and the
14   Kraken Exchange.
15           THE COURT:  Jessie Powell and the Kraken Exchange; is
16   that right?
17           MR. PEPPERMAN:  Yes.
18           THE COURT:  Okay.
19           MR. PEPPERMAN:  K-R-A-K-E-N, yes.
20           THE COURT:  And your name is Pepperman?
21           MR. PEPPERMAN:  Right.
22           THE COURT:  Yay, I heard you correctly.
23           Who else?
24           MR. LOURIE:  Andrew Lourie from Kobre and Kim on behalf
25   of the same Defendants as Mr. Pepperman.  Last name spelled
```

1      L-O-U-R-I-E.
2              THE COURT: Very good. Anyone else? Okay. I think
3      not.
4              All right. This is going to be very brief. I just
5      have a few minutes. I wanted -- I'm going to do a couple
6      things, and I didn't want you to read my order and read more
7      into it than there is.
8              Just to recap, obviously we've talked before about the
9      Plaintiff's ongoing efforts to serve the six foreign defendants,
10     and I have the Plaintiff's June 10th progress report, a status
11     report, and I know there's another one coming up in August. And
12     when we talked back in April, I established a six month deadline
13     which should be October 8th for Plaintiff to effect service.
14             Now, I'm very aware that the domestic Defendants have
15     filed motions to dismiss, and as we discussed back at the time,
16     something that Plaintiff brought up, that if those motions to
17     dismiss would result in a ruling that required a re-pleading of
18     the complaint, that this would re-start the service of process
19     because it would require Plaintiff to serve a new complaint. Am
20     I right, Mr. Miller, that that is still the case?
21             MR. MILLER: Yes, Your Honor. That's correct.
22             THE COURT: Right.
23             MR. MILLER: There was not ruling on the motion yet, as
24     Your Honor probably knows.
25             THE COURT: I definitely know that. So because that

means I would have to do it and I haven't done it.  And, you know, I let some time go by thinking perhaps service could happen miraculously quickly, but really no surprise that hasn't happened.  I appreciate that service on these foreign defendants is a time-consuming and difficult, you know, process.  And it just makes no sense for me to issue a ruling -- frankly looking at the complexity of your complaint, I, from just the very top of the trees, I'm not forecasting a ruling, but it wouldn't surprise me if there might be an order giving you leave to amend.  And I don't want to do that and have us lose ground, any ground that you may be gaining on accomplishing service.  So that is one reason why I'm not moving forward on those motions to dismiss right now.

And the other reason, frankly, is just the inefficiency of this because it's a good guess, given the complexity of the lawsuit, that any foreign defendants who are served may challenge that complaint where they're on motions to dismiss, and to do this in a second round is not a good use of judicial resources as we like to say.

So I'm going to issue an order terminating the motions to dismiss on purely, you know, procedural grounds that I've just given to you.  I'm not going to perhaps explain it quite as much, we'll see, but I didn't want you to start reading all sorts of tea leaves when you see this and read more into it than there is.  And what I would do is, I will, you know, do this

```
1    with leave for the Defendants to re-file their motions to
2    dismiss either upon completion of service on the foreign
3    defendants or the October 8th deadline or further order of
4    court.  I'll add that in for the obvious, and that sometimes
5    there are surprises, there could be something else that comes up
6    and I never foreclose that.  So I understand those motions to
7    dismiss will be back before me before too long, but this kind of
8    is an honest reflection of the reasons -- of the fact that I'm
9    not turning to them now for the reasons that I've stated.
10         Also I have before me the Plaintiff's motion for
11   issuance of a letters rogatory, it's filed at Docket Entry 74,
12   and it concerns the Defendant Saint Bitts, LLC which is a Saint
13   Kitts and Nevis Limited Liability Company.  And I realize this
14   does not bear on the current Defendants but, you know, I guess
15   I'm doing a couple of things here, a few technical things.
16   First, I see that Plaintiff, I think you followed the DOJ sample
17   for this, and so it seems pretty uncontroversial to me.  I did
18   notice that you have Judge Williams' name on it where she's
19   referred all pretrial to me, and that made me stop for a moment
20   thinking did you somehow think that that's a dispositive matter
21   that a magistrate judge can't issue.  I don't think that's the
22   case.  This is really about service and it's not dispositive.  I
23   don't see any reason why I can't just sign that, and so in which
24   case I'd like the Plaintiff to e-mail to my chambers a Word
25   version that would just make it faster and easier for me to make
```

1  that modification on the order.  And I would ask as soon as I do
2  that, I'd have my clerk call Plaintiff's counsel and you arrange
3  to pick up the original that has the, you know, clerk's seal on
4  it, which I assume you're going to want. So I just want to put
5  that out there and check in to make sure there were no
6  objections to my going forward in that manner with resolving the
7  pending motion for issuance of a letter rogatory.
8           First Mr. Miller, I'll turn to you.  How does that
9  sound?
10          MR. MILLER:  Thank you, Your Honor.  That's fine with
11 us.  Would you like us to revise the Word document first and put
12 your name on for signature rather than Judge Williams before we
13 e-mail it over to chambers?
14          THE COURT:  You're welcome to do that or, you know, I
15 could certainly do that in a jiffy.  I do it all the time.  So
16 either way.  But that is the one change that makes sense.
17          And any other comments on that matter, Mr. Miller?
18          MR. MILLER:  Nothing from me, Your Honor.  Thank you.
19          THE COURT:  Okay.  And I'll just call -- go through
20 defense counsel.
21          Mr. Simmons, anything -- any concerns that -- other
22 than I'm sure you'd like your motion to dismiss ruled on, I
23 would too.  But beyond the obvious, you know, desire to get that
24 resolved, is there any objection you have that I need to --
25 something I should be thinking about that I'm not -- about what

1  I've just said?

2  MR. SIMMONS: Well Your Honor, thank you for the
3  opportunity to address your inclination. You can consider this
4  an objection, but I think I'm -- you know, I can read tea leaves
5  enough to -- I think I know where you'll land.

6  You know, I would just respectfully offer, you know, a
7  slight push-back to your position. I think it's important that
8  the motion be heard. No other Defendants -- you can add a
9  Christmas tree to this complaint, it's not going to change the
10 legal theories behind the motion. And I don't -- you know, with
11 all due respect, I don't believe the motion is complicated. I'm
12 very troubled, Your Honor, if you go through the chronology, the
13 efforts that opposing counsel, whether by accident or by design,
14 have taken to add Defendants. They said on the June 10th report
15 that within a week of that report, they would seek letters
16 rogatory. They didn't. The Court entered an order on July 12th
17 setting this conference. On that same day, more than a month,
18 they sought the letters rogatory.

19 Your Honor, I represent Defendants for whom litigation
20 is not a game, it's a cloud. There is a cloud hanging over
21 their heads. We see these Plaintiffs doing the bare minimum to
22 breathe life into a complaint that is without merit. The
23 reasons it's without merit, we believe, are straightforward and
24 simple.

25 We would ask the Court to dismiss the foreign

1  defendants who are proceeding with all alacrity on the
2  underlying merits.  I think that's what judicial -- the Court
3  will have to deal with it sooner or later.
4         THE COURT:  I understand that.
5         MR. SIMMONS:  The theories we move on, Your Honor, will
6  not change with more defendants.  So respectfully, I have to
7  advocate for our client.  When we go back and report this to
8  them, Your Honor, they will not be pleased.  They will see us as
9  all, you know -- it comes close to gamesmanship, Your Honor,
10 that at the 11th hour we see the barest action taken by opposing
11 counsel to keep a case alive which should not be alive, and I
12 would respectfully ask you to consider this position.
13        THE COURT:  And I appreciate your position.  I
14 understand it and I'm sure I have no doubt that it's genuine.
15 And if in fact the Plaintiffs are frittering away an
16 opportunity, then that record is being made.  I'm not going to
17 hear argument on it today.  I have another hearing in a few
18 minutes and I'm just not in a position to dig into that.  So
19 while I'm sure Mr. Miller wants to rise up and defend his
20 efforts at service, I'm not going to hear it now.  I cannot do
21 it.  And I'm not unsympathetic to the frustration of the
22 Defendants who've moved to dismiss; I am in fact very
23 sympathetic, but the reality is with other matters that are
24 pending before me, I can't justify devoting the time to these
25 matters right now given the kind of half-baked status that we're

1   in from my perspective.  And I'm certainly not going to do
2   anything that is going to justify, you know, an extension of the
3   period that's been allowed for service on foreign defendants and
4   if I allow a dismissal with leave to re-plead, then I will be
5   contributing to that and I do not want to do that.  So for
6   better or worse, that's what I'm going to do.
7           So Mr. Pace, other than perhaps joining in the
8   arguments Mr. Simmons has already made, is there anything new or
9   different that you would want to raise?
10          MR. PACE:  No, Your Honor.
11          THE COURT:  I appreciate that.  Mr. Pepperman?
12          MR. PEPPERMAN:  Yes, Your Honor.  I concur with
13  Mr. Simmons views 100%, but I do have a request for
14  clarification.
15          THE COURT:  Sure.
16          MR. PEPPERMAN:  When we re-file the motions, would it
17  be the same motion and then the opposition would be deemed
18  re-filed?  Or are we going to start over and have to write new
19  briefs.
20          THE COURT:  You don't have to write a new brief.  You
21  don't have to write a new brief.
22          MR. PEPPERMAN:  Okay.
23          THE COURT:  Listen, if you -- you have a choice,
24  because I don't want this to cost you more in legal fees.  You
25  are completely welcome, and I assume that you're going to

```
1    re-file the motion to dismiss you've already drafted.
2              MR. PEPPERMAN:  Yes, Your Honor, that's the plan.  But
3    we would prefer to have the Plaintiffs locked in to their
4    existing opposition as well so we don't have to change our reply
5    briefs.
6              THE COURT:  That makes sense.  This is all brought
7    about by the Plaintiff's extended period of time for service on
8    the foreign defendants.  And I don't know why the briefing would
9    have to change.  Now, if the defendants came forward and said oh
10   my gosh, something has happened in between, I can't imagine what
11   it would be, and we want to add a new argument, then, you know,
12   you could raise that with me and we would have a discussion.
13   But it doesn't sound like that's what you expect.  Did I
14   clarify?
15             MR. PEPPERMAN:  No, Your Honor.  If it's more of a stay
16   than it is re-filing things, just staying the existing --
17             THE COURT:  Right.  Right.  And I'll make that clear
18   procedurally in my order.  So yes, I'm not intending to start
19   from scratch.  That's not my intention at all.  It's simply to
20   kind of put this in a holding pattern until we get to full
21   service or October 8th.  Which, in the world of what we do,
22   seems to me to be right around the corner.  Okay.  So thank you
23   Mr. Pepperman.
24             Mr. Lourie, anything different that you would want to
25   add to this kind of brief discussion?
```

1    MR. LOURIE: No, Your Honor. Thank you.

2    THE COURT: All right. Thank you all so much. Okay.

3 So I will get out an order and we will look, Mr. Miller, for

4 your Word document, hopefully by the end of the day, and we can

5 arrange tomorrow if you would like for you to pick up the -- you

6 know, an original of my order on the letters rogatory. All

7 right?

8    GOVERNMENT 1: Thank you, Your Honor. It's Mr. Miller.

9 We'll arrange that.

10    THE COURT: All right. Thank you all. We're

11 adjourned.

12    (PROCEEDINGS CONCLUDED)
                * * * * *

13
          **C E R T I F I C A T E**
14 I certify that the foregoing is a correct transcript from the
   digital audio recording of proceedings in the above-entitled
15 matter.

16
   7/26/2019              /s/ Dawn M. Savino
17 Date                   DAWN M. SAVINO, RPR