UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-CV-25106-WILLIAMS/MCALILEY

UNITED AMERICAN CORP.,

        Plaintiff,

v.

BITMAIN INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES,
INC. d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

        Defendants.

_____/

## DEFENDANTS' JOINT RESPONSE TO UNITED AMERICAN CORP.'S AUGUST 9, 2019 STATUS REPORT REGARDING SERVICE OF PROCESS

Defendants Bitmain Inc., Shammah Chancellor, Jason Cox, Payward Ventures, Inc., and Jesse Powell (collectively, "Defendants") respectfully submit this Response to the August 9, 2019 Status Report Regarding Service of Process ("Second Status Report") filed by Plaintiff United American Corp. ("UAC") [ECF No. 81].

UAC's Second Status Report demonstrates that UAC has failed to promptly serve the other parties in this litigation (St. Bitts LLC, Roger Ver, Bitmain Technologies Ltd., Bitmain Technologies Holding Company, Jihan Wu and Amaury Sechet—collectively, the "Non-U.S. Defendants"). When UAC filed its Complaint on December 6, 2018—***over eight months ago***— it explicitly acknowledged that five of the twelve Defendants were foreign entities or residents. *See* Compl. [ECF No. 1] ¶¶ 8, 9, 10, 11, 15. UAC later acknowledged in its First Status Report

that an additional Defendant, Jihan Wu, is also not a U.S. resident and must be served in China. *See* UAC June 10, 2019 Status Report Regarding Service of Process ("First Status Report") [ECF No. 71] ¶ 7 n.1.  Yet UAC has not served *any* of these Non-U.S. Defendants.

At a recent status conference, the Court "terminated on purely procedural grounds" Defendants' motions to dismiss and ordered that the motions, the opposition and the reply briefs be re-filed "as is" no later than October 18, 2019.  July 23, 2019 Order Following Telephonic Status Conference and Temporarily Terminating Motions to Dismiss [ECF No. 78] at 1-2 ("**No later than ten days after** either completion of service on all remaining foreign defendants, or the October 8, 2019, deadline to complete this service, Defendants may file a notice of their renewal of their motions to dismiss, and those motions shall be deemed refiled at that time, along with all responsive memoranda of law" (emphasis in original)).  Defendants opposed the procedural termination because it would delay a ruling on their motions.  UAC now seeks to delay those motions even further by suggesting in its Second Status Report that it will need more time, beyond the six months provided by the Court's April 9, 2019 Order, to complete service.  *See* Second Status Report ¶ 9 ("At this time, UAC believes the present deadline . . . may not afford UAC sufficient time . . . to effectuate service . . . .").  The Court should reject this overture.

*First*, UAC has had more than enough time to serve the Non-U.S. Defendants.  UAC first filed its Complaint over eight months ago and, by the October 8, 2019 deadline, will have had **over ten months** to complete service.  This is after the Court previously ordered, *sua sponte*, UAC to serve all defendants by March 6, 2019, *see* Paperless Order Regarding Service [ECF No. 37], and later extended this deadline to October 8, 2019 in its April 9, 2019 Order [ECF No. 59]. The table below identifies the key dates and events relating to service of process in this litigation.

| DATE | EVENT |
|---|---|
| December 6, 2018 | UAC files its Complaint [ECF No. 1]. |
| January 18, 2019 | The Court issues an order *sua sponte* requiring UAC to serve all unserved defendants by March 6, 2019 [ECF No. 37]. |
| March 6, 2019 | UAC moves for an extension of time in which to serve Jason Cox and provides a "status report" on its efforts to serve the Non-U.S. Defendants [ECF No. 47]. |
| April 4, 2019 | The Court grants UAC's motion for an extension as to Cox, and sets a telephonic status conference to discuss the time in which UAC must serve the Non-U.S. Defendants [ECF No. 57]. |
| April 8, 2019 | First telephonic status conference with Magistrate Judge McAliley [ECF No. 58]. |
| April 10, 2019 | Magistrate Judge McAliley issues order provisionally allowing UAC six months to effect service on the Non-U.S. Defendants, requiring UAC to file status reports on June 10, 2019 and August 9, 2019.  Magistrate Judge McAliley expressly notes that she would consider *accelerating* the deadline [ECF No. 59]. |
| June 10, 2019 | UAC files first status report.  It purports to have completed forms USM-94 for each Non-U.S. Defendant that resides in a country that participates in the Hague Convention.  UAC says that it expects to file a motion for the issuance of letters rogatory within a week to effect service on Saint Bitts LLC [ECF No. 71]. |

| DATE | EVENT |
|---|---|
| July 12, 2019 | Magistrate Judge McAliley issues order setting telephonic status conference [ECF No. 72]. |
| July 12, 2019 | After Magistrate Judge McAliley issues order setting telephonic status conference, UAC moves for the issuance of letters rogatory to attempt service on Saint Bitts LLC, a month after it indicated it would move. The motion was three pages long [ECF No. 74]. |
| August 9, 2019 | UAC files its second status report [ECF No. 81]. Still no Non-U.S. Defendant has been served. |

*Second*, UAC's First and Second Status Reports are intentionally vague as to the steps it has taken thus far, indicating that UAC has not been diligent in effectuating service. Critically, UAC does not identify any dates on which it took specified actions—*e.g.*, when it delivered the USM-94 Request for Service Abroad of Judicial or Extrajudicial Documents ("USM-94") packets to the relevant authorities in China, Grand Cayman, and Japan, or when it first requested translations of these materials. Defendants believe that UAC has not provided these details because the details demonstrate that UAC has not been diligent in effecting service as required by the Court's Order.

Indeed, the only *facts* before the Court today—relating to UAC's attempts to effect service on Defendant Saint Bitts LLC—demonstrate UAC has not been diligent. UAC alleged in its Complaint that Saint Bitts LLC "is a limited liability company organized and existing under the laws of Saint Kitts and Nevis with its principal place of business in Tokyo, Japan." Compl. ¶ 8. Yet UAC did not file its Motion for Issuance of Letters Rogatory for Saint Bitts

4

LLC until July 12, 2019, *seven months* after its Complaint and *three months* after this Court's April 9, 2019 Order.  UAC offers no excuse whatsoever for this considerable delay.

*Third*, UAC's delay in serving the Non-U.S. Defendants is delaying adjudication of Defendants' motions to dismiss, which Defendants are confident will result in the dismissal of UAC's ill-advised complaint.  It is fundamentally unfair that Defendants have been required to live under the shadow of UAC's meritless complaint simply because UAC has unreasonably delayed serving the Non-U.S. Defendants.  Indeed, the flaws in UAC's complaint identified in Defendants' motions are fatal not just as to the moving Defendants, but as to the Non-U.S. Defendants as well.  UAC's dilatory service tactics should no longer be allowed to delay Defendants from being able to obtain a dismissal of UAC's complaint.

Date: August 27, 2019

*/s/ Christopher R.J. Pace*
Christopher R.J. Pace
Florida Bar No. 721166
Email:   crjpace@jonesday.com
Marc A. Weinroth
Florida Bar No. 42873
Email:   mweinroth@jonesday.com
**JONES DAY**
600 Brickell Avenue
Suite 3300
Miami, Florida  33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799

Julie M. McEvoy (pro hac vice)
Email:  jmcevoy@jonesday.com
**JONES DAY**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Mark W. Rasmussen (pro hac vice)
Email:  mrasmussen@jonesday.com
Thomas D. York (pro hac vice)
Email:  tdyork@jonesday.com
**JONES DAY**
2727 N. Harwood Street
Suite 500
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

*Attorneys for Defendant Bitmain Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 27, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record for the parties.

*/s/ Christopher R.J. Pace*
Christopher R.J. Pace
