UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25106-KMW

UNITED AMERICAN CORP.,

        Plaintiff,

v.

BITMAIN, INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

        Defendants.
_____/

**PLAINTIFF'S MOTION FOR 90-DAY EXTENSION OF TIME TO SERVE CERTAIN FOREIGN DEFENDANTS AND STATUS REPORT REGARDING SERVICE**

Pursuant to Federal Rule of Civil Procedure 4(f) and the Court's Order Following April 8, 2019 Status Conference (the "Order") [ECF No. 59], Plaintiff United American Corp. ("UAC") files this motion for a 90-day extension of time to serve certain foreign defendants and third status report regarding its ongoing efforts to effect service of process on those foreign defendants.

**Background Facts and Status of Service of Process**

1.    On December 6, 2018, UAC filed this action against eleven defendants. [ECF No. 1]. Six defendants required service outside of the United States via either the Hague Convention or the issuance of a letter rogatory.[1]

---

[1] The foreign defendants are: Bitmain Technologies Holding Company, Bitmain Technologies Ltd., Jihan Wu, Amaury Sechet, Roger Ver, and Saint Bitts LLC d/b/a Bitcoin.com. Initially, in December 2018, UAC unsuccessfully attempted service of process on Defendants Roger Ver and

2. In March, UAC timely moved for an extension of time to serve the foreign defendants [ECF No. 47], which the Court granted [ECF No. 59]. The Court set a deadline of October 8, 2019 to effect service on the foreign defendants.

3. During this extended period of time, UAC has endeavored to serve the foreign defendants through the necessary procedures under both the Hague Convention and, with respect to Defendant Saint Bitts, LLC, through the letters rogatory process.

4. On September 18, 2019, UAC learned that Bitmain Technologies Holding Company had been served with process in Grand Cayman three months earlier. *See* Return of Service on Foreign Defendant [ECF No. 91].

5. On October 4, 2019, after the undersigned counsel attempted to confer with all counsel of record regarding this motion, UAC learned from the filing of a Notice of Appearance [ECF No. 93] that Defendant Roger Ver was previously served in Japan through the Hague Convention. UAC has not received the return of service for Defendant Ver, and counsel for Defendant Ver has not informed the undersigned counsel as to the date of service.

6. With respect to Bitmain Technologies Ltd., Jihan Wu, and Amaury Sechet, the Complaint and Summonses were translated, and the USM-94 Request for Service Abroad of Judicial or Extrajudicial Documents (the "USM-94")—the application form accompanying American judicial process that is recognized by the central authorities of many of the foreign countries who are signatories to the Hague Service Convention—have been received by the central authorities for China and France. It is incumbent upon the central authorities to then send the

---

Jihan Wu in the United States, but it later came to understand that those two individuals reside in Japan and China, respectively.

American judicial process to the appropriate court in the jurisdiction for review by a judicial official authorized to approve the request and initiate process.

7. UAC has been in frequent communication with its international process server, Judicial Process & Support Inc., in an attempt to receive an update from the central authorities with respect to the status of service. Based on experience, the international process server has advised that, for Hague signatory nations, a delay of between 1 to 3 months is not unusual between the time of service and the time that the requesting party receives notification of such service.

8. On September 30, 2019, Judicial Process & Support Inc. sent an inquiry to the central authorities of Japan and France in an effort to obtain an update, but as of the filing of this motion and status report no response has been received. Judicial Process & Support Inc. has advised that China is celebrating a national holiday and therefore attempts to communicate with its central authority cannot be made until October 8, 2019. Judicial Process & Support Inc. has also advised that the process for obtaining service in China may take longer than it typically does in France, though it is not possible to accurately predict just how long it will take.

9. Until these central authorities respond to the inquiries, or notification travels through the appropriate channels and makes its way back to UAC, or counsel for a served foreign defendant contacts the undersigned attorney, UAC is unable to ascertain whether the foreign defendants have already been served or not.

10. In fact, this appears to be the case for defendant Roger Ver. As stated, UAC has not received back any return of service or other update regarding his service. It did not learn of Mr. Ver's service until one of the existing Defendants' counsel suddenly entered an appearance for him on October 4, 2019 [ECF No. 93]. It is unclear to UAC when Mr. Ver was served or whether he was already in default before October 4th. And it may be that other foreign defendants are similarly

lying in wait rather than appearing in this case, apparently hoping this Court would dismiss them before UAC even knows they have been served.

11. With respect to Saint Bitts LLC, UAC filed a Motion for Issuance of Letters Rogatory [ECF No. 74], the Court granted the request [ECF No. 77], and the Clerk of Court transmitted the exemplified and certified copies of same on August 6, 2019. The appropriate paperwork and payment has been sent to the United States State Department for issuance of a certificate and apostille. UAC received back from the State Department the required certificate, but not the apostille. UAC is awaiting the State Department's correction of this issue by including the apostille. After that is done, the package of documents and an additional payment of more than $2,000 needs to be sent to the appropriate embassy so that it may be transmitted through diplomatic channels to the government of Saint Kitts and Nevis, who will, in turn, direct the communication to the appropriate court. The same diplomatic channels are then used to communicate back to UAC once service is effected. This process is the most cumbersome and it is unpredictable how long it will take, but has been known to take up to one year in some cases.

12. Despite UAC's efforts to navigate the cumbersome and costly international service of process procedures, UAC has been unable to meet the Court's October 8, 2019 deadline to effect service upon each of the remaining foreign defendants (or to confirm service if there has been a delay in the notification, as occurred in the case of Bitmain Technologies Holding Company and Mr. Ver). UAC and Judicial Process & Support Inc. are closely monitoring the process in each of the four foreign jurisdictions, and will take any reasonable available steps to encourage the foreign jurisdictions to advance the process along. However, the process server has advised us that it cannot take any additional measures at this time to expedite the process.

13. Pursuant to Court Order, no other discovery has commenced, and the previously-filed motions to dismiss have been temporarily terminated. *See* ECF Nos. 59, 78. The termination of the motions to dismiss on July 23, 2019 eliminated the risk that UAC would be required to serve the foreign defendants twice if the Court granted the motion, but permitted leave to amend.

14. UAC respectfully requests an additional 90 days to secure service over the remaining four foreign defendants.

### Argument in Support of Motion for Extension of Time to Serve Remaining Foreign Defendants

Rule 4(m) governs the time limit for service on a defendant, but expressly "does not apply to service in a foreign country under Rule 4(f)." Fed. R. Civ. P. 4(m). "This rule seems to recognize that the timeliness of foreign service is often out of the plaintiff's control." *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005).

Rule 4(f) governs the manner in which a foreign defendant may be served with process. If the defendant resides in a country that is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), then the procedures thereunder must be used. Fed. R. Civ. P. 4(f)(1); *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 705 (1988) ("compliance with the Convention is mandatory in all cases to which it applies."). Otherwise, another "method that is reasonably calculated to give notice," such as a method directed by the foreign authority in response to a letter rogatory, may be utilized. Fed. R. Civ. P. 4(f)(2)(B).

To be sure, "[t]he exemption [from the time limit set forth in Rule 4(m)] cannot mean that a plaintiff has an unlimited time in which to serve a defendant overseas . . . ." *Maale v. Caico Beach Club Charter, Ltd.*, 08-80131, 2008 WL 11333730, at *4 (S.D. Fla. Sept. 9, 2008). The Eleventh Circuit has adopted a "flexible due diligence" standard for determining the timeliness of

foreign service. *See Harris v. Orange S.A.*, 636 Fed. Appx. 476, 485 (11th Cir. 2015) (affirming dismissal of complaint as to foreign defendants where plaintiff had "made no effort to serve the foreign defendants").

Where, as here, a plaintiff has made considerable effort to utilize appropriate procedures in a foreign country to effect service, courts will frequently permit extensions of time to allow for the service to be completed. *See, e.g., Liva v. Mendolia*, 9:13-cv-81047-KAM, 2014 WL 2118814 (S.D. Fla. May 21, 2014) (granting extension of time to serve foreign defendant where plaintiff initially attempted service in the United States, but then learned that defendant resided abroad); *Developmental Technologies, LLC v. Mitsui Chemicals, Inc.*, 8:18-cv-1582-T-27TGW, 2019 WL 1598808 (M.D. Fla. Apr. 15, 2019) (granting a four month extension of time to serve defendant in Japan under the Hague Convention); *Mimedx Group, Inc. v. Perring*, No. 3:18-cv-327-J-32PDB, 2018 WL 8582446, at *2 (M.D. Fla. June 4, 2018) (granting an extension of time to effect service abroad or to request additional time if service could not be accomplished within extended deadline).

In this case, UAC has worked diligently to obtain service on the remaining four foreign defendants. UAC investigated the addresses for serving the foreign defendants, translated the Complaint and Summonses into three different languages, and initiated service under both the Hague Convention and the letters rogatory process. UAC's efforts have been time consuming and at considerable expense. Based on the commonplace delay between obtaining service and receiving notification of that service, UAC cannot ascertain whether any of the three remaining "unserved" foreign defendants residing in Hague signatory nations have actually already been served or not. For all we know, they have already been served and are in default.

The 90-day additional extension of time is requested in good faith, and not for the purposes of delay. The previously served U.S.-based defendants will not be prejudiced by the extension because discovery has been held in abeyance pursuant to the Court's previous order [ECF No. 59] and the motions to dismiss have been temporarily terminated and may be renewed [ECF No. 78].

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues. The defendants have advised that they are opposed to the relief sought herein.

WHEREFORE, for the reasons stated above, UAC respectfully requests an additional 90 days to effect service on the foreign defendants that have yet to be served (or to confirm service and file proof of service for any defendants who have already been served, but notification of same has not reached UAC).

Dated: October 4, 2019

Respectfully submitted,

By: *s/ Brian P. Miller*
Brian P. Miller
Florida Bar No. 0980633
brian.miller@akerman.com
Lorayne Perez
Florida Bar No. 085265
Lorayne.perez@akerman.com
Joanne Gelfand
Florida Bar No. 515965
Joanne.gelfand@akerman.com

AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Tel: 305-374-5600
Fax: 305-374-5095

*Attorneys for Plaintiff United American Corp.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 4, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Brian Miller*
Counsel