UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-CV-25106-KMW

UNITED AMERICAN CORP.,

    Plaintiff,

v.

BITMAIN INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

    Defendants.

---

**DEFENDANT BITMAIN TECHNOLOGIES HOLDING COMPANY'S
MOTION TO SET ASIDE CLERK'S DEFAULT**

Plaintiff United American Corp. ("UAC") has secured the clerk's entry of default against Defendant Bitmain Technologies Holding Company ("BTH") on the most tenuous of grounds. It has prosecuted this case extremely slowly, taking over ten months and counting to serve Defendants in this case. As a result, no scheduling order has been entered, multiple motions to dismiss have been temporarily terminated to avoid piecemeal litigation, and the case has effectively been put in a "holding pattern" while UAC attempts to serve process. What's more, UAC just recently sought to slow the case down even further by filing a motion for an additional 90-day extension to serve other Defendants—on the same day it moved for default against BTH. Nevertheless, UAC seeks to score an unjustified victory against BTH for not responding to its Complaint sooner. In so doing, UAC ignores the Court's order that "Defendants are relieved of

any obligation to answer the Complaint until" October 18, 2019.  Status Conference Order at 2, ECF No. 78.  The Court should reject UAC's attempts at gamesmanship and set aside the entry of default.  BTH has acted promptly in responding to the Complaint as soon as it (and UAC) became aware that service had been completed.  Moreover, UAC has not been prejudiced by any delay; quite to the contrary, UAC is affirmatively seeking to delay this litigation further to allow time to serve additional defendants.  BTH's motion to set aside default under Fed. R. Civ. P. 55(c) easily meets the good cause standard and therefore should be granted.

## BACKGROUND

UAC initiated this lawsuit over ten months ago, filing the Complaint on December 6, 2018.  *See* Compl., ECF No. 1.  By the end of December, it had served the Complaint on only four of the eleven defendants, including BTH's U.S.-based affiliate Bitmain, Inc. ("Bitmain US").  All four of those Defendants moved to dismiss under Rule 12(b)(6) on February 1, 2019.  *See* Motions to Dismiss, ECF Nos. 41, 42, 43.

Initially, the Court gave UAC until March 6, 2019, to serve all remaining Defendants.  *See* January 18, 2019 Order Regarding Service, ECF No. 37.  That same day, UAC moved for an enlargement of time to serve Defendant Jason Cox and provided a status report on the other six Defendants, all of whom are based internationally (the "Foreign Defendants").  UAC's Mot. for Enlargement of Time to Serve Foreign Defs., ECF No. 47.[1]  The Court extended UAC's service deadline to October 8, 2019, but required UAC to provide periodic status reports regarding its efforts to serve the Foreign Defendants.  *See* April 10, 2019 Order, ECF No. 59.  The Court also reiterated its prior order that a joint proposed scheduling order would not be due until "twenty days

---

[1] UAC served Defendant Jason Cox on March 20, 2019, ECF No. 55, and he joined the motion to dismiss filed by Defendant Shammah Chancellor on April 2, 2019.  *See* Cox's Notice of Adoption of and Joinder in Chancellor's Pending Motion to Dismiss, ECF No. 56.

after the last defendant files a responsive pleading," and it stayed discovery until service was complete based on the parties' agreement "that the discovery process will be most efficient if it commences with all defendants' participation and after the Court resolves the motions to dismiss." *Id.* at 1.

Two months later, on June 10, 2019, UAC told the Court that it had still not served any Foreign Defendant. *See* First Status Report, ECF No. 71. Over a month after that, on July 22, 2019, the Court held a status conference to check on UAC's progress, and UAC did not state that it had served any Foreign Defendant. *See* Tr. of Telephonic Status Conference, ECF No. 80. During that hearing, the Court explained that it would be inefficient to rule on the pending motions to dismiss because "any foreign defendants who are served may challenge [the] complaint" and to have two rounds of motion to dismiss briefing "is not a good use of judicial resources." *Id.* at 6:16-19.

Following the status conference, the Court temporarily terminated the pending motions to dismiss "[t]o promote the efficient resolution of th[e] matter," and ruled that the motions to dismiss could be renewed "[n]o later than ten days after either completion of service on all Defendants, or the October 8, 2019, deadline to complete that service." Significantly, the Court also ordered that "Defendants are relieved of any obligation to answer the Complaint until such time." Status Conference Order, ECF No. 78.

On August 9, 2019, UAC filed its second status report. *See* Second Status Report, ECF No. 81. Again, it told the Court it had not served a single Foreign Defendant. This time, however, it provided anticipated service dates for some Foreign Defendants. Regarding BTH, UAC said it "anticipated that service will be effected between October and December 2019." *Id.* at ¶ 5.

3

On October 2, 2019, UAC filed a return of summons, reflecting it had completed service on BTH several months earlier—on June 17, 2019. *See* Return of Summons, ECF No. 91.[2] That same day, BTH's counsel told UAC's counsel that BTH would be filing a Rule 12(b)(6) motion to dismiss by October 18, 2019, in accordance with the Court's Status Conference Order, and also would be moving for dismissal under Rule 12(b)(2) based on UAC not pleading (and there not otherwise being) a basis for the Court to exercise personal jurisdiction over BTH. Counsel for both parties discussed whether the October 18 deadline applied to a Rule 12(b)(2) motion the same way it did to the Rule 12(b)(6) motions. UAC counsel made no reference during this conference of BTH being in default in responding to the Complaint. UAC's counsel committed to getting back to BTH's counsel regarding that Rule 12(b)(2) timing issue the following day—October 3, 2019.

But UAC's counsel did not do so. Instead, on October 3, 2019, UAC's counsel sent an email on a different topic: she asked for yet another extension of time to serve the Foreign Defendants. Then, on October 4, 209, without any prior notice to BTH's counsel, much less a reasonable attempt to confer as required under Local Rule 7.1(a)(3), UAC moved for entry of default against BTH. That same day, UAC moved for a 90-day extension of time to serve certain Foreign Defendants. UAC's Mot. for Extension of Time, ECF No. 94. The clerk entered a default against BTH on October 7, 2019. *See* Clerk's Default, ECF No. 95.

## **ARGUMENT**

Under Rule 55(a), the clerk must enter the party's default if "[1] a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and [2] that failure

---

[2] UAC originally filed the return improperly on September 20, 2019, and was directed to refile the return properly. It did so on October 2, 2019. *See* note 4, *infra*.

is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *see Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014). Neither condition was satisfied here. BTH has not "failed to plead or otherwise defend" within the established time limit, and thus, UAC's motion and affidavit cannot demonstrate such a failure. *See* Fed. R. Civ. P. 55(a). According to the Court's Status Conference Order, BTH has ten more days to file responsive pleadings. ECF No. 78 ("Defendants are relieved of any obligation to answer the Complaint until [October 18, 2019]."). Neither UAC's motion nor the attached affidavit even attempts to explain how BTH has failed to timely defend against UAC's claims. UAC instead ignored the Court's Status Conference Order and secured a default against BTH improperly.[3]

Even if the default had been properly secured, good cause would exist for the Court to set aside the default under Fed. R. Civ. P. 55(c). "Good cause" is a "liberal" standard, *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996), unlike the "more rigorous" excusable neglect standard that is applied to set aside a default judgment, *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). The liberalness of the standard is intentional—the Eleventh Circuit "expresses a strong preference that cases be heard on the merits" and "strive[s] to afford a litigant his or her day in court, if possible." *Perez*, 774 F.3d at 1342 (second alteration in original) (citations and quotation marks omitted). In the Eleventh Circuit, courts should be extremely reluctant to render a default judgment because it "is a drastic remedy and should be resorted to only in extreme situations." *E. F. Hutton & Co., Inc. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972) (per curiam); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (concluding Fifth Circuit cases decided before

---

[3] In an email sent to counsel after UAC filed its default motion, UAC counsel argued that the term "Defendants" in the sentence that begins "Defendants are relieved of any obligation to answer the Complaint until" is capitalized because it refers to only those defendants that had previously filed motions to dismiss. The reality, of course, is that "Defendants" is capitalized in the sentence because it is the first word of the sentence.

September 30, 1981 are precedential in the Eleventh Circuit).  A default judgment "is only appropriate where there has been a clear record of delay or contumacious conduct." *Moffatt*, 460 F.2d at 285.

In evaluating whether a party has good cause for the default, courts evaluate factors such as "whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense." *Perez*, 774 F.3d at 1338 n. 7.  When relevant, courts will also consider "whether the defaulting party acted promptly to correct the default" and other circumstances.  *Id.*  Under these standards, good cause exists to set aside the default here for several reasons.

***First***, the default was not culpable or willful.  Based on the plain language of the Court's Status Conference Order ("Defendants are relieved of any obligation to answer the Complaint until [October 18, 2019]"), BTH justifiably believes its deadline to respond to the Complaint is October 18, 2019.  Indeed, the entire premise behind the Court's order temporarily terminating the motions to dismiss was to conserve judicial resources and avoid piecemeal litigation.  *See* Tr. of Telephonic Status Conference, ECF No. 80 (two rounds of motion to dismiss briefing "is not a good use of judicial resources.")  It stands to reason that BTH and any other Foreign Defendant served during the extra period of time UAC was given to effect service would be required to respond to the Complaint at the same time as the other Defendants who were served earlier in the case.  Even if BTH's reading of the Status Conference Order was erroneous, its reasonable belief nullifies any argument that the default was culpable or willful.  *See Carro v. Integrated Tech Group, LLC*, No. 14-23788-CIV, 2015 WL 12723028, at *1 (S.D. Fla. Apr. 27, 2015) (concluding "the default was not culpable because Defendant did not believe that the untimely amended complaint was operative"); *Creative Tile Mktg., Inc. v. SICIS Int'l., S.r.L.*, 922 F. Supp. 1534, 1537 (S.D. Fla.

1996) (explaining "Defendant's default does not appear to be willful" because "it believed its motion for an enlargement of time to answer Plaintiff's complaint, which was still pending when the case was removed, was operative in this Court").

*Second*, setting aside the default will not prejudice UAC in any way. The fact that BTH has not responded to the Complaint earlier has not caused any delay in the proceedings. To the contrary, UAC's own failure to serve the Foreign Defendants sooner is why the proceedings have stalled. As the Court said during the July 22 status conference, the case is in a "holding pattern until we get to full service or October 8th." Tr. of Telephonic Status Conference, ECF No. 80. Indeed, a scheduling order has not been put in place, and the motions to dismiss filed by other Defendants have been temporarily terminated, with the right to renew them, to allow UAC until October 8, 2019 to serve the Foreign Defendants. On top of that, UAC is seeking to slow the case down even further by filing a motion for an *additional* 90-day extension to serve the other Foreign Defendants—on the same day it moved for default against BTH. To hold BTH in default under these circumstances would be unjustified. *See Gentile v. Am. Recovery Serv. Inc. of Cal.*, No. 16-CV-81649, 2016 WL 11214090, at *2 (S.D. Fla. Nov. 15, 2016).

*Third*, BTH has not been dilatory in these proceedings. BTH did not learn that it had been served until September 20, 2019, when UAC first attempted to file its affidavit of service to inform the Court that it had completed service of BTH on June 17, 2019.[4] UAC likewise was unaware about the status of service until September. It told the Court in its August 9 status report that it anticipated service on BTH to be completed no sooner than October 2019, and it recently conceded that it did not learn that it had served BTH until September 18, 2019. *See* Motion for 90-Day

---

[4] Although UAC attempted to file proof of service on September 20, 2019, and September 24, 2019, it had to strike both filings due to its failure to file it under the proper docket event. *See* Plaintiff's Notices ECF Nos. 86, 90. It corrected both on October 2, 2019. ECF No. 91.

Extension ("On September 18, 2019, UAC learned that [BTH] had been served with process in Grand Cayman three months earlier.")  ECF No. 94 at ¶ 4.  Promptly after counsel learned that UAC had completed service, BTH's counsel reached out to inform UAC's counsel that BTH would be filing a motion to dismiss no later than the Court-imposed deadline of October 18, 2019.  Thus, BTH has not been slow to respond in this case, and the default should be set aside.  *See Bey v. McIntyre*, No. 6:17-CV-2144-Orl-18DCI, 2018 WL 7247434, at *1 (M.D. Fla. Sept. 17, 2018) (finding "good cause to set aside the Clerk's defaults" when defendants "moved to set aside the defaults just five days after they were entered"); *Creative Tile Mktg.*, 922 F. Supp. at 1537 (denying motion for default when "upon receiving Plaintiff's motion for default, Defendant immediately acted").

***Finally***, the default should be set aside because BTH has meritorious defenses to this lawsuit and the Court would not be able to render a default judgment in these circumstances.  BTH intends to move to dismiss the complaint on the same grounds as Bitmain US and the other Defendants who have moved under Rule 12(b)(6).  ECF Nos. 41, 42, 43.  In addition, BTH has strong grounds to dismiss the case for lack of personal jurisdiction and it intends to move under Rule 12(b)(2) by October 18, 2019.  *See, e.g., Leon v. Cont'l AG*, 301 F. Supp. 3d 1203, 1215-17 (S.D. Fla. 2017).[5]  So default judgment cannot be entered against it.  *See Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736 (11th Cir. 2014) (explaining a judgment can be set aside as void for "lack of personal jurisdiction"); *Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 875 (11th Cir. 2014) (explaining "a court may have good cause to set aside an entry of default

---

[5] The Complaint contains no specific allegations to justify the Court exercising personal jurisdiction over BTH.  It merely alleges, in conclusory fashion, that "[t]his Court has personal jurisdiction over Defendants because Defendants have engaged in business in the State of Florida and have purposefully availed themselves of the benefits and privileges of conducting business in this jurisdiction."  Compl. ¶ 20.  This is clearly deficient.  *See Leon*, 301 F. Supp. 3d at 1216-17.

8

because the court lacked personal jurisdiction over the defendant and, as a result, had no power to render judgment against it").

## **CONCLUSION**

Good cause exists to set aside the default, and UAC cannot show that this is an "extreme situation" with a "clear record of delay or contumacious conduct." Thus, the Court should set aside the default.

**CERTIFICATE OF CONFERENCE**

I certify that I orally conferred with UAC's counsel in good faith regarding this motion; however, UAC's counsel would not agree to a stipulation setting aside the default.

Date: October 8, 2019

Respectfully submitted,

/s/ Christopher R.J. Pace
Christopher R.J. Pace
Florida Bar No. 721166
Email: crjpace@jonesday.com
Marc A. Weinroth
Florida Bar No. 42873
Email: mweinroth@jonesday.com
**JONES DAY**
600 Brickell Avenue
Suite 3300
Miami, Florida 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799

Julie M. McEvoy (*pro hac vice*)
Email: jmcevoy@jonesday.com
**JONES DAY**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Mark W. Rasmussen (*pro hac vice*)
Email: mrasmussen@jonesday.com
Thomas D. York (*pro hac vice*)
Email: tdyork@jonesday.com
**JONES DAY**
2727 N. Harwood Street
Suite 500
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

*Attorneys for Defendant Bitmain Inc. and Bitmain Technologies Holding Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 8, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record for the parties.

*/s/ Christopher R.J. Pace*
Christopher R.J. Pace