**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:18-CV-25106-KMW**

UNITED AMERICAN CORP.,

    Plaintiff,

  v.

BITMAIN INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

    Defendants.

---

**DEFENDANT BITMAIN TECHNOLOGIES HOLDING COMPANY'S**
**MOTION TO DISMISS THE COMPLAINT**
**UNDER FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... ii

BACKGROUND ........................................................................................................................ 1

    A.    Procedural Background. ................................................................................. 1

    B.    Other Defendants' Renewal of Motions to Dismiss and BTH Joinder in Motions. ........................................................................................................... 2

    C.    Jurisdictional Background. ............................................................................ 2

LEGAL STANDARD ................................................................................................................ 3

ARGUMENT .............................................................................................................................. 4

    A.    The Court Lacks General Personal Jurisdiction Over BTH Because BTH Is a Foreign Corporation That Does Not Conduct Any Activities in Florida. ............................................................................................................ 4

    B.    The Court Lacks Specific Personal Jurisdiction Over BTH. .................... 6

        1.    UAC failed to allege sufficient facts to show that the claims arise out of contacts by BTH with Florida under the long-arm statute. ............. 7

        2.    BTH does not have sufficient minimum contacts with the forum to satisfy due process requirements. ............................................................... 9

CONCLUSION ........................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Aronson v. Celebrity Cruises, Inc.*,
   30 F. Supp. 3d 1379 (S.D. Fla. 2014) ...................................................................................3

*Asahi Metal Indus. Co., Ltd. v . Superior Ct. of Cal., Solano Cty.*,
   480 U.S. 102 (1987)..........................................................................................................10, 11

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*,
   137 S. Ct. 1773 (2017).............................................................................................................6

*Carmouche v. Tamborlee Mgmt., Inc.*,
   789 F.3d 1201 (11th Cir. 2015) ...............................................................................................4

*Consol. Devel. Corp. v. Sherrit, Inc.*,
   216 F.3d 1286 (11th Cir. 2000) ...............................................................................................6

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)..............................................................................................................4, 6

*EcoMed, LLC v. Asahi Kasei Medical Co., Ltd.*,
   No. 17-61360-CIV, 2018 WL 6620313 (S.D. Fla. Oct. 31, 2018) ...................................7, 8, 9

*Enic, PLC v. F.F. South & Co., Inc.*,
   870 So.2d 888 (Fla. 5th DCA 2004)........................................................................................5

*Ernie Passeos, Inc. v. O'Halloran*,
   855 So.2d 106 (Fla. 2d DCA 2003) ....................................................................................7, 9

*Fraser v. Smith*,
   594 F.3d 842 (11th Cir. 2010) ....................................................................................3, 10, 11

*Gen. Cigar Holdings v. Altadis, S.A.*,
   205 F. Supp. 2d 1335 (S.D. Fla. 2002), *aff'd*, 54 F. App'x 492 (11th Cir.
   2002) ......................................................................................................................................11

*In re Takata Airbag Prods. Liab. Litig.*,
   MDL No. 2599, 2019 WL 2570616 (S.D. Fla. June 20, 2019) ..........................................9, 10

*Internet Sols. Corp. v. Marshall*,
    557 F.3d 1293 (11th Cir. 2009) ...............................................................................................3

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984)..................................................................................................................6

*Leon v. Continental AG*,
    301 F. Supp. 3d 1203 (S.D. Fla. 2017) (J. Williams) ........................................................3, 5, 7

*Madara v. Hall*,
    916 F.2d 1510 (11th Cir. 1990) ................................................................................................7

*Rush v. Savchuk*,
    444 U.S. 320 (1980)..................................................................................................................8

*Schwartzberg v. Knobloch*,
    98 So.3d 173 (Fla. 2d DCA 2012) ............................................................................................6

*Unitedhealthcare of Florida, Inc. v. American Renal Assocs. Holdings*,
    16-CIV- 81180, 2017 WL 1832436 (S.D. Fla. May 8, 2017) ...............................................4, 5

**STATUTES**

Fla. Stat. § 48.193 ...........................................................................................................................7

Fla. Stat. § 48.193(1)-(2).................................................................................................................4

Fla. Stat. § 48.193(1)(a)(1) .............................................................................................................7

Fla. Stat. § 48.193(1)(a)(2) .............................................................................................................8

Defendant Bitmain Technologies Holding Company ("BTH") moves to dismiss the Complaint with prejudice under Fed. R. Civ. P. 12(b)(2) and notifies the Court that it is adopting and joining in full the motion made by Bitmain Inc. ("Bitmain US") under Fed. R. Civ. P. 12(b)(6), ECF No. 42, as well as the motions to dismiss filed under Fed. R. Civ. P. 12(b)(6) by the other Defendants, to the extent their arguments are not Defendant-specific, ECF Nos. 41, 43, 56, 98 (all motions except ECF No. 98 were renewed by joint notice, ECF No. 97).

## BACKGROUND

### A. Procedural Background.

On December 6, 2018, Plaintiff United American Corp. ("UAC") filed its Complaint against BTH and the other Defendants. ECF No. 1. On February 1, 2019, the four Defendants who had been served by then—Bitmain US, Shammah Chancellor, Payward Ventures, and Jesse Powell—moved to dismiss under Rule 12(b)(6). Motions to Dismiss, ECF Nos. 41, 42, 43. Initially, the Court gave UAC until March 6, 2019, to serve all remaining Defendants. *See* January 18, 2019 Order Regarding Service, ECF No. 37. On March 6, UAC moved for an enlargement of time to serve Defendant Jason Cox and provided a status report on the other six Defendants, all of whom are based internationally. UAC's Mot. for Enlargement of Time to Serve Foreign Defs., ECF No. 47.[1] The Court extended UAC's service deadline to October 8, 2019. *See* April 10, 2019 Order, ECF No. 59.

On July 23, 2019, the Court temporarily terminated the pending motions to dismiss "[t]o promote the efficient resolution of th[e] matter," and ruled that the motions to dismiss could be renewed "[n]o later than ten days after either completion of service on all Defendants, or the

---

[1] UAC served Defendant Jason Cox on March 20, 2019, ECF No. 55, and he joined the motion to dismiss filed by Defendant Shammah Chancellor on April 2, 2019. *See* Cox's Notice of Adoption of and Joinder in Chancellor's Pending Motion to Dismiss, ECF No. 56.

1

October 8, 2019, deadline to complete that service." Status Conference Order, ECF No. 78. The Status Conference Order also relieved all Defendants of their obligation to respond to the Complaint until that time. *Id*. On October 4, 2019, UAC moved for entry of a clerk's default based on the argument that BTH had failed to timely respond to the Complaint. ECF No. 92. The clerk entered default on October 7, 2019 [ECF No. 95], and on October 8, 2019, BTH moved to set aside the clerk's default. ECF No. 96.

      **B.**      **Other Defendants' Renewal of Motions to Dismiss and BTH Joinder in Motions.**

On October 9, 2019, Defendants Bitmain US, Chancellor, Cox, Powell, and Payward Ventures filed a Joint Notice of Renewal of Motions to Dismiss. ECF No. 97.[2] By this motion, BTH adopts and joins in the motion to dismiss under Fed. R. Civ. P. 12(b)(6) filed by Bitmain US in full. BTH also adopts and joins in the motions to dismiss filed by the other Defendants as to those arguments that are not Defendant-specific. Finally, BTH moves to be dismissed from this case for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).[3]

      **C.**      **Jurisdictional Background.**

The Complaint contains no specific allegations as to why the Court has personal jurisdiction over BTH. It alleges simply that "[t]his Court has personal jurisdiction over Defendants because Defendants have engaged in business in the State of Florida and have purposefully availed themselves of the benefits and privileges of conducting business in this jurisdiction." Compl. ¶ 20. But BTH does not do business in Florida or the United States and is

---

[2] UAC served Defendant Roger Ver, and he joined the motion to dismiss filed by Defendant Shammah Chancellor on October 9, 2019. *See* Ver's Notice of Adoption of and Joinder in Chancellor's Pending Motion to Dismiss, ECF No. 98.

[3] This motion is timely. As of October 8, 2019, UAC had not served all Defendants, so under the Status Conference Order, BTH has until October 18, 2019 to respond to the Complaint. Status Conference Order, ECF No. 78.

2

not authorized to do business in any state within the United States. Decl. of Luyao Liu ("Liu Declaration"), attached hereto as **Exhibit A**, at ¶¶ 6-7. It is organized under the laws of the Cayman Islands and is headquartered in the People's Republic of China. *Id*. at ¶ 2. It has never had any employees, offices, or property in Florida or the United States. *Id.* at ¶ 8. It is the parent company of separate, legally distinct entities that observe corporate formalities and maintain separate books and records. *Id*. at ¶¶ 3-4. BTH does not control the day-to-day operations of these other entities. *Id.* at ¶ 5.

## LEGAL STANDARD

A plaintiff has the burden of demonstrating personal jurisdiction over any person or entity that it seeks to sue. *Leon v. Continental AG*, 301 F. Supp. 3d 1203, 1214 (S.D. Fla. 2017) (J. Williams). Initially, a plaintiff must make a *prima facie* showing that personal jurisdiction exists over a defendant. *Id*. It is well-established that conclusory jurisdictional allegations are not enough to establish a *prima facie* showing of jurisdiction. *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1385 (S.D. Fla. 2014); *Leon*, 301 F. Supp. 3d at 1215. If a plaintiff meets its initial burden, a defendant may raise "through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction." *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). If the defendant does so, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id*. For purposes of a Rule 12(b)(2) motion, the Court may consider information outside the pleadings. *See, e.g., Aronson*, 30 F. Supp. 3d at 1385.

As a non-resident of Florida, BTH is subject to personal jurisdiction only if the exercise of jurisdiction satisfies both Florida's long-arm statute and the due process requirements of the United States Constitution. *Leon*, 301 F. Supp. 3d at 1214. Florida's long-arm statute allows the exercise of personal jurisdiction to the same extent permissible under the Constitution, *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010), and provides for both general and specific personal jurisdiction.

3

Fla. Stat. § 48.193(1)-(2); *Unitedhealthcare of Florida, Inc. v. American Renal Assocs. Holdings*, 16-CIV- 81180, 2017 WL 1832436, at *4 (S.D. Fla. May 8, 2017).

General personal jurisdiction exists over a defendant only in the states where a defendant (a) is incorporated, (b) maintains its principal place of business or, (c) in extraordinarily rare cases, is "essentially at home" even without a principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Specific personal jurisdiction exists if the asserted cause of action arises from the defendant's substantial activity within Florida. *Unitedhealthcare*, 2017 WL 1832436, at *4. UAC has failed to make a *prima facie* showing that BTH is subject to either general or specific personal jurisdiction, and the facts set forth in the Liu Declaration show that BTH does not have sufficient minimum contacts with the forum.

## ARGUMENT

### A. The Court Lacks General Personal Jurisdiction Over BTH Because BTH Is a Foreign Corporation That Does Not Conduct Any Activities in Florida.

The Court lacks general personal jurisdiction over BTH. BTH is not incorporated in the United States nor does it maintain its principal place of business in the United States. General personal jurisdiction is appropriate over an out-of-state corporation only in extremely limited circumstances not found here: "A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015). A foreign corporation's affiliations with Florida must be so "continuous and systematic" as to render the corporation essentially at home in Florida. *Daimler AG*, 571 U.S. at 127. Here, BTH does not conduct any activities in Florida, much less those associated with a site of incorporation or

4

principal place of business. So general personal jurisdiction cannot be exercised over BTH consistent with the requirements of Florida's long-arm statute or the United States Constitution.

Not surprisingly, the Complaint contains no specific allegations to justify the Court exercising general personal jurisdiction over BTH. It merely alleges, in conclusory fashion, that "[t]his Court has personal jurisdiction over Defendants because Defendants have engaged in business in the State of Florida and have purposefully availed themselves of the benefits and privileges of conducting business in this jurisdiction." Compl. ¶ 20, ECF No. 1. The only jurisdictionally relevant allegation against BTH is that it is a "corporation registered in the Cayman Islands." *Id*. at ¶ 11. This does not remotely satisfy UAC's burden to make a *prima facie* showing to establish general jurisdiction. *See Leon*, 301 F. Supp. 3d at 1216-17; *Enic, PLC v. F.F. South & Co., Inc.*, 870 So.2d 888, 890 (Fla. 5th DCA 2004) (plaintiff "must first allege sufficient facts in the complaint in support of long arm jurisdiction") (quoting *John Scott, Inc. and John Scott Int'l, Inc. v. Munford, Inc. and Asian Arts, Inc.*, 670 F. Supp. 344, 345 (S.D. Fla. 1987)).

Moreover, BTH has shown by declaration that none of the factors courts typically look for to exercise general jurisdiction exist here. *See Unitedhealthcare*, 2017 WL 1832436, at *4 (*citing Horizon Aggressive Growth L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (listing factors). For instance, BTH is neither incorporated in Florida nor has its principal place of business in Florida. Liu Declaration at ¶ 2. BTH neither transacts business nor is authorized to transact business in Florida or any state in the United States. *Id.* at ¶¶ 6-7. Also, it has never had any employees, offices, or property in Florida or the United States. *Id.* ¶ 8. It is the parent company of separate, legally distinct entities that observe corporate formalities and maintain separate books and records. *Id*. at ¶¶ 3-4. And it does not control the day-to-day operations of

5

these other entities. *Id*. at ¶ 5. Accordingly, no relevant factor supports general jurisdiction in this case.

UAC attempts to collapse BTH, Bitmain US, and Bitmain Technologies Ltd. into one, collectively referring to them as "Bitmain" throughout the Complaint. Compl. ¶¶ 52, 53, 61, 65. But personal jurisdiction must be established based on "[e]ach defendant's contacts with the forum State," and those contacts must be assessed individually." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *see also Consol. Devel. Corp. v. Sherrit, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) (rejecting argument that foreign parent could be subject to general jurisdiction based on subsidiary's marketing of products to the forum). All three Bitmain corporate affiliates are alleged to be, and in fact are, distinct and separate entities with their own corporate form. Compl. ¶¶ 7, 10-11; Liu Declaration at ¶ 4. And BTH is not alleged to have had any contacts with Florida, let alone pervasive contacts that "render it essentially at home" in Florida. *Daimler AG*, 571 U.S. at 127. Based on the lack of allegations in the Complaint and the facts set forth in the Liu Declaration, this Court must find that there is not general jurisdiction over BTH.

    **B.**   **The Court Lacks Specific Personal Jurisdiction Over BTH.**

UAC likewise cannot demonstrate that BTH is subject to specific jurisdiction in Florida. For a court to exercise specific jurisdiction, the suit must arise out of or be related to a defendant's contacts with the forum. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). There must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (citations omitted). A plaintiff must allege sufficient facts to show that a non-resident company "independently satisfies the test for jurisdiction under Florida's long-arm statutes." *Schwartzberg v. Knobloch*, 98 So.3d 173, 182 (Fla. 2d DCA 2012). If a plaintiff makes such a *prima facie* showing under the long-arm statute,

6

a court must also consider whether "sufficient minimum contacts are demonstrated to satisfy [the] due process requirements" under the United States Constitution. *Ernie Passeos, Inc. v. O'Halloran*, 855 So.2d 106, 108 (Fla. 2d DCA 2003) (citations omitted); *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) ("Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant."). Because UAC has not alleged sufficient facts to satisfy Florida's long-arm statute as to BTH and because BTH has no contacts with Florida or the United States, the Court lacks personal jurisdiction over BTH.

### 1. UAC failed to allege sufficient facts to show that the claims arise out of contacts by BTH with Florida under the long-arm statute.

This Court can exercise specific personal jurisdiction over BTH only if UAC has sufficiently alleged that the claims "arise out of or are related to [BTH's] contacts with Florida" and those contacts "fall within one of nine statutorily enumerated categories" listed in Florida's long-arm statute. *See Leon*, 301 F. Supp. 3d at 1214; Fla. Stat. § 48.193. UAC has not satisfied its burden of alleging, much less providing factual support for, any of the provisions of the long-arm statute. So the Complaint must be dismissed.

As an initial matter, UAC fails to invoke any of the nine categories of the long-arm statute in its Complaint. For instance, it does not allege facts to show that any cause of action arose out of BTH's "[o]perating, conducting, engaging in, or carrying on a business or business venture" in Florida, as required by the first subsection of the long-arm statute. Fla. Stat. § 48.193(1)(a)(1). Nor could it because, as discussed above, BTH is not licensed to, and does not, transact business in Florida; has never paid taxes to Florida or any other state; does not have employees, offices, or property in Florida; and does not have control over day-to-day operations of its subsidiaries. Liu Declaration ¶¶ 3-9. So none of the common indicators that a company is "carrying on" a business within Florida are present here. *EcoMed, LLC v. Asahi Kasei Medical Co., Ltd.*, No. 17-61360-

7

CIV, 2018 WL 6620313, at *3 (S.D. Fla. Oct. 31, 2018) (listing factors to be considered: an office in Florida, a license to do business in Florida, the existence of Florida clients, and the percentage of overall revenue gleaned from Florida clients).

Likewise, UAC has not alleged sufficient facts to show that BTH committed a tortious act within Florida, as required by the second subsection of the long-arm statute. Fla. Stat. § 48.193(1)(a)(2).[4] For starters, there is not even an allegation that any of the challenged conduct occurred in Florida, which makes the Complaint deficient on its face. *EcoMed, LLC*, 2018 WL 6620313, at *8. Even if the Court were to assume for the sake of argument that the conduct did occur in Florida, however, there is not a single allegation of wrongdoing directed at BTH specifically. Rather, UAC combines all Bitmain corporate entities into one. It alleges, for instance, that "Bitmain" has 67-80% of the market share for ASIC servers and that "Bitmain controls well in excess of 60% of the world's cryptocurrency mining computer (hashing) power." Compl. ¶¶ 52-53. It also asserts that "Bitmain … operates Antpool and BTC.com" and that "Bitmain" colluded with other Defendants "to reallocate pools of Bitmain servers from the Bitcoin Core network ('BTC') to Bitcoin.com's pools …." *Id.* ¶¶ 53, 59. And it claims that "Bitmain organiz[ed] deployment (or actually redeployment) of up to 90,000 Bitmain Antminer S9 servers in early November" and together with "Bitcoin.com effectively hijacked the blockchain." *Id.* ¶¶ 61, 65. But these group allegations are insufficient to establish jurisdiction over BTH. UAC must meet its burden as to each defendant. *See Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) ("aggregating [multiple defendants'] forum contacts" was "plainly unconstitutional").

---

[4] UAC has failed to invoke any subsection of the long-arm statute, and no other subsections beside the first two are even remotely relevant to the allegations in the Complaint.

Moreover, the facts in the Liu Declaration confirm that BTH had no role in the alleged activities. It does not manufacture the ASIC miners or operate the Antpool and BTC.com mining pools. Liu Declaration ¶¶ 10-11. Nor does it make operational decisions about how to deploy the pools of Bitmain miners. *Id*. at ¶ 12. In the end, UAC has failed to allege, and cannot establish, that BTH had any contacts with Florida and therefore cannot show that the claims arise out of contacts by BTH with Florida under the long-arm statute. Thus, the Court does not have specific personal jurisdiction over BTH, and the claims against BTH must be dismissed.

        **2.    BTH does not have sufficient minimum contacts with the forum to satisfy due process requirements.**

Because UAC has not alleged sufficient facts to satisfy the Florida long-arm statute, the Court need not consider due process requirements. *Ernie*, 855 So.2d at 108 (Fla. Dist. Ct. App. 2003); *EcoMed, LLC*, 2018 WL 6620313, at *9. Even if the Court were to consider due process requirements, however, it would find that BTH does not have sufficient minimum contacts with the forum to satisfy due process. The Eleventh Circuit uses a three-part test to determine whether a court can exercise specific jurisdiction over a non-resident defendant consistent with due process requirements: (1) the claim must be one which arises out of or relates to the defendant's forum-related activities; (2) the defendant must have purposefully availed itself of the privilege of conducting activities within the forum state; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *In re Takata Airbag Prods. Liab. Litig.*, MDL No. 2599, 2019 WL 2570616, at *28 (S.D. Fla. June 20, 2019) (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Plaintiffs bear the burden of proving the first two prongs, and if they do, the burden shifts to defendants for the third prong. *Id*. Here, all three prongs favor BTH.

*First*, as discussed above, UAC does not allege any specific acts taken by BTH, much less any taken by BTH in Florida. Instead, UAC relies on generalized group allegations against "Bitmain" as a whole. This is insufficient. *In re Takata Airbag Prods. Liab. Litig.*, 2019 WL 2570616, at *28 (collecting cases where conclusory, vague, or generalized allegations were insufficient to establish specific jurisdiction). Moreover, BTH's evidence shows that it had no role in the alleged claims. Liu Declaration ¶¶ 10-12. Thus, UAC cannot identify the necessary relationship between the forum, the claims, and BTH. *See Fraser*, 594 F.3d at 851 (holding that there were insufficient ties between the claims and the foreign defendant's activities in Florida). By not tying BTH specifically to any alleged claim or conduct occurring in Florida, UAC fails to satisfy its burden for prong one.

*Second*, BTH is not alleged to have, and has not, purposefully availed itself of doing business—or anything else, for that matter—in Florida. UAC has asserted that, collectively, "Defendants have engaged in business in the State of Florida and have purposefully availed themselves of the benefits and privileges of conducting business in this jurisdiction." Compl. ¶ 20. But, as discussed above, such conclusory allegations, without more, are insufficient to establish personal jurisdiction over BTH. This is especially true when the conclusory allegations contradict the facts: BTH is incorporated in the Cayman Islands, is headquartered in China, has never transacted business in Florida, and does not have operational control over any entity that transacts business in Florida. Liu Declaration ¶¶ 2-5. Thus, UAC fails to satisfy its burden for prong two.

*Third*, the United States Supreme Court has held that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co., Ltd. v . Superior Ct. of Cal., Solano Cty.*, 480 U.S. 102, 115 (1987) (citation omitted). "The unique burdens placed upon one who must defend oneself in a foreign legal system

should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id.* at 114. Here, UAC has not alleged any basis to support personal jurisdiction over BTH, and BTH's declaration refutes any notion that BTH has any ties to Florida. Exercising personal jurisdiction over BTH and requiring it to defend itself in a foreign court would place a substantial burden on BTH, Liu Declaration at ¶ 13, and would violate all notions of fair play and substantial justice, depriving BTH of the protections guaranteed by the United States Constitution. *Fraser*, 594 F.3d at 850. Accordingly, prong three favors the conclusion that personal jurisdiction does not exist over BTH.

*Finally*, the Complaint does not, and cannot, allege personal jurisdiction based on BTH's nationwide contacts with the United States. UAC served BTH pursuant to the Hague Convention, and not pursuant to the Clayton Act. As such, UAC may not rely on BTH's nationwide contacts with the United States to establish personal jurisdiction. *Gen. Cigar Holdings v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1340 (S.D. Fla. 2002) (holding Clayton Act § 12's service of process provisions do not apply to corporations served outside the United States pursuant to the Hague Convention), *aff'd*, 54 F. App'x 492 (11th Cir. 2002). Instead, UAC must establish that BTH has sufficient minimum contacts with Florida to satisfy the Florida long-arm statute and due process under the United States Constitution—which it has failed to do. *See id*. Regardless, even if this Court considered BTH's nationwide contacts, as opposed to its contacts with Florida, this Court still could not exercise personal jurisdiction over BTH. BTH has no ties to the United States. Liu Declaration ¶¶ 2-9. And UAC has not alleged that BTH specifically had any contacts with the United States in connection with the claims asserted. Compl. ¶¶ 52, 53, 59, 61, 65. Nor could it, given the facts that BTH does not design or manufacture ASIC miners, operate the Antpool and BTC.com mining pools, or control how cryptocurrency mining servers are deployed. Liu

Declaration ¶¶ 10-12.  Accordingly, the Court cannot exercise personal jurisdiction over BTH based on nationwide contacts.

## **CONCLUSION**

The Complaint should be dismissed because UAC has failed to carry its burden of establishing either general or specific personal jurisdiction over BTH.  Alternatively, the Court should dismiss the case for failure to state a claim based on the arguments made in the already filed motions to dismiss under Fed. R. Civ. P. 12(b)(6), which BTH joins.

Date: October 17, 2019                                  Respectfully submitted,


                                                        /s/ Christopher R.J. Pace
                                                        Christopher R.J. Pace
                                                        Florida Bar No. 721166
                                                        Email:  crjpace@jonesday.com
                                                        Marc A. Weinroth
                                                        Florida Bar No. 42873
                                                        Email:  mweinroth@jonesday.com
                                                        **JONES DAY**
                                                        600 Brickell Avenue
                                                        Suite 3300
                                                        Miami, Florida  33131
                                                        Telephone: (305) 714-9700
                                                        Facsimile: (305) 714-9799

                                                        Julie M. McEvoy (*pro hac vice*)
                                                        Email:  jmcevoy@jonesday.com
                                                        **JONES DAY**
                                                        51 Louisiana Ave., N.W.
                                                        Washington, D.C. 20001
                                                        Telephone: (202) 879-3939
                                                        Facsimile: (202) 626-1700

                                                        Mark W. Rasmussen (*pro hac vice*)
                                                        Email:  mrasmussen@jonesday.com
                                                        Thomas D. York (*pro hac vice*)
                                                        Email:   tdyork@jonesday.com
                                                        **JONES DAY**
                                                        2727 N. Harwood Street
                                                        Suite 500
                                                        Dallas, TX 75201
                                                        Telephone: (214) 220-3939
                                                        Facsimile: (214) 969-5100

                                                        *Attorneys for Defendant Bitmain Inc. and Bitmain Technologies Holding Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 17, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record for the parties.

*/s/ Christopher R.J. Pace*
Christopher R.J. Pace
