UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 1:18-cv-25106-Williams/McAliley

United American Corporation,

    *Plaintiff*,

v.

Bitmain, Inc., Saint Bitts LLC d/b/a Bitcoin.com, Roger Ver, Bitmain Technologies Ltd., Bitmain Technologies Holding Company, Jihan Wu, Payward Ventures, Inc. d/b/a Kraken, Jesse Powell, Amaury Sechet, Shammah Chancellor, and Jason Cox,

    *Defendants*.

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR ENLARGEMENT OF TIME FOR SERVICE</u>**

    Defendants Shammah Chancellor, Jason Cox, Roger Ver, Bitmain, Inc., Payward Ventures, Inc., and Jesse Powell oppose United American Corporation's ("UAC") Motion for 90-Day Extension of Time to Serve Certain Foreign Defendants (the "Motion"). D.E. 94. UAC has not been diligent in effecting service on the Defendants in this case, nor has it established good cause for yet another extension of its deadline. The Court should deny its request.

1

# ARGUMENT

### A. UAC has not demonstrated good cause to further extend its deadline to effect service of process.

This Court "has the inherent authority to control and manage its own docket to allow the expeditious disposition of cases," *Ziegler v. M/V Intermission*, 2017 WL 4119410, at *3 (S.D. Fla. Sept. 18, 2017), and "a plaintiff's complaint may be dismissed upon a showing that [it] failed to exercise diligence in attempting to effectuate service on a foreign defendant," *Harris v. Orange S.A.*, 636 F. App'x 476, 486 (11th Cir. 2015). Generally, good cause for an extension of a service period "exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotations and brackets omitted).

Here, UAC's inadvertence and neglect prevented service during the period ordered by this Court. On April 10, 2019, the Court "provisionally allow[ed]" UAC until October 8, 2019 to effect service on the unserved defendants. D.E. 59. The Court stated that upon receipt of interim status reports from UAC, it would "reassess whether the October 8, 2019 deadline is reasonable, and consider whether that deadline should be *accelerated*." *Id.* (emphasis added). Though the Court did not accelerate the deadline for service, UAC's October 8, 2019 deadline has now passed.

As Defendants explained in response to UAC's first motion for an extension of time (D.E. 48) and UAC's second and final interim status report (D.E. 82), UAC has not been diligent in effecting service.[1] *First*, the Complaint that it filed on December 6, 2018 explicitly acknowledged that several defendants were foreign entities or residents. D.E. 1 ¶¶ 8-11, 15. Accordingly, UAC was on notice before it even filed its Complaint that it needed to initiate certain processes to serve those Defendants. Yet it took no action.

---

[1] UAC has been equally remiss in complying with deadlines. In its August 9, 2019 Status Report, UAC undertook to "file a third status report regarding service on these foreign defendants no later than September 30, 2019." D.E. 81 at 4. UAC did not file another status report.

2

*Second*, after waiting another three months, UAC informed the court that it had hired a third-party process server—a routine step that it should have completed before filing its Complaint. D.E. 48 at 3. UAC omitted any explanation of the progress its process server had made towards serving the remaining Defendants in the intervening period. Instead, it observed that the process of effecting service on certain foreign defendants would likely be "lengthy." *Id.* Giving UAC the benefit of the doubt, the Court accorded UAC a period of six months in which to attempt service on the remaining Defendants, but declined to write UAC a "blank check" to effect service in some "extended period of time." D.E. 80.

*Third*, in its interim status reports—filed several months later, on June 20 and August 9, 2019—UAC failed to identify any of the dates on which it took additional steps to serve foreign defendants in countries that are signatories to the Hague Convention, such as translating the summons and complaint and delivering USM-94 Requests for Service Abroad of Judicial or Extrajudicial Documents to the relevant authorities. D.E. 82. at 4. In addition, after stating in its June 10, 2019 status report that it expected to file a Motion for Issuance of Letters Rogatory "within a week" to effect service on another Defendant, UAC failed to file its motion (which was 3 pages long) until July 12, 2019—*seven months* after filing its Complaint, *three months* after this Court's April 10 order, and close to a month after it said it would. *Id.* at 3-5.

Now, over ten months after filing its Complaint, UAC seeks another extended period in which to effect service on the unserved Defendants. Ten months is long enough. It is not entitled to a "blank check" from the Court to effect service in some "extended period of time," *see* D.E. 80, especially when it has provided so little reason to expect that additional time would make a difference. *See* D.E. 94 at 2-3 (failing again to identify when UAC took any steps to effect service under the Hague Convention, and ascribing delays to government authorities and a national holiday in China). UAC's past and continuing delinquency in this case is inexcusable. The Court should dismiss from the case any Defendant not served by October 8. *See Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) ("If . . . a plaintiff made *no*

*attempt to begin the process of foreign service within 120 days*, it might be proper for a court to dismiss the claim.") (emphasis added).

### B. UAC misreads the letter and the spirit of the Court's case management order.

Further, UAC's Motion reflects a misunderstanding of this Court's case management orders. UAC suggests in its Motion that Defendant Roger Ver, who entered an appearance shortly before this Court's service deadline, may have been "in default," D.E. 94 at 3, and speculates that foreign Defendants are "lying in wait rather than appearing in this case, apparently hoping this Court would dismiss them before UAC even knows they have been served," *id.* at 3–4. But this Court ordered on July 23, 2019, that "*Defendants* are relieved of any obligation to answer the Complaint until" 10 days after either "completion of service on *all* remaining foreign defendants, or the October 8, 2019, deadline to complete that service." D.E. 78. In the status conference leading to the issuance of that order, the Court made clear that it planned to temporarily terminate Defendants' motions to dismiss only so that (1) UAC could complete service by its October deadline, and (2) its decision on the pleadings for all Defendants would be aligned. D.E. 80 ("I'm certainly not going to do anything that is going to justify . . . an extension of the period that's been allowed for service on foreign defendants and if I allow dismissal with leave to re-plead, then I will be contributing to that and I do not want to do that."). The whole point of this exercise was to provide time to allow more Defendants to appear, and to avoid piecemeal responses to UAC's Complaint. Just as the Court contemplated, the Defendants filed a Notice to Renew their Motions to Dismiss once the October 8, 2019 deadline passed and Ver—a later-served "Defendant"—joined their motions to dismiss.

UAC's "lying in wait" argument also carries no weight because it mischaracterizes the Court's action. If the Court enforces its April 10 order (D.E. 48) and enters an order dismissing any Defendant that was not served by October 8, 2019, doing so would not release from this action a Defendant served on or before October 8. Such a Defendant would still have to respond to UAC's complaint, regardless of whether UAC is presently aware that service has taken place. Enforcing this Court's earlier

order would only free from this action unserved Defendants or Defendants served after October 8. That dismissal would not flow from a Defendant "lying in wait rather than appearing in this case," D.E. 94 at 4, but rather from UAC's failure to complete service within the time period the Court (over Defendants' objections) allotted to UAC.

## CONCLUSION

UAC asserts that the served Defendants are "not prejudiced by the extension because discovery has been held in abeyance" and "the motions to dismiss have been temporarily terminated and may be renewed." D.E. 94 at 7. That cavalier attitude ignores that Defendants are prejudiced each day this meritless lawsuit hangs over their heads, and disregards the purpose underpinning Federal Rule of Civil Procedure 1: the "just, speedy, and inexpensive determination" of this action. The Court should deny UAC's Motion, and dismiss from the case any Defendant not served by October 8.[2]

---

[2] All of the undersigned Defendants have consented to the filing of this Opposition on their behalf.

| | |
|---|---|
| Dated: October 18, 2019 | Respectfully submitted, |

/s/ *Melissa C. Pallett-Vasquez*
MELISSA C. PALLETT-VASQUEZ
Florida Bar No. 715816
mpallett@bilzin.com
LORI P. LUSTRIN
Florida Bar No. 59228
llustrin@bilzin.com
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Ave, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

IAN SIMMONS (*pro hac vice*)
isimmons@omm.com
KATRINA ROBSON (*pro hac vice*)
krobson@omm.com
SERGEI ZASLAVSKY (*pro hac vice*)
szaslavsky@omm.com
ZHAO LIU (*pro hac vice*)
zliu@omm.com
BRIAN P. QUINN (*pro hac vice*)
bquinn@omm.com
PATRICK JONES (*pro hac vice*)
pjones@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street N.W.
Washington, D.C. 20006
Tel.: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for Defendants Jason Cox,
Shammah Chancellor, and Roger Ver*

*/s/ Christopher R.J. Pace*
CHRISTOPHER R.J. PACE
Florida Bar No. 721166
crjpace@jonesday.com
MARC A. WEINROTH
Florida Bar No. 42873
mweinroth@jonesday.com
**JONES DAY**
600 Brickell Avenue
Suite 3300
Miami, Florida 33131
Tel.: (305) 714-9700
Fax: (305) 714-9799

JULIE M. MCEVOY (*pro hac vice*)
jmcevoy@jonesday.com
**JONES DAY**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Tel.: (202) 879-3939
Fax: (202) 626-1700

MARK W. RASMUSSEN (*pro hac vice*)
mrasmussen@jonesday.com
THOMAS D. YORK (*pro hac vice*)
tdyork@jonesday.com
**JONES DAY**
2727 N. Harwood Street
Suite 500
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

*Attorneys for Defendant Bitmain, Inc.*

*/s/ Andrew C. Lourie*
ANDREW C. LOURIE
Florida Bar No. 87772
andrew.lourie@kobrekim.com
**KOBRE & KIM LLP**
201 South Biscayne Boulevard
Suite 1900
Miami, Florida 33131
Tel.: (202) 664-1907
Fax: (305) 967-6120

BRIAN E. KLEIN (*pro hac vice*)
bklein@bakermarquart.com
DONALD R. PEPPERMAN (*pro hac vice*)
dpepperman@bakermarquart.com
**BAKER MARQUART LLP**
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
Tel.: (424) 652-7800
Fax: (424) 652-7850

*Attorneys for Defendants Payward Ventures, Inc. and Jesse Powell*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Melissa Pallet-Vasquez*
Melissa Pallett-Vasquez