UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25106-KMW

UNITED AMERICAN CORP.,

      Plaintiff,

v.

BITMAIN, INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

      Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
BITMAIN TECHNOLOGIES HOLDING COMPANY'S
<u>MOTION TO SET ASIDE CLERK'S DEFAULT</u>**

Plaintiff United American Corp. ("UAC") files this response in opposition to Defendant Bitmain Technologies Holding Company's Motion to Set Aside Clerk's Default (the "Motion"), and states the following.

To set aside a clerk's default, a defendant must demonstrate good cause. *Souffrant v. Toyota Motor Sales, U.S., Inc.*, No. 17-Civ-23357, 2018 WL 501274, at *1 (S.D. Fla. Jan. 22, 2018). To determine whether good cause exists, courts consider whether the defendant acted culpably or willfully in failing to file a timely response to the complaint. *Id.*; *see also Melo v. Cuesta Constr. Corp.*, No. 17-21876-CV, 2017 WL 6343574 (S.D. Fla. Dec. 12, 2017) (finding excusable neglect in failing to file a timely response to complaint).

Bitmain Technologies Holding Company ("Bitmain Holding") fails to demonstrate that it did not act culpably or willfully in failing to file a timely response to the Complaint. Bitmain Holding was served through the Hague Service Convention with the Summons and the Complaint on June 17, 2019. *See* ECF No. 91. Bitmain Holding states that it "acted promptly" in responding to the Complaint as soon as it learned it was served, Mot. at 2, but Bitmain Holding waited <u>124 days</u> to file any paper in this action, though the Summons made clear that its response to the Complaint was due within 21 days. *See* ECF No. 96 for Bitmain Holdings' first filing. That is not "prompt" by any definition.

Bitmain Holding attempts to excuse its delay by arguing that Plaintiff's counsel did not learn that Bitmain Holding had been served until September 18, 2019. But, Bitmain Holding cannot excuse its own dilatory response to the Complaint by pointing to the sluggish notification process under the Hague Convention which Plaintiff labors under. Bitmain Holding was duly served with process on June 17, 2019, it has raised no issues with the sufficiency of that service, and it was plainly on notice that its response was due on July 8, 2019. Even if Bitmain Holding delayed retaining counsel, it would not excuse its delay in filing a responsive pleading.[1] Moreover, the unverified Motion is silent as to why Bitmain Holding contends that it did not have notice of the service of process despite being properly served through the Hague Convention back in June.

Bitmain Holding also argues that its delay is excused because the Court's July 23, 2019 Order extended its deadline to respond to the Complaint. *See* ECF No. 78. But, when the Court

---

[1] It is unclear when Bitmain Holding retained counsel. No appearance was filed until the filing of the instant Motion. On August 27, 2019, Defendants' filed a joint response to UAC's status report regarding service of process on the foreign defendants wherein they stated that UAC "has not served *any* of these Non-U.S. Defendants." ECF No. 82. Either Bitmain Holding had not retained counsel as of that time, or it was lying in wait because it knew Plaintiff did not know about the service. Regardless of when Bitmain Holding retained counsel, it was required to respond to the Complaint within 21 days of being served.

entered its Order, Bitmain Holding's response was already 15 days overdue. Moreover, the Court's Order distinguished between the unserved "foreign defendants," and the other "Defendants" whose fully-briefed motions to dismiss were being administratively terminated by the Court. The Order, therefore, permitted the Defendants that had previously filed motions to dismiss to either renew their motions or "answer the Complaint" within ten days after either (i) the foreign defendants were served, or (ii) the October 8, 2019 deadline for such service. It did not permit the foreign defendants to delay their response by more than a hundred days after service. Nor would such a delay promote the efficient resolution of the case because it would have only delayed the briefing of any new motions to dismiss filed by the foreign defendants.

The Order's focus was on assuring the previously-served Defendants whose motions to dismiss were administratively terminated *sua sponte* that they could either renew their fully-briefed motions to dismiss or elect to answer the Complaint, and the Order provided a deadline for them to do so. Those limited options made sense for those previously-served Defendants, but not for the newly-served foreign defendants who were not similarly limited to renewing a motion to dismiss they had never filed, or answering the Complaint. In fact, Bitmain Holdings has filed a delinquent motion to dismiss on new grounds, not joined in the previously filed motions to dismiss or answered the Complaint. Moreover, if the October 18, 2019 cut-off point for renewing the motions to dismiss or answering the Complaint applied to a foreign defendant served on the last date of the extended service deadline (October 8, 2019), that would have given that foreign defendant just 10 days to respond to the Complaint. Bitmain Holding's reading of the Order does not hold water.

The Order also resolved the issue raised by Plaintiff's counsel that any dismissal of the Complaint with leave to amend would mean that the costly and lengthy process of serving any

remaining unserved foreign defendants with the new operative complaint would have to be started anew.  The Court did not need to extend the foreign defendants' response deadline in order for it to consider all of the defendants' dismissal arguments at one time; it was always free to determine the timing of its disposal of those motions in the interest of judicial economy.

To the extent that Bitmain Holding believed that there was a possibility that its already untimely response might be excused by the Court's July 23, 2019 Order, it was incumbent upon it to promptly file a motion seeking clarification.  Instead, Bitmain Holding appeared to be lying in wait, hoping that Plaintiff would not receive notice that it had accomplished service upon Bitmain Holding, and that the Court would dismiss it from this action on October 8, 2019.  This is not good cause to set aside the clerk's default; it is thinly-veiled gamesmanship.

WHEREFORE, because Bitmain Holding has failed to demonstrate good cause for failing to file a timely response to the Complaint, UAC respectfully requests that this Court deny Bitmain Holding's Motion to Set Aside Clerk's Default.

Dated:  October 22, 2019

Respectfully submitted,

By:  s/ Brian P. Miller
Brian P. Miller
Florida Bar No. 0980633
brian.miller@akerman.com
Lorayne Perez
Florida Bar No. 085265
Lorayne.perez@akerman.com
Joanne Gelfand
Florida Bar No. 515965
Joanne.gelfand@akerman.com

AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Tel: 305-374-5600
Fax: 305-374-5095

*Attorneys for Plaintiff United American Corp.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 22, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Lorayne Perez*
Lorayne Perez