UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25106-KMW

UNITED AMERICAN CORP.,

        Plaintiff,

v.

BITMAIN, INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

        Defendants.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ROGER VER'S MOTION TO DISMISS

Plaintiff United American Corp. ("Plaintiff") files this response in opposition to Defendant Roger Ver's Motion to Dismiss (the "Motion") [ECF No. 98], and states the following.

Defendant Roger Ver ("Ver") has moved to dismiss the claims against him on the same grounds asserted by Defendant Shammah Chancellor ("Chancellor") [ECF No. 41, as renewed by ECF No. 97]. For brevity, Plaintiff likewise incorporates by reference its Consolidated Opposition to Defendants' Motions to Dismiss Complaint [ECF No. 49] in response to Ver's joinder in Defendant Chancellor's arguments for dismissal.

In addition to joining and adopting the dismissal arguments raised by Chancellor, Ver advocates for his dismissal on two grounds. First, like Chancellor, Ver argues that the Complaint fails to include sufficient allegations specifically linking him to the alleged conspiracy. Second,

Ver argues that the state law claim for unjust enrichment fails because Plaintiff is not alleged to have conferred a benefit on Ver.

This Court should deny Ver's Motion in its entirety for the reasons stated in the Consolidated Opposition, and the additional reasons set forth herein. Moreover, if the Court finds that greater specificity is required, it should dismiss with leave to amend. *See Alhallaq v. Radha Soami Trading, LLC*, 484 Fed. Appx. 293, 298 (11th Cir. 2012) ("A district court should give a plaintiff an opportunity to amend her complaint rather than dismiss it when a more carefully drafted complaint might state a claim upon which relief could be granted.").

## ARGUMENT

"[T]he Eleventh Circuit has cautioned that Rule 12(b)(6) dismissals are particularly disfavored in fact-intensive antitrust cases" because "motive and intent play leading roles, the proof is largely in the hands of alleged conspirators, and hostile witnesses thicken the plot." *Lakeland Reg'l Med. Ctr., Inc. v. Astellas US LLC,* No. 10-2008, 2011 WL 3035226, at *3 (M.D. Fla. July 25, 2011); *see also Parsons v. Bright House Networks,* No. 09-0267, 2010 WL 5094258, at *3-4 (N.D. Ala. Feb. 10, 2010) ("Rule 12(b)(6) dismissals are particularly disfavored in fact-intensive antitrust cases.") (quoting *Spanish Broad. Sys. v. Clear Channel Commc'ns,* 376 F.3d 1065, 1070 (11th Cir. 2004)).

### A. The Allegations Are Sufficient to Demonstrate a Plausible Basis for Finding That Ver Violated the Sherman Act by Conspiring to Hijack the BitCoin Cash Network.

Ver argues that the Complaint fails to allege facts sufficient to set forth a plausible claim that he conspired with the other defendants to violate the Sherman Act by hijacking and centralizing the Bitcoin Cash cryptocurrency network during the November 15, 2018 software

upgrade. Ver points out that Plaintiff has not described any particular communication between him and any other defendant to further the conspiracy.

But, as courts throughout the country have repeatedly acknowledged, direct evidence of a conspiracy is not required at the pleadings stage. *DeLong Equip. Co. v. Wash. Mills Abrasive Co.,* 887 F.2d 1499, 1515 (11th Cir. 1989) ("Conspiracies are rarely evidenced by explicit agreements and must almost always be proven by inferences that may be fairly drawn from the behavior of the alleged conspirators."); *see also Rossi v. Standard Roofing, Inc.,* 156 F.3d 452, 465 (3d Cir. 1998); *ES Dev., Inc. v. RWM Enters., Inc.,* 939 F.2d 547, 553-54 (8th Cir. 1991); *In re Petroleum Prods. Antitrust Litig.,* 906 F.2d 432, 439 (9th Cir. 1990).

Rather, circumstantial evidence of agreement is sufficient. *In re Delta/Airtran Baggage Fee Antitrust Litig.,* 733 F. Supp. 2d 1348, 1359-60 (N.D. Ga. 2010) (holding that the absence of direct evidence of conspiracy may be appropriate grounds for summary judgment, but not a motion to dismiss, because "[plaintiffs] need not allege the existence of collusive communications in 'smoke-filled rooms.' … Plaintiffs' complaint is built upon circumstantial evidence of a conspiracy; nevertheless, the Court is unable to say at this stage of the litigation that the inferences Plaintiffs draw from the evidence are implausible."); *North Jackson Pharmacy, Inc. v. Express Scripts, Inc.,* 345 F. Supp. 2d. 1279, 1287-88 (N.D. Ala. 2004) (rejecting the defendants' argument that a complaint "must include factual allegations as to when and how the [] agreements were made, the terms of such alleged agreements, and how those alleged agreements were supposedly implemented" because "these are precisely the kinds of details which … would likely be known only by the alleged coconspirators, and hence should not be required in the complaint") (quotation omitted).

The Complaint contains sufficient circumstantial evidence that Ver conspired with the other defendants in violation of the Sherman Act.  It alleges, *inter alia*, that during the November 15, 2018 Bitcoin Cash network upgrade, Ver and his company, Bitcoin.com, colluded with Jihan Wu and Bitmain to reallocate pools of Bitmain servers from the Bitcoin Core network ("BTC") to Bitcoin.com's pools in the Bitcoin Cash network minutes before the implementation of the Bitcoin Cash network upgrade.  (Compl. ¶ 59).  The Complaint further alleges that these actions were intentional and clearly planned in advance, with Bitmain organizing deployment (or actually redeployment) of up to 90,000 Bitmain Antminer S9 servers in early November.[1]  (*Id*. ¶ 61).

As alleged in the Complaint, ¶ 62, "Ver himself took to Twitter to pat himself on the back on the unprecedented level of hashing power he brought to bear on the network upgrade – more hashing power than the entire network had earlier that very same day. . . ."  As a result of this scheme, Bitcoin.com (Ver's company) went from being awarded 6% of Bitcoin Cash Blocks during the week immediately preceding the network upgrade, *Id.* ¶ 67, to 67.82% the very next day, *Id.* ¶ 68.

The Complaint then alleges that Bitcoin ABC – through defendants Amaury Sechet, Shammah Chancellor, and Jason Cox – implemented a checkpoint in the chain that "centralized" what should be a *decentralized* market and coordinated, conspired and agreed with Kraken (a well-known Bitcoin exchange established with the support of Ver and in which Ver is a principal

---

[1]      As alleged by UAC, the Bitcoin ABC pool hashing power rose to a level that had not previously been seen, indicating the intermittent deployment of "rented" hashing. This type of hashing peak is not a normal occurrence. The peaks continued several times in the subsequent days until they leveled off to normal levels once Bitcoin ABC and the co-conspirators had taken control of the blockchain. (Compl. ¶ 60).

investor, *Id*. ¶ 76, n.8) to have the ABC chain effectively recognized as the official blockchain of Bitcoin Cash.  (*Id*. ¶¶ 69-76).

The Complaint also references and incorporates a YouTube video of an online forum wherein Andreas Brekken – a software engineer at *Kraken* (the exchange established with the support of Ver and in which Ver is a principal investor, *Id*. ¶ 76, n.8) – acknowledges that Bitcoin ABC developers and crypto exchanges such as Kraken agreed to the entire scheme in advance, stating among other things:

- "**this has been planned for so long**, we knew we were going to win, and we knew we were going to checkpoint, and we knew we are not going to do deep-reorgs, so we have just been… drinking beers all day because we knew we won…"

- "another step you do is, **you talk to all the exchanges… then you have them apply a patch which adds a checkpoint** that anchored to blockmine by Bitcoin ABC which prevents all future re-orgs (audible whistle)…"

(*Id*. ¶ 74, citing to and incorporating https://www.youtube.com/watch?v=UjAHJY0QZhs).

In short, the allegations asserted by Plaintiff in the Complaint more than plausibly show an agreement between the Defendants, including Ver and his company, Bitcoin.com.  The relevant facts with respect to the antitrust claims include (but are not limited to) the following:

- Bitmain re-deployed up to 90,000 servers to the pools of Bitcoin.com (owned by Roger Ver) (*Id*. ¶ 61);

- that Bitcoin ABC developers (including Chancellor) then implemented a checkpoint that centralized the market and coordinated with exchanges such as Kraken – an exchange in which Roger Ver is a principal investor – so that Kraken would recognize the new chain and effectively prevent all future re-orgs (*Id*. ¶ 69-74); and

- that a Kraken software engineer has openly acknowledged that this was pre-planned and "we knew we were going to win." (*Id*. ¶ 74).

**B.     Plaintiff Has Adequately Alleged a Claim for Unjust Enrichment.**

The elements of a claim for unjust enrichment are: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant was aware of and accepted the benefit; and (3) it would be inequitable for the defendant to retain the benefit. *Ascentium Corp. v. Terremark N. Am., Inc.,* 2011 WL 1233256 *2 (S.D. Fla. March 30, 2011) (citation omitted). Ver's motion to dismiss argues that Plaintiff's claim for unjust enrichment should be dismissed because Plaintiff has failed to identify any benefit that it conferred upon Ver. (Mtn. pp. 7).

For years, individuals and entities such as Plaintiff mined the Bitcoin network (which continued as Bitcoin Cash as of Aug 15, 2017). The collective efforts of these parties and their significant investment in this cryptocurrency network created significant value. Then, the Defendants, including Ver, colluded with one another to hijack the blockchain and implemented a checkpoint that "centralized" what should be a decentralized market. (Compl. ¶¶ 47-78). The value of the network that Plaintiff helped create was taken by, among other defendants, Ver, who received and retained the benefit obtained from their manipulative acts. (*Id*. ¶ 107). Meanwhile, other users such as Plaintiff were cut out of the network and lost the value of their significant investments. (*Id*. ¶ 109). Although the value of the cryptocurrency has decreased, the fact remains that Defendants, including Ver, have received the benefit of a significant volume and percentage of the blocks being mined on the blockchain (at one point as high as 100% of the blocks were being awarded to Bitcoin.com, Ver's company, and Bitmain). (Compl. ¶ 68).

For these reasons, Plaintiff has alleged every element to assert a claim for unjust enrichment against Ver.

## CONCLUSION

For the reasons set forth in Plaintiff's Consolidated Opposition to Defendants' Motions to Dismiss Complaint [ECF No. 49], and the additional reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendant Ver's Motion to Dismiss [ECF No. 98] in its entirety, and grant any further relief this Court deems appropriate.

Dated:  October 23, 2019

Respectfully submitted,

By: *s/ Brian P. Miller*
Brian P. Miller
Florida Bar No. 0980633
brian.miller@akerman.com
Lorayne Perez
Florida Bar No. 085265
Lorayne.perez@akerman.com
Joanne Gelfand
Florida Bar No. 515965
Joanne.gelfand@akerman.com

AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Tel: 305-374-5600
Fax: 305-374-5095

*Attorneys for Plaintiff United American Corp.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Lorayne Perez*
Lorayne Perez