UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25106-KMW

UNITED AMERICAN CORP.,

        Plaintiff,

v.

BITMAIN, INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

        Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR 90-DAY
EXTENSION OF TIME TO SERVE CERTAIN FOREIGN DEFENDANTS**

Plaintiff United American Corp. ("UAC") files this reply in support of its Motion for 90-Day Extension of Time to Serve Foreign Defendants (the "Motion") [ECF No. 94], and states the following.

As explained in the Motion, UAC has undertaken numerous tasks to set into motion the process of obtaining service of process over the six foreign defendants in this case. Two of the foreign defendants have already been served (Bitmain Technologies Holding Company and Roger Ver), and through that process UAC has experienced first-hand the protracted delays between effecting service and receiving notice of such service. In the case of Defendant Bitmain Technologies Holding Company, that defendant was served in the Cayman Islands on June 17, 2019, but it waited three months to take any action in this case. Defendant Roger Ver appeared

through counsel on October 4, 2019, but, three-weeks later, UAC has still not received the return of service from Japan, so it has no way of determining how long it took for Ver to appear after he was served. For all UAC knows, other foreign defendants have likewise been served without UAC's knowledge.

Effecting service upon foreign defendants is a protracted process, largely outside of the plaintiff's control. That is why the Federal Rules of Civil Procedure provide no deadline for serving a foreign defendant. Defendants ignore this reality and seek to re-litigate the issue of whether UAC should have been afforded until October 8, 2019 in the first place. They go so far as to suggest, without authority, that UAC's diligence should have started even before filing this action, Resp. at 2-3, because it knew that certain defendants were located outside of the United States. There is no such requirement in the Eleventh Circuit, but it bears noting that two of the five defendants initially believed to reside outside of the United States have in fact been served. Another one of the six foreign defendants – Jihan Wu – was believed to reside in the United States when this action was initially filed, so UAC could not have initiated foreign service upon him at that time. And, based on the experience in this case alone, there is a reasonable basis to believe that other foreign defendants may have been served, but UAC has not yet received confirmation of same.

While other circuits have sometimes been more rigid when considering the timeliness of service outside the United States, the Eleventh Circuit has stated that the inquiry should be a "flexible" one. *See Harris v. Orange S.A.*, 636 Fed. Appx. 476, 485 (11th Cir. 2015). UAC meets the applicable standards. While time for service on a foreign defendant is "not unlimited," the Eleventh Circuit has declined to adopt a bright-line rule on when service must be effectuated. *Id.* In the case of *Harris*, dismissal was warranted because the plaintiff made "no effort to serve the

foreign defendants." *Id.* By contrast, UAC has made considerable effort, as set forth in the Motion. Defendants do not cite to any cases where dismissal was found appropriate after the plaintiff undertook similar effort.[1]

Defendants also argue that UAC misreads this Court's July 23, 2019 Order. ECF No. 78. UAC respectfully disagrees. As briefed by UAC in its Response in Opposition to Defendant Bitmain Technologies Holding Company's Motion to Set Aside Clerk's Default, ECF No. 102, Defendants' interpretation of this Court's Order does not withstand scrutiny.

Under Defendants' theory, the Court would have afforded the foreign defendants with only the limited options of renewing previously-briefed motions to dismiss (which, of course, the foreign defendants did not file) or answering the complaint, which, for any foreign defendant served at the end of the extended period for service (which ran until October 8, 2019), would have shortened the time to serve the answer to as little as ten days. Such an Order would have been problematic for obvious reasons. UAC's interpretation – that the Court's Order was directed only at the defendants who had already appeared in the case and filed fully-briefed motions to dismiss – would not encounter these problems. Nor would UAC's interpretation have caused any difficulty for the Court, in terms of aligning any orders disposing of the previously-briefed motions to dismiss, because the Court could have aligned its orders by simply waiting to rule on them until such time as all defendants had been served.

---

[1] Defendants also make *ad hominem* attacks on UAC and its counsel. They state that UAC missed a deadline for filing a status report on service of process. Resp. at 2, n.1. But, they gloss over the fact that the "deadline" was self-imposed, not court-imposed. *See* ECF No. 81 at ¶ 10. Moreover, UAC filed a status report just a few days later as part of its Motion in order to provide the Court with the most current update on the status of service as close to the October 8, 2019 deadline as reasonably possible. In fact, had UAC filed the status update on September 30, 2019, it would not have been able to inform the Court that Roger Ver had been served, as became known to UAC only on the date it filed its Motion.

## CONCLUSION

For the reasons set forth in the Motion and herein, UAC respectfully requests an additional 90 days to effect service on the foreign defendants that have yet to be served (or to confirm service and file proof of service for any defendants who have already been served, but notification of same has not reached UAC).

Dated:  October 25, 2019                         Respectfully submitted,

By: *s/ Brian P. Miller*
Brian P. Miller
Florida Bar No. 0980633
brian.miller@akerman.com
Lorayne Perez
Florida Bar No. 085265
Lorayne.perez@akerman.com
Joanne Gelfand
Florida Bar No. 515965
Joanne.gelfand@akerman.com

AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Tel: 305-374-5600
Fax: 305-374-5095

*Attorneys for Plaintiff United American Corp.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Lorayne Perez*
Lorayne Perez