**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:18-CV-25106-KMW**

UNITED AMERICAN CORP.,

    Plaintiff,

  v.

BITMAIN INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

    Defendants.

---

**DEFENDANT BITMAIN TECHNOLOGIES HOLDING COMPANY'S**
**REPLY IN SUPPORT OF ITS MOTION TO SET ASIDE CLERK'S DEFAULT**

The Court should grant BitMain Technologies Holding Company's Motion to Set Aside Clerk's Default. Nothing United American Corp. ("UAC") argues in its Opposition to the Motion supports a different conclusion. Indeed, UAC has failed even to address critical points that BitMain Technologies Holding Company ("BTH") made in its Motion. UAC failed to show either that it would be prejudiced by default being set aside or that BTH lacks meritorious defenses—two factors that the Court must consider. Based on this alone, the Court should grant the Motion. Furthermore, UAC argues that BTH acted culpably and willfully, but the only fact it cites is that BTH responded to the Complaint 124 days after being served. That fact alone does not show culpable behavior, especially given that (a) neither BTH nor UAC learned until September that service had been completed in June and (b) BTH responded to the Complaint promptly after

learning that it had been served.  And UAC cites no case law suggesting that an alleged delay in responding to a complaint, without additional evidence of bad conduct, is enough to justify default.  This is not remotely the sort of extreme situation that warrants the drastic remedy of default.  Finally, UAC argues that BTH has incorrectly interpreted the Court's July 23, 2019 order ("Status Conference Order").  BTH correctly interpreted the Status Conference Order.  But even if it did not, its reasonable belief that it has the correct interpretation nullifies any argument that it acted culpably or willfully.  For these reasons, which are explained in more detail below, the Court should grant BTH's Motion.

*First*, as BTH stated in its Motion, ECF No. 96 at 7-8, a critical factor courts evaluate when deciding motions to set aside default is whether doing so would prejudice the non-moving party.  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1338 n. 7 (11th Cir. 2014).  UAC does not dispute the authority BTH cites.  It simply ignores it.  Indeed, it makes no attempt to explain how it would be prejudiced if the Court lifted the default against BTH.  In reality, there has been no delay in the proceeding caused by the fact that BTH did not respond to the Complaint sooner.  As BTH argued in its Motion, and UAC does not dispute, the case was effectively put in a "holding pattern" while UAC attempted to serve process.  Tr. of Telephonic Status Conference, ECF No. 80.  No scheduling order has been entered and multiple motions to dismiss were temporarily terminated (and just recently renewed) to avoid piecemeal litigation.  What is more, UAC seeks to slow the case down even further, which is why it filed a motion for an additional 90-day extension to serve other foreign defendants—on the same day it moved for default against BTH.  These circumstances show UAC would not be prejudiced by the clerk's default being set aside.

*Second*, as BTH stated in its Motion, ECF No. 96 at 8-9, another critical factor courts evaluate when deciding motions to set aside default is whether the defaulting party may have a

meritorious defense. *Perez*, 774 F.3d at 1338 n. 7. Again, UAC does not contest this authority or address it. BTH does have meritorious defenses, as evidenced by the motion to dismiss it filed on October 17, 2019. ECF No. 99. In that motion, BTH adopted and joined in full the motion made by Bitmain Inc. under Fed. R. Civ. P. 12(b)(6), as well as the motions to dismiss filed by the other Defendants, to the extent their arguments are not Defendant-specific. *Id*. It also moved to dismiss the claims because this Court does not have personal jurisdiction over it. *Id*. It is well-settled that courts lack authority to enter a default judgment when they do not have personal jurisdiction over the party allegedly in default. ECF No. 96 at 8-9 (citing *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 737 (11th Cir. 2014), and *Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 875 (11th Cir. 2014)). The Motion should be granted so that BTH's defenses can be decided on the merits.

**Third**, UAC focuses most of its Opposition on the third factor that courts consider in deciding whether to set aside default—whether the defaulting party acted culpably or willfully. *Perez*, 774 F.3d at 1338 n. 7. But UAC neither provides persuasive evidence that BTH acted culpably or willfully, nor addresses the case law BTH cited to show that it has ***not*** acted culpably or willfully. *See* ECF No. 96 at 6-7. Instead, it argues merely that BTH waited 124 days to respond to the Complaint. This fact alone does not show culpable or willful conduct, and UAC does not attempt to tie it to other acts to show that this is one of the "extreme situations" where the "drastic remedy" of default is warranted. *E. F. Hutton & Co., Inc. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972) (per curiam); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (concluding Fifth Circuit cases decided before September 30, 1981 are precedential in the Eleventh Circuit). At most, UAC speculates that BTH "appeared to be lying in wait." This speculation is not only irrelevant, it is also wrong. As BTH stated in its Motion, it did not learn that it had been

3

served until September 20, 2019, when UAC first attempted to file its affidavit of service to inform the Court that it had completed service of BTH on June 17, 2019.  ECF No. 96 at 7.  Indeed, the lawyer responsible for coordinating with Jones Day about this litigation on behalf of BTH did not learn that service had been completed on BTH until Jones Day informed her on September 20, 2019 that UAC had filed the affidavit of service.  Decl. of Yiru Tang, attached hereto as **Exhibit A**, at ¶¶ 3-4.  UAC was similarly unaware about the status of service until September.  *See* Motion for 90-Day Extension, ECF No. 94 at ¶ 4.  UAC argues its ignorance is blameless because of the "sluggish notification process under the Hague Convention which Plaintiff labors under."  ECF No. 102 at 2.[1]  And yet it simultaneously tries to score an unjustified victory against BTH for likewise not knowing until September that service had been made.  The Court should reject this gamesmanship.

*Finally*, UAC disagrees with BTH's interpretation of the Court's July 23, 2019 Status Conference Order—namely, that BTH's deadline for responding to the Complaint was October 18, 2019 under the Status Conference Order.  UAC spends most of its Opposition explaining how it interprets that Order.  As the Status Conference Order says, however, "Defendants are relieved of any obligation to answer the Complaint until [October 18, 2019]."  BTH met this deadline when it filed its motion to dismiss on October 17, 2019, and its interpretation of the order is consistent with the Court's rationale for entering the Status Conference Order in the first place: to put the case in a "holding pattern" to conserve judicial resources while UAC attempted to serve the foreign defendants.  This reasonable interpretation of the Status Conference Order nullifies any argument

---

[1] BTH does not know, nor does it appear UAC knows, the reason for the delay between the service date shown on the Affidavit of Service (in June) and when the Affidavit was first submitted to the Court (in September).

that the default was culpable or willful.  Unsurprisingly, this is another point UAC fails to address in its Opposition.

In the end, good cause exists to set aside the default.  BTH has not acted culpably or willfully, UAC would suffer no prejudice from setting aside the default, and BTH has meritorious defenses.  Thus, the Court should grant the Motion.

Date: October 29, 2019                                   Respectfully submitted,


/s/ Christopher R.J. Pace
Christopher R.J. Pace
Florida Bar No. 721166
Email:  crjpace@jonesday.com
Marc A. Weinroth
Florida Bar No. 42873
Email:  mweinroth@jonesday.com
**JONES DAY**
600 Brickell Avenue
Suite 3300
Miami, Florida  33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799

Julie M. McEvoy (*pro hac vice*)
Email:  jmcevoy@jonesday.com
**JONES DAY**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Mark W. Rasmussen (*pro hac vice*)
Email:  mrasmussen@jonesday.com
Thomas D. York (*pro hac vice*)
Email:   tdyork@jonesday.com
**JONES DAY**
2727 N. Harwood Street
Suite 500
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

*Attorneys for Defendant Bitmain Inc. and Bitmain Technologies Holding Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 29, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record for the parties.

*/s/ Christopher R.J. Pace*
Christopher R.J. Pace