## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No: 1:18-cv-25106-Williams/McAliley

|  |  |
|---|---|
| United American Corporation,<br><br>    *Plaintiff*,<br><br>    v.<br><br>Bitmain, Inc., Saint Bitts LLC d/b/a Bitcoin.com, Roger Ver, Bitmain Technologies Ltd., Bitmain Technologies Holding Company, Jihan Wu, Payward Ventures, Inc. d/b/a Kraken, Jesse Powell, Amaury Sechet, Shammah Chancellor, and Jason Cox,<br><br>    *Defendants*. | |

## DEFENDANT ROGER VER'S REPLY
## IN SUPPORT OF MOTION TO DISMISS

Plaintiff United American Corporation ("United") has not satisfied the pleading standards set forth in Federal Rule of Civil Procedure 8, and its Complaint runs afoul of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). United makes three principal arguments in an effort to salvage its allegations against Defendant Roger Ver, only one of which is directed to the claims it asserts in this case. First, United claims that dismissals under Federal Rule of Civil Procedure 12(b)(6) are disfavored in antitrust cases. But there is no presumption against dismissal in antitrust cases; in *Twombly*, a controlling case that United never mentions, the Supreme Court directed lower courts to ensure that antitrust conspiracy allegations cross the plausibility threshold *before*, and not after, the parties go through discovery. Next, United asserts that it need not allege the particulars of Ver's participation in the claimed conspiracy. But United cannot

— 1 —

shirk its obligation to plead facts describing the "who with, what, where, and when" of Ver's alleged wrongdoing. It is precisely because they elicit circumstantial evidence that antitrust courts ask those questions at the pleading stage. Finally, United insists that its Complaint nevertheless contains sufficient circumstantial evidence of that conspiracy—and Ver's particular role in it—to survive review under Rule 12(b)(6). But none of its allegations permit a plausible inference of an unlawful agreement. United's conclusory assertions are not a substitute for pleading evidentiary facts, and they can carry its claims no further. This Court should dismiss its Complaint with prejudice.[1]

## ARGUMENT

### I.  United's attempt to narrow the scope of this Court's review under Rule 12(b)(6) is unavailing.

United begins by suggesting that this Court should approach Ver's Motion to Dismiss gingerly because "Rule 12(b)(6) dismissals are particularly disfavored in fact-intensive antitrust cases." Opp. at 2 (quoting *Lakeland Reg'l Med. Ctr., Inc. v. Astellas US LLC,* No. 10-2008, 2011 WL 3035226, at *3 (M.D. Fla. July 25, 2011), and citing *Parsons v. Bright House Networks*, No. 09-0267, 2010 WL 5094258, at *3–*4 (N.D. Ala. Feb. 10, 2010)). The cases that United cites distill that principle from the Eleventh Circuit's opinion in *Spanish Broadcasting Systems v. Clear Channel Communications*, 376 F.3d 1065, 1070 (11th Cir. 2004).

*Spanish Broadcasting* preceded *Twombly*—in the latter, the Supreme Court "explicitly retired the pleading standard" that the Eleventh Circuit applied in the former. *Solomon v. Blue Cross & Blue Shield Ass'n*, 574 F. Supp. 2d 1288, 1291 (S.D. Fla. 2008) (noting that *Twombly*'s pleading standard replaced the "no set of

---

[1] Cites to "DE" refer to the docket entries in this action. United's Complaint (DE 1), Opposition (DE 103), and Ver's Motion to Dismiss (DE 98) are abbreviated "Compl.," "Opp.," and "Mot." respectively. Ver incorporates by reference the arguments contained in Defendant Shammah Chancellor's Reply in Support of his Motion to Dismiss (DE 50, renewed by DE 97) and presently addresses only those arguments raised by United's Opposition to Ver's Motion to Dismiss. Unless otherwise noted, all emphasis is added and internal citations and quotations are omitted.

facts" standard from *Conley v. Gibson*, 355 U.S. 41 (1957)); *cf. Spanish Broadcasting*, 376 F.3d at 1070 ("The complaint should only be dismissed with prejudice if it appears beyond doubt that [the plaintiff] can prove no set of facts which would entitle it to relief."). Unlike United—which looks to vestigial precedent to support its view that the "fact-intensive" nature of antitrust cases militates against dismissal— the *Twombly* Court cited the possibility of "a potentially massive factual controversy" as a reason "to insist upon some specificity in pleading" *before* discovery begins. 550 U.S. at 558.[2] Applying *Twombly*, the Eleventh Circuit recently expressed that same concern. *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1267 (11th Cir. 2019) (holding that allegations insufficiently suggestive of conspiracy "should not proceed directly past a motion to dismiss and into the expensive and settlement-inducing quagmire of antitrust discovery") (citing *Twombly*, 550 U.S. at 566). Neither the Supreme Court nor the Eleventh Circuit countenance efforts to narrow the scope of review under Rule 12(b)(6).

## II.     United cannot argue away its obligation to raise a plausible inference of conspiracy.

Rather than explain why its allegations are plausible despite its failure to plead evidentiary facts, United asks the Court to relieve it of that burden. It recognizes that among other pleading failures, it has not "described any particular communication between [Ver] and any other defendant to further the conspiracy," Opp. at 3; does not identify "where," "what about," or "when" Ver purportedly colluded with others, Mot. at 4; and otherwise fails to plead any facts suggesting Ver's "conscious commitment to an unlawful scheme," *id.* (quoting *Duty Free Americas, Inc. v.*

---

[2] *See id.* at 559–60 (noting that "it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery" in meritless antitrust conspiracy cases). The dissent in *Twombly* echoed the position that United adopts here. *Id.* at 586–57 (Stevens, J., dissenting) (suggesting tension between majority's pleading rule and precedent in antitrust cases indicating that "dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly").

*Estee Lauder Cos., Inc.*, 946 F. Supp. 2d 1321, 1331 (S.D. Fla. 2013)).[3] Instead, United characterizes the answers to those questions as *direct* evidence of conspiracy and "precisely the kinds of details which . . . would likely be known only by the alleged coconspirators, and hence should not be required in the complaint." Opp. at 3 (quoting *N. Jackson Pharm., Inc. v. Express Scripts, Inc.*, 345 F. Supp. 2d 1279, 1287–88 (N.D. Ala. 2004)). It asserts that its "Complaint contains sufficient circumstantial evidence that Ver conspired with the other defendants in violation of the Sherman Act," Opp. at 4, without pointing to any facts substantiating that conclusory assertion.

United is wrong, and its confusion flows from ignoring the distinction between direct and circumstantial evidence. "Direct evidence in a Section 1 conspiracy must be evidence that is explicit and requires no inferences to establish the proposition or conclusion being asserted. . . . [W]ith direct evidence the fact finder is not required to make inferences to establish facts." *In re Baby Food Antitrust Litig.*, 166 F.3d 112, 118 (3d Cir. 1999). Circumstantial evidence is that which requires a court to draw "infer[ences] from the behavior of the alleged conspirators" and "reasonably tend[s] to exclude the possibility that the alleged conspirators acted independently." *Seagood Trading Corp. v. Jerrico, Inc.*, 924 F.2d 1555, 1574 (11th Cir. 1991).

United does not dispute its failure to plead direct evidence of a conspiracy. And contrary to its arguments, United does not adequately plead circumstantial evidence either. As noted above, to support allegations based on circumstantial evidence, antitrust courts require Sherman Act plaintiffs to "give sufficient notice as to the 'who,' 'what,' 'where,' or 'when' of [their] conspiracy theories;" those circumstances determine whether an inference of conspiracy is plausible. *See Duty Free*, 946 F. Supp. 2d at 1332 (circumstantial evidence case); *see also Twombly*, 550 U.S.

---

[3] "[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Picktown Foods, LLC v. Tim Hortons USA, Inc.*, No. 17-cv-21072, 2017 WL 9854073, at *12 (S.D. Fla. Nov. 8, 2017) (quoting *Glass v. Lahood*, 786 F. Supp. 2d 189, 210 (D.D.C. 2011)).

at 565 n.10 (requiring dismissal in a circumstantial evidence case because, *inter alia*, the complaint "furnishe[d] no clue as to which of the four [alleged conspirators] (much less which of their employees) supposedly agreed, or when and where the illicit agreement took place"); *Kendall v. Visa U.S.A. Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (affirming dismissal in circumstantial evidence antitrust conspiracy case because "the complaint does not answer the basic questions: who, did what, to whom (or with whom), where, and when?").

Answering those key questions is not, as United suggests, optional in a circumstantial evidence case. Its failure to grapple with or even mention that key conclusion from *Twombly* should tell the Court everything it needs to know. Similarly, its reliance on *In re Delta/Airtran Baggage Fee Antitrust Litigation*, 733 F. Supp. 2d 1348, 1359–60 (N.D. Ga. 2010), is of no moment. *Baggage Fee* does not hold that a Section 1 plaintiff can overcome a motion to dismiss without pleading *any* facts suggesting that the alleged conspirator communicated with competitors, as is undisputedly United's position here. Opp. at 3. To the contrary, the *Baggage Fee* court looked for and identified specific facts in the plaintiffs' complaint describing a series of "collusive communications . . . in speeches at industry conferences, announcements of future prices, statements on earnings calls, and in other public ways." 733 F. Supp. 2d at 1360. As that court recognized, asking a plaintiff to plausibly allege that the purported conspirators spoke to one another makes perfect sense, given that communications between competitors are a *sine qua non* for any viable conspiracy claim under the Sherman Act.

United's invocation of *North Jackson Pharmacy, Inc. v. Express Scripts, Inc.*, 345 F. Supp. 2d 1279 (N.D. Ala. 2004), is similarly unavailing. Opp. at 3. *North Jackson* applied pre-*Twombly* notice pleading standards and rested on reasoning that the Supreme Court expressly addressed and rejected in *Twombly. See Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 114 n.9 (2d Cir. 2005) (quoting *N. Jackson*, 345 F. Supp. 2d at 1286), *rev'd*, 550 U.S. 544 (2007). The *North Jackson* court held that "[f]actual allegations in a complaint—even if 'conclusory'—are sufficient if they allow the defendant to understand the gist of the plaintiff's claim, thereby making it

— 5 —

possible to formulate a meaningful response." *Id.* at 1285–86. Disagreeing, the *Twombly* Court held that "a conclusory allegation of agreement at some unidenti-fied point does not supply facts adequate to show illegality," and all circumstantial allegations of conspiracy "need[] some setting suggesting the agreement necessary to make out a § 1 claim." 550 U.S. at 557. Recent Eleventh Circuit precedent settles this question. Where the plaintiff does "not explain which of the challenged activi-ties occurred in concert and which occurred independently," and fails to allege facts "actually . . . suggesting concerted action pursuant to a prior agreement," a court cannot infer an agreement and should dismiss the complaint. *Quality Auto Paint-ing*, 917 F.3d at 1268. Because that description fits United's Complaint perfectly, this Court should grant Ver's Motion to Dismiss.

## III.   None of United's allegations suggest Ver's participation in, or the existence of, an antitrust conspiracy.

United's legal conclusions, including its assertion that "Ver and his company, Bitcoin.com, colluded with Jihan Wu and Bitmain," Opp. at 4, are not a proxy for adequately pleaded facts. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the ele-ments of a cause of action, supported by mere conclusory statements, do not suf-fice."). Even before the Supreme Court decided *Twombly*, antitrust courts held that "the price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burden-some." *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999); *see id.* ("Conclusory allegations in a complaint, if they stand alone, are a dan-ger sign that the plaintiff is engaged in a fishing expedition."). Here, conclusory as-sertions are all that United has to offer. None of its factual allegations with respect to Ver advance its conspiracy claim.

*First*, United never explains how its allegation that "the Bitcoin ABC pool hashing power rose to a level that had not previously been seen" raises an inference of conspiracy. *See* Opp. 4 n.1. It does not even explain how this increase in activity "indicat[es] the intermittent deployment of 'rented' hashing," Compl. ¶ 60, nor why that explanation for the increase is at all suggestive of an agreement between Ver,

Bitcoin.com, Jihan Wu, or "Bitmain." Moreover, United never addresses or rebuts Ver's argument that the Complaint "does not even allege that Bitcoin.com (Ver's company) competes with Jihan Wu or 'Bitmain' in a relevant antitrust market," and in fact "seems to acknowledge that Bitmain is a *supplier* of hashing power to Bitcoin.com." Mot. at 5; *see Twombly*, 550 U.S. at 567–68 (noting that pleadings were implausible in light of "obvious alternative explanation[s]" for the allegedly conspiratorial conduct); *Picktown Foods*, 2017 WL 9854073, at *12 (treating arguments not addressed in plaintiff's opposition to motion to dismiss as conceded).

*Second*, United fails to plead facts connecting Ver's Twitter post to the alleged conspiracy.[4] It cites that post as the basis for its conclusion that "Ver himself took to Twitter to pat himself on the back on the unprecedented level of hashing power he brought to bear on the network upgrade." Opp. at 4. The Court can decide for itself whether it agrees with United's characterization of Ver's tweet.[5] But United does not dispute that Ver's tweet omits any reference to "Bitmain" or "renting" hash power; does not include any admission that Ver agreed with Bitmain to "rent" hashing power; and does not suggest that Ver or Bitcoin.com did *anything* in particular to cause the increase in hash rate. Far from evincing "parallel action . . . contrary to [Ver's or Bitcoin.com's] economic self-interest," *see Quality Auto Painting*, 917 F.3d at 1261–62, Ver's tweet was a straightforward observation on a market development, and does nothing to suggest unlawful concerted conduct rather than independent action. *Cf. Kleen Prods. LLC v. Int'l Paper*, 276 F. Supp. 3d 811, 841 (N.D. Ill. 2017) ("It should not be a mark of conspiracy to say what is true, already known by the audience, and articulated by countless third-party analysts, academicians, and jurists alike.").

---

[4] Ver tweeted: "The Bitcoin.com pool now has more hash rate on it than the entire BCH network had earlier today. Bitcoin is cash for the world! #BitcoinCash #bitcoincashfork." Compl. ¶ 62.

[5] *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("While we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts. . . . [or] unwarranted inferences, unreasonable conclusions, or arguments.")

*Third*, the Complaint's allegations as to Ver's purported relationships with Kraken and the Bitcoin ABC developers who allegedly implemented a "checkpoint" are even more threadbare. Apart from its conclusory allegation that they "agreed to the entire scheme in advance," Opp. at 5, United does not allege any facts connecting Ver and the Bitcoin ABC developers, much less those suggesting that they shared a "unity of purpose," a "common design and understanding," or a "meeting of minds in an unlawful arrangement." *See City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 569 (11th Cir. 1999). United's allegations regarding Ver and Kraken—that Kraken was "established with the support of Ver," and Ver is a "principal investor" in Kraken, Opp. 4–5—fare no better. Those allegations conflate corporate ownership with participation in an antitrust conspiracy and do nothing to render plausible United's allegations as to the latter. *See In re Processed Egg Prod. Antitrust Litig.*, 821 F. Supp. 2d 709, 749 (E.D. Pa. 2011) ("[T]he mere fact that two corporations have common shareholders, officers or directors . . . does not impose liability on one for the torts of the other or its agents.").

Ultimately, none of United's factual allegations nudge its conspiracy allegations "across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570. In every respect that matters, they never leave the starting gate.

## IV.   United's allegations in support of its unjust enrichment claim are deficient and warrant dismissal.

United's allegations in support of its unjust enrichment claim do not improve upon its Sherman Act pleadings. Ignoring essential elements of that cause of action, United asserts that its "collective efforts" and those of others who mined the Bitcoin network "created significant value" that was "taken" by Ver and the other Defendants who "received and retained the benefit obtained from their manipulative acts." Opp. 6 (citations omitted). United says that it was "cut out of the network and lost the value of [its] investment." *Id.* Many of these allegations are not cognizable because they do not appear in the Complaint. *Moody v. Ascenda USA Inc.*, No. 16-cv-60364-WPD, 2016 WL 4702681, at *5 (S.D. Fla. July 1, 2016) ("[P]laintiffs cannot amend their complaint through a response to a motion to dismiss."). Even if they

— 8 —

did appear in the Complaint, they would fail to state a claim.

United asserts that the "benefit" it conferred on Ver was the "significant volume and percentage of the blocks being mined on the blockchain." Opp. 6. This allegation does not suggest that United "*directly* confer[ed] a benefit" on Ver and accordingly fails as a matter of law. *See Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017). Moreover, as United recognizes, its Complaint alleges that "the value of the cryptocurrency has decreased," Opp. 6, meaning that Ver necessarily *lost* value as a result of his purported participation in this scheme. *See* Compl. ¶ 77 ("The combined value of the forked currency is lower than the pre-fork currency."). United does not respond to Ver's other arguments about the elements missing from its unjust enrichment claim—it does not contend that Ver was aware that it had conferred a benefit on him, *see* Mot. at 7, nor that it would be inequitable for Ver to retain the alleged benefit under the circumstances. *See Picktown Foods*, 2017 WL 9854073, at *12 (treating arguments not addressed in plaintiff's opposition to motion to dismiss as conceded). Both the factual allegations and legal theory underpinning United's unjust enrichment claim fail as a matter of law.

## CONCLUSION

For the reasons stated in Ver's Motion to Dismiss and this Reply, the Court should dismiss United's Complaint with prejudice.

— 9 —

Dated:  October 30, 2019                    Respectfully submitted,

                                             /s/ *Melissa Pallett-Vasquez*
                                             MELISSA C. PALLETT-VASQUEZ
                                             Florida Bar No. 715816
                                             mpallett@bilzin.com
                                             LORI P. LUSTRIN
                                             Florida Bar No. 59228
                                             llustrin@bilzin.com
                                             **BILZIN SUMBERG BAENA PRICE &
                                             AXELROD LLP**
                                             1450 Brickell Ave, Suite 2300
                                             Miami, Florida 33131
                                             Tel.: (305) 374-7580
                                             Fax: (305) 374-7593

                                             IAN SIMMONS (*pro hac vice*)
                                             isimmons@omm.com
                                             KATRINA ROBSON (*pro hac vice*)
                                             krobson@omm.com
                                             SERGEI ZASLAVSKY (*pro hac vice*)
                                             szaslavsky@omm.com
                                             ZHAO LIU (*pro hac vice*)
                                             zliu@omm.com
                                             BRIAN P. QUINN (*pro hac vice*)
                                             bquinn@omm.com
                                             PATRICK JONES (*pro hac vice*)
                                             pjones@omm.com
                                             **O'MELVENY & MYERS LLP**
                                             1625 Eye Street N.W.
                                             Washington, D.C. 20006
                                             Tel.: (202) 383-5300
                                             Fax: (202) 383-5414

                                             *Attorneys for Defendants Jason Cox,
                                             Shammah Chancellor, and Roger Ver*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

_/s/ Melissa Pallett-Vasquez_
Melissa Pallett-Vasquez