UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25106-KMW

UNITED AMERICAN CORP.,

    Plaintiff,

v.

BITMAIN, INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BITMAIN
TECHNOLOGIES HOLDING COMPANY'S MOTION TO DISMISS
THE COMPLAINT UNDER FED. R. CIV. P. 12(b)(2) AND 12(b)(6)
-AND-
ALTERNATIVELY, PLAINTIFF'S MOTION
FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

Plaintiff United American Corp. ("UAC") hereby responds in opposition to Defendant Bitmain Technologies Holding Company's ("BTH") Motion to Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (the "Motion") [ECF No. 99], and, alternatively, moves for leave to conduct jurisdictional discovery, and in support, states the following.

## Introduction

In the Motion, BTH joins in the Rule 12(b)(6) arguments for dismissal raised by Bitmain, Inc. and, to the extent the arguments are not defendant-specific, in the arguments raised by all

1

other defendants. UAC responds in opposition by incorporating by reference its earlier-filed responses to those defendants' motions to dismiss. *See* ECF Nos. 49, 103.

In addition, BTH argues it should be dismissed because this Court lacks personal jurisdiction over it. As an initial matter, BTH is presently in default, its Motion is untimely, and it waived any personal jurisdiction argument it may have had because it waited more than 120 days after it was served in Grand Cayman to respond to the Complaint. *See* ECF Nos. 95, 102. BTH takes the position that the Court allowed all foreign defendants to respond to the Complaint by October 18, 2019, but that is not what this Court's Order said, as UAC has previously fully briefed. *See* ECF Nos. 96, 102, 108. UAC incorporates by reference its previous briefing on this issue. *See* ECF No. 102 at p. 3-4.

Even if this Court agrees with BTH that its Motion is timely, it should still deny the Motion. BTH has sufficient contacts with the United States to render the exercise of personal jurisdiction over it appropriate under the Fifth Amendment. BTH's conclusory declaration does not adequately shift the burden back onto UAC to demonstrate the existence of personal jurisdiction. To the extent, however, that this Court determines that there is a factual dispute on the issue of BTH's United States' contacts, UAC respectfully requests leave to conduct jurisdictional discovery.

## Argument

### I. BTH Waived the Defense of Lack of Personal Jurisdiction.

As a threshold matter, BTH waived the defense of lack of personal jurisdiction by failing to timely file a response to the Complaint or seek an extension of time. *See* Fed. R. Civ. P. 12(h)(1) ("A party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by

motion under this rule; or (ii) include it in a responsive pleading. . . .").  The basis for the untimeliness of BTH's Motion has been fully briefed, and UAC incorporates those arguments. *See* ECF Nos. 96, 102, 108.

The Supreme Court has explained that "unlike subject-matter jurisdiction, which even an appellate court may review *sua sponte*, under Rule 12(h), Federal Rules of Civil Procedure, '[a] defense of lack of jurisdiction over the person ... is waived' if not timely raised in the answer or a responsive pleading." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de. Guinee*, 456 U.S. 694, 704 (1982); *see also Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1364 (11th Cir. 2006) (noting that it is "well-settled that lack of personal jurisdiction is a waivable defect") (citations omitted); *Sergilles v. Waste Management Inc.*, No. 07-81213, 2008 WL 11333170, at *1 (S.D. Fla. June 18, 2008) ("Once a defense has been waived, a court has no duty to independently investigate whether personal jurisdiction would otherwise exist."). Indeed, "[a] party that fails to raise a defense of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent." *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317 (11th Cir. 1990). And, "when a defendant has waived his objection to insufficient service of process (or any other defect in personal jurisdiction) by failing timely to object as required under Rule 12(g) and (h), and has thus consented to litigate the action in that court, the court may not, either upon the defendant's motion or its own initiative, dismiss the suit for lack of personal jurisdiction or insufficient service of process." *Id.* at 1317. Such are the circumstances here.

BTH is now deemed to have conferred personal jurisdiction on this Court by consent because it failed to raise the defense of personal jurisdiction (or any other defense or seek an extension) at the appropriate time in response to the Complaint. And, now, "the court may not,

either upon the defendant's motion or its own initiative, dismiss the suit for lack of personal jurisdiction." *Pardazi*, 896 F.2d at 1317. As a result, the Motion should be denied.

**II.     Even If No Waiver Is Found, The Motion Should Be Denied.**

Assuming *arguendo* that BTH did not waive personal jurisdiction, which it did, BTH's Motion still should be denied because the requirements for exercising personal jurisdiction are satisfied here.

"When the personal jurisdiction of a federal court is invoked based upon a federal statute providing for nationwide or worldwide service, the relevant inquiry is whether the respondent has had sufficient minimum contacts with the United States." *In re S1 Corp. Securities Litigation*, 173 F. Supp. 2d 1334, 1345 (N.D. Ga. 2001). This case involves a Sherman Act claim. *See* Compl. ¶¶ 80-85; 15 U.S.C. §§ 1-38. The Clayton Act allows for a private right of action under the substantive provisions of the Sherman Act, and it is the basis for UAC's Sherman Act claim against BTH. *See* Compl. ¶¶ 80-85. Section 12 of the Clayton Act provides:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, **or wherever it may be found**.

15 U.S.C. § 22. "It is undisputed that the second clause [of Section 12] authorizes nationwide, *indeed worldwide*, service of process on a defendant corporation in federal antitrust litigation." *In re Auto. Refinishing Paint Antitrust Litigation*, 358 F.3d 288, 293 (3d Cir. 2004) (emphasis added).

Moreover, "[w]hen jurisdiction is invoked under the Clayton Act, the court examines the defendant's contacts *with the United States as a whole* to determine whether the requirements of due process have been met." *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 718

(5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000) (emphasis added); *In re Auto. Refinishing Paint Antitrust Litigation*, 358 F.3d at 299; *see also Azalp LLC v. Silverstein*, 14-10079, 2015 WL 12711232, at *4 (S.D. Fla. Aug. 14, 2015) ("Finding that 18 U.S.C. § 1965 permits service, the Court must now determine whether the Fifth Amendment's Due Process Clause constrains [the] federal court's power to exercise personal jurisdiction via nationwide service of process.") (analyzing RICO statute's comparable nationwide service of process provision) (citation and internal marks omitted).

BTH argues that its nationwide contacts are not to be considered because it was served pursuant to the Hague Convention, not the Clayton Act. Mot. at 11. BTH cites to *General Cigar Holdings v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1340 (S.D. Fla. 2002) as support. Respectfully, *General Cigar Holdings*, a case that is not binding on this court, was incorrect when it held that service on a foreign defendant under the Hague Convention meant that only contacts with the forum state, not national contacts, could be considered under the personal jurisdiction analysis.[1] *See generally*, Litigation of Int'l Disputes in U.S. Courts § 1:14 (March 2019) ("*General Cigar* would therefore appear to improperly stand for the proposition that service under the Clayton Act's *worldwide* service rule cannot employ the Hague Service Convention. *General Cigar* would reflect the proper rule if the statute at issue provided for national service, *but not worldwide service*.").

The Eleventh Circuit has not weighed in on this issue, but other Circuits have agreed that nationwide contacts should be considered to determine whether personal jurisdiction exists over a foreign defendant under the Clayton Act. *See In re Auto. Refinishing Paint Antitrust Litigation*,

---

[1] In *Steinberg v. A Analyst Ltd.*, No. 04-60898, 2009 WL 838989 (S.D. Fla. Mar. 26, 2009), the Court considered the same argument and declined to state whether *General Cigar*'s holding should be followed.

358 F.3d 288, 293 (3d Cir. 2004) (service under Hague Convention; national contacts provided correct analysis); *see generally Access Telecom*, 197 F.3d at 718 (5th Cir. 1999) (national contacts form basis for personal jurisdiction analysis in actions under Clayton Act), *cert. denied*, 531 U.S. 917 (2000); *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406 (9th Cir. 1989) (same). This Court should align itself with those courts and find that national contacts determine whether personal jurisdiction exists over a foreign defendant alleged to have violated the Clayton Act.

The Complaint adequately alleges that BTH has sufficient contacts with the United States such that this Court may exercise personal jurisdiction over it. The Complaint alleges that, "Defendants have engaged in business in the State of Florida and have purposely availed themselves of the benefits and privileges of conducting business in this jurisdiction." Compl. ¶ 20. Moreover, it describes BTH and the other BitMain entities' (BitMain, Inc.[2] and BitMain Technologies Ltd.) worldwide dominance in the area of ASIC chips, which are used to power the Antminer series of mining servers. Compl. ¶ 51. It further alleges that BTH and the other BitMain entities operates Antpool and BTC.com, two of the largest BitCoin and BitCoin Cash mining pools in the world. *Id.* ¶ 53. And, it alleges that BTH and the other BitMain entities provide hash power to BitCoin.com, who has servers and programmers in the United States. *Id.* ¶ 54.

To create some doubt about its United States contacts, BTH attaches a two-page, conclusory declaration to its Motion. In it, Luyao Liu ("Liu"), BTH's Chief Financial Officer, makes vague statements, such as, "BTH is a holding company that is the parent entity of

---

[2] BitMain, Inc. is a Delaware corporation with its principal place of business in California. Compl. ¶ 7. It has appeared in this case, and filed a motion to dismiss on other, non-jurisdictional grounds. ECF Nos. 42, 97.

separate, legally distinct entities." Liu Decl. ¶ 3. The Court and UAC are left to guess how many separate entities BTH owns, where those entities are incorporated, where those entities are located, and where and how those entities operate. Moreover, Liu's conclusory statements that BTH "and its subsidiaries observe the required corporate formalities and maintain their own books and records," and that "BTH does not control the day-to-day operations of its subsidiaries," are the types of conclusions that the Eleventh Circuit has previously disregarded in determining whether personal jurisdiction exists. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999) ("The Struth Affidavit's conclusory assertions of ultimate fact are insufficient to shift to the Plaintiffs the burden of producing evidence supporting jurisdiction."); *Air Turbine Tech., Inc. v. Atlas Copco AB*, 235 F. Supp. 2d 1287, 1290 (S.D. Fla. 2002) (disregarding conclusory statements in declaration offered in support of motion to dismiss on personal jurisdiction grounds).

Even assuming that the statements in the Liu Declaration adequately shifted the burden back onto UAC to establish jurisdiction, publically available information demonstrates that BTH is subject to this Court's personal jurisdiction. BitMain Technologies Holding Company maintains an interactive website wherein it states that it "has research and development centers in Hong Kong, Singapore, *and [the] United States*." *See* Decl. of Mary McLees, attached hereto as Exhibit 1; Printout of Bitmain.com homepage, attached hereto as **Exhibit 1-A.** (emphasis added) BTH further touts that it has "shipped billions of ASICs, accounting for 75% of the global market." *See* Ex. 1-A. BTH also offers a link on its website to a YouTube video providing a step-by-step guide to purchasing on the Bitmain website, with payment options in United States dollars. *See* https://www.youtube.com/watch?v=_EYSfA7NhvhI&feature=youtu.be (also available on the Bitmain.com website by clicking on "Support" and then, at the bottom, on "How

to buy."). Another part of the BTH website states that returns and repairs can be directed to a United States repair site located at 4231 Business Center Drive, Suite 8, Fremont, CA 94538. *See* https://support.bitmain.com/hc/en-us/articles/220138027.  The website also describes the opening and closing of repair sites in South Carolina and Washington.  *See* Printout of Bitmain.com Articles regarding USA-CA Repair Center, USA-SC-Greenville Repair Center, and USA-WA Repair Center, attached hereto as **Exhibit 1-B**. In addition to these U.S. contacts, recent news articles have stated that "Bitmain"[3] has filed a confidential initial public offering with the United States Securities and Exchange Commission.  *See* Foxley, W., Bitmain Seeking US IPO With Confidential SEC Filing: Report, Coindesk (Oct. 30, 2019), available at https://finance.yahoo.com/news/bitmain-seeking-u-ipo-confidential-093538055.html (last visited Nov. 7, 2019).  To the extent that the Liu Declaration conflicts with this evidence, "the court must construe all reasonable inferences in favor of the plaintiff." *Elandia International, Inc. v. Ah Koy*, 690 F. Supp. 2d 1317, 1327 (S.D. Fla. 2010).

       These substantial contacts with the United States render BTH amenable to this Court's personal jurisdiction.  Moreover, it was BTH's burden to "prove that assertion of jurisdiction in this forum will make litigation so gravely difficult and inconvenient that [it] will be at a severe disadvantage in comparison to Plaintiff."  *Azalp LLC*, 2015 WL 12711232, at *4.  Liu's conclusory statement that, "[t]he Court's exercise of jurisdiction over BTH would pose a substantial burden in that it would be required to retain Florida attorneys and its employees would be required to travel to Florida from the People's Republic of China to defend against this action," does not suffice.  Liu Decl. ¶ 13.  As BTH has shown, it will simply utilize the same attorneys defending this action on behalf of BTH's United States subsidiary, BitMain, Inc., and

---

[3] Because of its confidential nature, UAC is unable to determine which Bitmain foreign entity made the filing.

its defenses are likely to overlap with those of BitMain, Inc. Plus, BTH cannot be heard to complain about having to defend this action in the United States when it has elected to market its cryptocurrency products to United States purchasers, establish repair sites within the United States, establish a United States subsidiary, and is likely controlled by an individual who once resided in California (Defendant Wu).[4]

Finally, because personal jurisdiction is appropriate under Count I for violation of the Sherman and Clayton Acts, it is likewise appropriate with respect to the pendent state law claims asserted in the Complaint. *Azalp LLC*, 2015 WL 12711232, at \*5; *In re Takata Airbag Products Liability Litigation*, 396 F. Supp. 3d 1101, 1168 (S.D. Fla. 2019). This is so because the state law claims "clearly arise from a common nucleus of operative facts" as the Sharman Act claim. *In re Takata Airbag Products Liability Litigation*, 396 F. Supp. 3d at 1168. For these reasons, the Motion should be denied.

### III.  If Additional Facts Are Required To Establish Personal Jurisdiction, UAC Should Be Afforded the Opportunity to Conduct Jurisdictional Discovery.

Even if BTH has raised sufficient factual issues through its submission of the Liu Declaration to shift the burden back onto UAC to demonstrate a basis for asserting personal jurisdiction, to the extent that the parties' evidence conflicts, dismissal is not warranted. Instead, the proper course would be to permit UAC limited discovery on the issue of personal jurisdiction, or to allow UAC to conduct jurisdictional discovery along with all other merits discovery and to reconsider this issue upon a renewed motion by BTH after the discovery period has closed.[5] *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)

---

[4] *See* Compl. ¶ 12.

[5] Currently, discovery is stayed until such time as the Court resolves the pending motions to dismiss. *See* ECF No. 59.

("Resolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made."); *Hakky v. Washington Post Co.*, No. 8:09-cv-2406-T-30MAP, 2010 WL 2573902, at *6 (M.D. Fla. June 24, 2010) (permitting plaintiff to obtain jurisdictional discovery simultaneously with merits discovery, while preserving the defendant's objection on personal jurisdiction grounds, and permitting the issue to be briefed after the discovery period). To do otherwise is to permit a defendant such as BTH to avoid answering for its misconduct simply by "withholding information on its contacts with the forum." *Mother Doe I v. Maktoum*, 632 F. Supp. 2d 1130, 1145 (S.D. Fla. 2007). Therefore, UAC respectfully requests that, if the Court finds that a factual dispute exists on the extent of BTH's United States contacts, that it permit UAC an opportunity to conduct discovery on that issue.

**V.     If the Court Dismisses, Dismissal Should be Without Prejudice.**

Should this Court decide to dismiss BTH on personal jurisdiction grounds, the dismissal should be without prejudice. *Posner*, 178 F.3d at 1221.

## CONCLUSION

For the foregoing reasons, BTH's Motion should be denied. In the alternative, UAC respectfully requests that this Court permit it to conduct discovery relating to BTH's contacts with the United States.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with counsel for BTH in a good faith effort to resolve the issues but has been unable to

resolve the issues.  Counsel for BTH has advised that BTH is opposed to the alternative relief (jurisdictional discovery) sought herein.

Dated:  November 7, 2019

Respectfully submitted,

By: *s/ Brian P. Miller*
Brian P. Miller
Florida Bar No. 0980633
brian.miller@akerman.com
Lorayne Perez
Florida Bar No. 085265
Lorayne.perez@akerman.com
Joanne Gelfand
Florida Bar No. 515965
Joanne.gelfand@akerman.com

AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Tel: 305-374-5600
Fax: 305-374-5095

*Attorneys for Plaintiff United American Corp.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Lorayne Perez*
Lorayne Perez

11