**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:18-CV-25106-KMW**

UNITED AMERICAN CORP.,

                Plaintiff,

      v.

BITMAIN INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

                Defendants.

_____

**DEFENDANTS BITMAIN TECHNOLOGIES LTD. AND JIHAN WU'S**
**MOTION TO DISMISS THE COMPLAINT**
**UNDER FED. R. CIV. P. 12(b)(2), 12(b)(5) AND 12(b)(6)**

## <u>TABLE OF CONTENTS</u>

**Page**

BACKGROUND ................................................................................................................. 1

    A.    Procedural Background.......................................................................................... 1

    B.    The Renewal of Motions to Dismiss and Joinder in Motions............................... 3

    C.    Jurisdictional Background. ................................................................................... 3

LEGAL STANDARD........................................................................................................ 4

ARGUMENT ..................................................................................................................... 6

    A.    UAC Failed to Serve Bitmain HK or Wu by the Court's Deadline...................... 6

    B.    The Court Lacks General Personal Jurisdiction Over Bitmain HK and Wu. ........ 6

    C.    The Court Lacks Specific Personal Jurisdiction Over Bitmain HK and Wu.......... 9

            1.    UAC failed to allege sufficient facts to show that the claims arise out of contacts by Bitmain HK or Wu with Florida under the long-arm statute. ............................................................................................. 10

            2.    Bitmain HK and Wu do not have sufficient minimum contacts with the forum to satisfy due process requirements......................................... 11

CONCLUSION................................................................................................................. 14

i

## **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Aronson v. Celebrity Cruises, Inc.*,
   30 F. Supp. 3d 1379 (S.D. Fla. 2014) ..................................................................4, 5

*Asahi Metal Indus. Co., Ltd. v . Superior Ct. of Cal., Solano Cty.*,
   480 U.S. 102 (1987)...............................................................................................13

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*,
   137 S. Ct. 1773 (2017)..............................................................................................9

*Carmouche v. Tamborlee Mgmt., Inc.*,
   789 F.3d 1201 (11th Cir. 2015) ...............................................................................7

*Catalyst Pharms., Inc. v. Fullerton*,
   748 F. App'x 944 (11th Cir. 2018) ..........................................................................7

*Consol. Devel. Corp. v. Sherrit, Inc.*,
   216 F.3d 1286 (11th Cir. 2000) ...............................................................................8

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)..........................................................................................5, 6, 9

*EcoMed, LLC v. Asahi Kasei Med. Co., Ltd.*,
   No. 17-61360-CIV, 2018 WL 6620313 (S.D. Fla. Oct. 31, 2018) ...................10, 11

*Enic, PLC v. F.F. South & Co., Inc.*,
   870 So.2d 888 (Fla. 5th DCA 2004) ........................................................................7

*Ernie Passeos, Inc. v. O'Halloran*,
   855 So.2d 106 (Fla. 2d DCA 2003) ....................................................................9, 11

*Fraser v. Smith*,
   594 F.3d 842 (11th Cir. 2010) ......................................................................5, 12, 13

*Gen. Cigar Holdings v. Altadis, S.A.*,
   205 F. Supp. 2d 1335 (S.D. Fla. 2002), *aff'd*,
   54 F. App'x 492 (11th Cir. 2002) ...........................................................................13

*Hart v. Zimmerman Holdings Grp., Inc.*,
    313 F.R.D. 671 (S.D. Fla. 2016) ............................................................4

*Hollander v. Wolf*,
    No. 09-80587-CIV, 2009 WL 3336012 (S.D. Fla. Oct. 14, 2009) ...........................4

*In re Takata Airbag Prods. Liab. Litig.*,
    MDL No. 2599, 2019 WL 2570616 (S.D. Fla. June 20, 2019) ............................12

*Int'l Textile Grp. v. Interamericana Apparel*,
    No. 08-22859, 2009 WL 4899404 (S.D. Fla. Dec. 14, 2009) ...............................8

*Internet Sols. Corp. v. Marshall*,
    557 F.3d 1293 (11th Cir. 2009) ............................................................5

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984)........................................................................8

*Leon v. Continental AG*,
    301 F. Supp. 3d 1203 (S.D. Fla. 2017) (J. Williams) ................................4, 5, 7, 10

*Louis Vuitton Malletier, S.A. v. Mosseri*,
    736 F.3d 1339 (11th Cir. 2013) ............................................................7

*Madara v. Hall*,
    916 F.2d 1510 (11th Cir. 1990) ............................................................9

*Masias v. Redland Christian Migrant Ass'n, Inc.*,
    No. 10-22016-CIV, 2010 WL 11602010 (S.D. Fla. Oct. 12, 2010) ........................4

*Mumford v. Carnival Corp.*,
    5 F. Supp. 3d 1365 (S.D. Fla. 2014) ......................................................6

*Musiker v. Projectavision, Inc.*,
    960 F. Supp. 292 (1997) ..................................................................12

*Plantation General Hosp., L.P. v. Cayman Islands*,
    No. 09-60884-CIV, 2010 WL 731853 (S.D. Fla. Feb. 26, 2010) ...........................6

*Rush v. Savchuk*,
    444 U.S. 320 (1980).......................................................................11

*Schwartzberg v. Knobloch*,
    98 So.3d 173 (Fla. 2d DCA 2012) .........................................................9

iii

*Sculptchair, Inc. v. Century Arts, Ltd.*,
    94 F.3d 623 (11th Cir. 1996) ................................................................................10

*Unitedhealthcare of Florida, Inc. v. American Renal Assocs. Holdings*,
    16-CIV- 81180, 2017 WL 1832436 (S.D. Fla. May 8, 2017) ..................................................5

## STATUTES

Fla. Stat. § 48.193 ................................................................................10

Fla. Stat. § 48.193(1)-(2)................................................................................5

Fla. Stat. § 48.193(1)(a)(1) ................................................................................10

Fla. Stat. § 48.193(1)(a)(2) ................................................................................11

Fla. Stat. § 48.193(2)................................................................................6

## OTHER AUTHORITIES

WRIGHT & MILLER, 4B FED. PRAC. & PROC. CIV. § 1137 (4th ed. 2019) ......................................6

Defendants Bitmain Technologies Ltd. ("Bitmain HK") and Jihan Wu move to dismiss the Complaint with prejudice under Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(5) and notify the Court that they are also adopting and joining in full the motion made by Bitmain Inc. ("Bitmain US") under Fed. R. Civ. P. 12(b)(6), ECF No. 42, as well as the motions to dismiss filed under Fed. R. Civ. P. 12(b)(6) by the other Defendants, to the extent their arguments are not Defendant-specific, ECF Nos. 41, 43, 56, 98 (all motions except ECF No. 98 were renewed by joint notice, ECF No. 97).

## BACKGROUND

### A.      Procedural Background.

On December 6, 2018, Plaintiff United American Corp. ("UAC") filed its Complaint.  ECF No. 1.  On February 1, 2019, the four Defendants who had then been served—Bitmain US, Shammah Chancellor, Payward Ventures, and Jesse Powell—moved to dismiss under Rule 12(b)(6).  Motions to Dismiss, ECF Nos. 41, 42, 43.  Initially, the Court gave UAC until March 6, 2019, to serve all remaining Defendants.  *See* January 18, 2019 Order Regarding Service, ECF No. 37.  On March 6, UAC moved for an enlargement of time to serve Defendant Jason Cox and provided a status report on the other six Defendants, all of whom are based internationally (the "Foreign Defendants").  UAC's Mot. for Enlargement of Time to Serve Foreign Defs., ECF No. 47.[1]  The Court granted UAC more time to serve the Foreign Defendants; however, it warned UAC that the period "to effect service . . . cannot be without limit."  Order Granting Motion and Setting Status Conference, ECF No. 57 at 3.  It therefore scheduled a status conference to discuss a reasonable deadline.  *Id.*

---

[1] UAC served Defendant Jason Cox on March 20, 2019, ECF No. 55, and he joined the motion to dismiss filed by Defendant Shammah Chancellor on April 2, 2019.  *See* Cox's Notice of Adoption of and Joinder in Chancellor's Pending Motion to Dismiss, ECF No. 56.

At that status conference, Defendants argued that a 60-day period for UAC to attempt service was reasonable; UAC, on the other hand, asked for a six-month period. *See* April 10, 2019 Order, ECF No. 59. The Court "provisionally allow[ed]" UAC a six-month period to serve Bitmain Technologies and Wu (and other Foreign Defendants), setting a service deadline of October 8, 2019. *See id.* at ¶ 1. But it also ordered UAC to provide status updates regarding its service efforts so the Court could reassess whether accelerating the deadline would be reasonable. *See id.*

On July 23, 2019, the Court temporarily terminated the pending motions to dismiss "[t]o promote the efficient resolution of th[e] matter," and ruled that the motions to dismiss could be renewed "[n]o later than ten days after either completion of service on all Defendants, or the October 8, 2019, deadline to complete that service." Status Conference Order, ECF No. 78. The Status Conference Order also relieved all Defendants of their obligation to respond to the Complaint until that time. *Id.* On October 4, 2019, UAC moved for a 90-day extension of time to serve certain Foreign Defendants, ECF No. 94, and several Defendants—Shammah Chancellor, Jason Cox, Roger Ver, Bitmain US, Payward Ventures, Inc., and Jesse Powell—have opposed that request. ECF No. 100.

On October 11, 2019 (a Friday), Bitmain HK was contacted by the Highest Court in China about collecting legal documents. After making an appointment with the Highest Court in China, a legal assistant for Bitmain HK picked up the documents, which were summonses for this matter for Bitmain HK and Wu, on the following Monday, October 14, 2019. Decl. of Luyao Liu ("Liu Declaration"), attached hereto as **Exhibit A**, at ¶ 13.

2

### B.      The Renewal of Motions to Dismiss and Joinder in Motions.

On October 9, 2019, Defendants Bitmain US, Chancellor, Cox, Powell, and Payward Ventures filed a Joint Notice of Renewal of Motions to Dismiss.  ECF No. 97.[2]  On October 17, 2019, Defendant Bitmain Technologies Holding Company ("BTH") adopted and joined the motion to dismiss under Fed. R. Civ. P. 12(b)(6) filed by Bitmain US in full and also adopted and joined in the motions to dismiss filed by the other Defendants as to those arguments that are not Defendant-specific.  ECF. No. 97.  At the same time, BTH moved to dismiss under Fed. R. Civ. P. 12(b)(2).  *Id.*  By this motion, Bitmain HK and Wu adopt and join in full the motion to dismiss under Fed. R. Civ. P. 12(b)(6) filed by Bitmain US and also the motions to dismiss filed by the other Defendants as to those arguments that are not Defendant-specific.  Bitmain HK and Wu also move to be dismissed from this case for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

### C.      Jurisdictional Background.

The Complaint contains no specific allegations as to why the Court has personal jurisdiction over Bitmain HK or Wu.  It alleges simply that "[t]his Court has personal jurisdiction over Defendants because Defendants have engaged in business in the State of Florida and have purposefully availed themselves of the benefits and privileges of conducting business in this jurisdiction."  Compl. ¶ 20.  But Bitmain HK is a foreign company established under the laws of the Hong Kong Special Administrative Region of the People's Republic of China.  Liu Declaration ¶ 2.  Its principal place of business is in Beijing, China.  *Id.* at ¶ 3  All decisions relating to the day-to-day operations of Bitmain HK are made in the People's Republic of China.  *Id.*  Bitmain

---

[2] UAC served Defendant Roger Ver, and he joined the motion to dismiss filed by Defendant Shammah Chancellor on October 9, 2019.  *See* Ver's Notice of Adoption of and Joinder in Chancellor's Pending Motion to Dismiss, ECF No. 98.

HK is operated independently of other Bitmain entities and has its own corporate books and financial records. *Id.* at ¶ 11. In addition, Bitmain HK does not have an agent for service of process in Florida, does not operate sales or service networks in Florida, and does not own or lease any property in Florida or have any employees in the state. *Id.* at ¶¶ 4-6, 10. Nor does it have a bank account in Florida or pay taxes in Florida. *Id.* at ¶¶ 7, 8. Defendant Wu likewise has no ties to Florida. He is a foreign citizen who has never resided or worked in Florida. Decl. of Jihan Wu ("Wu Declaration"), attached hereto as **Exhibit B**, at ¶ 4. He has never paid taxes to Florida, does not conduct business in Florida, and does not have a bank account in Florida. *Id.* at ¶¶ 5-7. Further, contrary to UAC's allegation, Complaint at ¶ 12, Wu is not domiciled in California. *Id.* ¶ 2.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(5), a defendant may move to dismiss a complaint for "insufficient service of process" when service is not timely. *Hart v. Zimmerman Holdings Grp., Inc.*, 313 F.R.D. 671, 673 (S.D. Fla. 2016); *Masias v. Redland Christian Migrant Ass'n, Inc.*, No. 10-22016-CIV, 2010 WL 11602010, at *2 (S.D. Fla. Oct. 12, 2010). After a defendant challenges service of process, the plaintiff has the burden to demonstrate sufficient service of process. *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009). The decision whether to dismiss a complaint for insufficient service of process rests in the court's discretion. *Masias*, 2010 WL 11602010, at *2.

Under Fed. R. Civ. Pr. 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. The plaintiff has the burden of demonstrating personal jurisdiction over any person or entity that it seeks to sue. *Leon v. Continental AG*, 301 F. Supp. 3d 1203, 1214 (S.D. Fla. 2017) (J. Williams). Initially, the plaintiff must make a *prima facie* showing that personal jurisdiction exists over a defendant. *Id*. It is well-established that conclusory jurisdictional allegations are not enough to establish a *prima facie* showing of jurisdiction. *Aronson v. Celebrity*

4

*Cruises, Inc.*, 30 F. Supp. 3d 1379, 1385 (S.D. Fla. 2014); *Leon*, 301 F. Supp. 3d at 1215.  If a plaintiff meets its initial burden, a defendant may raise "through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction." *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009) (citation omitted).  If the defendant does so, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id*.  For purposes of a Rule 12(b)(2) motion, the Court may consider information outside the pleadings.  *See, e.g., Aronson*, 30 F. Supp. 3d at 1385.

As non-residents of Florida, Bitmain HK and Wu are subject to personal jurisdiction only if the exercise of jurisdiction satisfies both Florida's long-arm statute and the due process requirements of the United States Constitution.  *Leon*, 301 F. Supp. 3d at 1214.  Florida's long-arm statute allows the exercise of personal jurisdiction to the same extent permissible under the Constitution, *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010), and provides for both general and specific personal jurisdiction.  Fla. Stat. § 48.193(1)-(2); *Unitedhealthcare of Florida, Inc. v. American Renal Assocs. Holdings*, 16-CIV- 81180, 2017 WL 1832436, at *4 (S.D. Fla. May 8, 2017).

General personal jurisdiction exists over a defendant only in the states where a defendant (a) is incorporated, (b) maintains its principal place of business or, (c) in extraordinarily rare cases, is "essentially at home" even without a principal place of business.  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  Specific personal jurisdiction "refers to the Court's jurisdiction over a nonresident defendant if the asserted cause of action 'arises from' that defendant's actions within the forum." *Unitedhealthcare*, 2017 WL 1832436, at *4 (quoting Fla. Stat. § 48.193).  UAC has failed to make a *prima facie* showing that Bitmain HK or Wu are subject to either general or

specific personal jurisdiction, and the facts set forth in the Liu Declaration and the Wu Declaration show that Bitmain HK and Wu do not have sufficient minimum contacts with the forum.

## ARGUMENT

### A.    UAC Failed to Serve Bitmain HK or Wu by the Court's Deadline.

The claims against Bitmain HK and Wu should be dismissed under Rule 12(b)(5) because UAC's service of process was untimely.  It is black-letter law that "if service in a foreign country is not pursued in a diligent fashion, the district court can dismiss the action because of the plaintiff's failure to prosecute."  WRIGHT & MILLER, 4B FED. PRAC. & PROC. CIV. § 1137 (4th ed. 2019).  Because district courts must "control their dockets," *Mumford v. Carnival Corp.*, 5 F. Supp. 3d 1365, 1366 (S.D. Fla. 2014), "a plaintiff does not have an unlimited amount of time to serve a foreign country defendant."  *Plantation General Hosp., L.P. v. Cayman Islands*, No. 09-60884-CIV, 2010 WL 731853, at *1 (S.D. Fla. Feb. 26, 2010).

Here, the original deadline for serving Defendants was March 6, 2019.  When UAC failed to meet that deadline, it asked for an additional six months, and the Court "provisionally allow[ed]" that request, setting a new deadline of October 8, 2019.  The Court stated then that it would reassess "whether that deadline should be accelerated" based on the interim status reports it ordered UAC to provide.  ECF No. 59.  UAC did not meet the October 8th deadline for serving the Complaint on Bitmain HK or Wu.  Service was made on both no earlier than October 14, 2019.  Liu Declaration at ¶ 13.  Thus, the Complaint should be dismissed for insufficient service of process.

### B.    The Court Lacks General Personal Jurisdiction Over Bitmain HK and Wu.

The Court lacks general personal jurisdiction over Bitmain HK and Wu.  A foreign defendant's affiliations with Florida must be "substantial and not isolated" under Florida's long-arm statute.  Fla. Stat. § 48.193(2).  Essentially, the foreign defendant's ties must be so "continuous and systematic" as to render the defendant essentially at home in Florida.  *Daimler AG*, 571 U.S.

at 127; *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015) ("A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business.")  Here, Bitmain HK and Wu are foreign defendants who do not conduct substantial activities in Florida.  Liu Declaration at ¶¶ 3-12; Wu Declaration ¶¶ 4-7.  So general personal jurisdiction cannot be exercised over them consistent with the requirements of Florida's long-arm statute or the United States Constitution.

Not surprisingly, the Complaint contains no specific allegations to justify the Court exercising general personal jurisdiction over Bitmain HK or Wu.  It merely alleges, in conclusory fashion, that "[t]his Court has personal jurisdiction over Defendants because Defendants have engaged in business in the State of Florida and have purposefully availed themselves of the benefits and privileges of conducting business in this jurisdiction."  Compl. ¶ 20, ECF No. 1.  But "vague and conclusory allegations do not satisfy" a plaintiff's burden to make out a prima facie case of jurisdiction.  *Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018) (citing *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006)); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quotation omitted).  The only jurisdictionally relevant allegation against Bitmain HK is that it was organized under the laws of Hong Kong and has a principal place of business in Beijing, China."  Compl. ¶ 10.  The only jurisdictionally relevant allegation against Wu is the incorrect assertion that he is domiciled in San Jose, California. *Id.* at ¶ 12; Wu Declaration ¶ 12.  Neither allegation remotely satisfies UAC's burden to make a *prima facie* showing to establish general jurisdiction, so the claims against Bitmain HK and Wu should be dismissed.  *See Leon*, 301 F. Supp. 3d at 1216-17; *Enic, PLC v. F.F. South & Co., Inc.*, 870 So.2d 888, 890 (Fla. 5th DCA 2004) (plaintiff "must first allege sufficient facts in the

complaint in support of long arm jurisdiction") (quoting *John Scott, Inc. and John Scott Int'l, Inc. v. Munford, Inc. and Asian Arts, Inc.*, 670 F. Supp. 344, 345 (S.D. Fla. 1987)).

Moreover, Bitmain HK and Wu have shown by declaration that none of the factors courts typically look for to exercise general jurisdiction exist here. For instance, Bitmain HK does not: (i) have an agent for service of process in Florida, (ii) operate sales or service networks in Florida, (iii) have employees in Florida, or (iv) own or lease any property in Florida. Liu Declaration at ¶¶ 4-6, 10. Nor does it have a bank account in Florida or pay taxes to Florida. *Id.* at ¶¶ 7-8. All decisions relating to the day-to-day operations of Bitmain HK are made in China. *Id.* at ¶ 3. Wu likewise has no contacts with Florida. He does not reside or work in Florida, has never paid taxes to Florida, and does not have property or a bank account in Florida. Wu Declaration at ¶¶ 4-7. Thus, Bitmain HK and Wu do not have "pervasive," "continuous," or "systematic" contacts with Florida. *See Int'l Textile Grp. v. Interamericana Apparel*, No. 08-22859, 2009 WL 4899404, *4 (S.D. Fla. Dec. 14, 2009) (finding no general jurisdiction over individual who made sporadic visits to Florida, used Florida addresses to receive mail, and maintained a Florida-based accountant).

UAC attempts to collapse Bitmain HK, BTH, and Bitmain US into one, collectively referring to them as "Bitmain" throughout the Complaint. Compl. ¶¶ 52, 53, 61, 65. But personal jurisdiction must be established based on "[e]ach defendant's contacts with the forum State," and those contacts must be assessed individually." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *see also Consol. Devel. Corp. v. Sherrit, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) (rejecting argument that foreign parent could be subject to general jurisdiction based on subsidiary's marketing of products to the forum). All three Bitmain corporate affiliates are alleged to be, and in fact are, distinct and separate entities with their own corporate form. Compl. ¶¶ 7, 10-11; Liu Declaration at ¶ 11. And Bitmain HK is not alleged to have had pervasive contacts that

"render it essentially at home" in Florida. *Daimler AG*, 571 U.S. at 127. Based on the lack of allegations in the Complaint and the facts set forth in the Liu and Wu Declarations, this Court must find that there is not general jurisdiction over Bitmain HK or Wu.

**C.     The Court Lacks Specific Personal Jurisdiction Over Bitmain HK and Wu.**

UAC likewise cannot demonstrate that Bitmain HK and Wu are subject to specific jurisdiction in Florida. For a court to exercise specific jurisdiction, the suit must arise out of or be related to a defendant's contacts with the forum. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017). There must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (citation omitted). A plaintiff must allege sufficient facts to show that a non-resident "independently satisfies the test for jurisdiction under Florida's long-arm statutes." *Schwartzberg v. Knobloch*, 98 So.3d 173, 182 (Fla. 2d DCA 2012) (citation omitted). If a plaintiff makes such a *prima facie* showing under the long-arm statute, a court must also consider whether "sufficient minimum contacts are demonstrated to satisfy [the] due process requirements" under the United States Constitution. *Ernie Passeos, Inc. v. O'Halloran*, 855 So.2d 106, 108 (Fla. 2d DCA 2003) (internal quotation marks and citation omitted); *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) ("Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant."). Because UAC has not alleged sufficient facts to satisfy Florida's long-arm statute as to Bitmain HK or Wu and because Bitmain HK and Wu do not have minimum contacts with Florida, the Court lacks personal jurisdiction over both of them.

**1.     UAC failed to allege sufficient facts to show that the claims arise out of contacts by Bitmain HK or Wu with Florida under the long-arm statute.**

This Court can exercise specific personal jurisdiction over Bitmain HK or Wu only if UAC has sufficiently alleged that the claims "arise out of or relate to [their] contacts with Florida" and those contacts "fall within one of nine statutorily enumerated categories" listed in Florida's long-arm statute.  *See Leon*, 301 F. Supp. 3d at 1214; Fla. Stat. § 48.193.  UAC has not satisfied its burden of alleging, much less providing factual support for, any of the provisions of the long-arm statute.  So the Complaint must be dismissed.

As an initial matter, UAC fails to invoke any of the nine categories of the long-arm statute in its Complaint.  For instance, it does not allege facts to show that any cause of action arose out of Bitmain HK's or Wu's "[o]perating, conducting, engaging in, or carrying on a business or business venture" in Florida, as required by the first subsection of the long-arm statute.  Fla. Stat. § 48.193(1)(a)(1).  Nor could it because Bitmain HK does not have licenses to do business in Florida, has never paid taxes to Florida, and does not have employees, offices, or property in Florida.  Liu Declaration ¶¶ 8-10.  Also, Bitmain HK does not target its marketing or solicitations toward Florida residents.  *Id.* at ¶ 12.  And Wu has never conducted business in Florida, had a bank account in Florida, paid taxes to Florida, or maintained an office or property in Florida.  Wu Declaration ¶¶ 4-7.  So none of the common indicators that a defendant is "carrying on" a business within Florida are present here.  *EcoMed, LLC v. Asahi Kasei Med. Co., Ltd.*, No. 17-61360-CIV, 2018 WL 6620313, at *3 (S.D. Fla. Oct. 31, 2018) (listing factors to be considered: an office in Florida, a license to do business in Florida, the existence of Florida clients, and the percentage of overall revenue gleaned from Florida clients); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628 (11th Cir. 1996) (finding owners of business did not carry on business in Florida where they never manufactured, sold, leased, or solicited orders for products or maintained offices in the state).

10

Likewise, UAC has not alleged sufficient facts to show that Bitmain HK or Wu committed a tortious act within Florida, as required by the second subsection of the long-arm statute. Fla. Stat. § 48.193(1)(a)(2).[3] The only allegation of wrongdoing against Wu is that he "colluded" with Defendant Ver and "Bitmain … to reallocate pools of Bitmain servers from the Bitcoin Core network … to Bitcoin.com's pools in the Bitcoin Cash network …." Compl. ¶ 59. But there is no allegation that any of this conduct occurred within Florida, which makes the Complaint deficient on its face. *EcoMed, LLC*, 2018 WL 6620313, at *8. As for Bitmain HK, UAC inappropriately combines all Bitmain corporate entities into one. Compl. ¶¶ 52-53, 59, 61, 65. But these group allegations are insufficient to establish jurisdiction over Bitmain HK. UAC must meet its burden as to each corporate defendant. *See Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) ("aggregating [multiple defendants'] forum contacts" was "plainly unconstitutional").

In the end, UAC has failed to allege that the claims arise out of contacts by Bitmain HK or Wu with Florida under the long-arm statute. Thus, the Court does not have specific personal jurisdiction over Bitmain HK or Wu, and the claims against them must be dismissed.

## 2.     Bitmain HK and Wu do not have sufficient minimum contacts with the forum to satisfy due process requirements.

Because UAC has not alleged sufficient facts to satisfy the Florida long-arm statute, the Court need not consider due process requirements. *Ernie*, 855 So.2d at 108 (Fla. Dist. Ct. App. 2003); *EcoMed, LLC*, 2018 WL 6620313, at *9. Even if the Court were to consider due process requirements, however, it would find that Bitmain Chin and Wu do not have sufficient minimum contacts with the forum to satisfy due process. The Eleventh Circuit uses a three-part test to determine whether a court can exercise specific jurisdiction over a non-resident defendant

---

[3] UAC has failed to invoke any subsection of the long-arm statute, and no other subsections beside the first two are even remotely relevant to the allegations in the Complaint.

11

consistent with due process requirements: (1) the claim must be one which arises out of or relates to the defendant's forum-related activities; (2) the defendant must have purposefully availed itself of the privilege of conducting activities within the forum state; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *In re Takata Airbag Prods. Liab. Litig.*, MDL No. 2599, 2019 WL 2570616, at *28 (S.D. Fla. June 20, 2019) (citing *Louis Vuitton*, 736 F.3d at 1355). Plaintiffs bear the burden of proving the first two prongs, and if they do, the burden shifts to defendants for the third prong. *Id.* Here, all three prongs favor Bitmain HK and Wu.

*First*, as discussed above, UAC does not allege any specific acts taken by Bitmain HK or Wu in Florida. Instead, UAC relies on generalized group allegations against "Bitmain" as a whole and fails to tie any activity by Wu to Florida. This is insufficient. *In re Takata Airbag Prods. Liab. Litig.*, 2019 WL 2570616, at *28 (collecting cases where conclusory, vague, or generalized allegations were insufficient to establish specific jurisdiction); *Musiker v. Projectavision, Inc.*, 960 F. Supp. 292, 296 (1997) (finding insufficient activity by individual defendant in Florida under long-arm statute). Thus, UAC has failed to identify the necessary relationship between the forum, the claims, and Bitmain HK or Wu. *See Fraser*, 594 F.3d at 851 (holding that there were insufficient ties between the claims and the foreign defendant's activities in Florida). By not tying Bitmain HK or Wu specifically to any alleged conduct occurring in Florida, UAC fails to satisfy its burden for prong one.

*Second*, Bitmain HK and Wu are not alleged specifically to have availed themselves of doing business in Florida. UAC has asserted that, collectively, "Defendants have engaged in business in the State of Florida and have purposefully availed themselves of the benefits and privileges of conducting business in this jurisdiction." Compl. ¶ 20. But, as discussed above, such conclusory allegations, without more, are insufficient to establish personal jurisdiction over

Bitmain HK or Wu.  This is especially true when the conclusory allegations contradict the facts. Liu Declaration at ¶¶ 6-10, 12 and Wu Declaration at ¶¶ 4-7.  Thus, UAC fails to satisfy its burden for prong two.

*Third*, the United States Supreme Court has held that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co., Ltd. v . Superior Ct. of Cal., Solano Cty.*, 480 U.S. 102, 115 (1987) (citation omitted).  "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id.* at 114.  Here, UAC has not alleged any basis to support personal jurisdiction over Bitmain HK or Wu.  Exercising personal jurisdiction over Bitmain HK and Wu and requiring them to defend themselves in a foreign court would place a substantial burden on them, Liu Declaration at ¶ 14 and Wu Declaration ¶ 8, and would violate all notions of fair play and substantial justice, depriving them of the protections guaranteed by the United States Constitution.  *Fraser*, 594 F.3d at 850.  Accordingly, prong three favors the conclusion that personal jurisdiction does not exist over Bitmain HK or Wu.

*Finally*, the Complaint does not, and cannot, allege personal jurisdiction based on Bitmain HK's or Wu's nationwide contacts with the United States.  UAC served them pursuant to the Hague Convention, and not pursuant to the Clayton Act.  As such, UAC may not rely on their nationwide contacts with the United States to establish personal jurisdiction. *Gen. Cigar Holdings v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1340 (S.D. Fla. 2002) (holding Clayton Act § 12's service of process provisions do not apply to corporations served outside the United States pursuant to the Hague Convention), *aff'd*, 54 F. App'x 492 (11th Cir. 2002).  Instead, UAC must establish that Bitmain HK and Wu have sufficient minimum contacts with Florida to satisfy the Florida long-

13

arm statute and due process under the United States Constitution—which it has failed to do.  *See id*.  Accordingly, the Court cannot exercise personal jurisdiction over Bitmain HK or Wu based on nationwide contacts.[4]

## **CONCLUSION**

The Complaint should be dismissed because UAC did not serve Bitmain HK or Wu within the deadline of October 8, 2019 and failed to carry its burden of establishing either general or specific personal jurisdiction over Bitmain HK and Wu.  Alternatively, the Court should dismiss the case for failure to state a claim based on the arguments made in the already filed motions to dismiss under Fed. R. Civ. P. 12(b)(6), which Bitmain HK and Wu join.

---

[4] This is not to say that UAC could establish that either Bitmain HK or Wu has sufficient nationwide contacts to allow this Court to exercise personal jurisdiction over either pursuant to the Clayton Act.  The Court need not reach that issue because both were served pursuant to the Hague Convention.

Date: November 12, 2019                    Respectfully submitted,

                                           /s/ Christopher R.J. Pace
                                           Christopher R.J. Pace
                                           Florida Bar No. 721166
                                           Email:  crjpace@jonesday.com
                                           Marc A. Weinroth
                                           Florida Bar No. 42873
                                           Email:  mweinroth@jonesday.com
                                           **JONES DAY**
                                           600 Brickell Avenue
                                           Suite 3300
                                           Miami, Florida  33131
                                           Telephone: (305) 714-9700
                                           Facsimile: (305) 714-9799

                                           Julie M. McEvoy (*pro hac vice*)
                                           Email:  jmcevoy@jonesday.com
                                           **JONES DAY**
                                           51 Louisiana Ave., N.W.
                                           Washington, D.C. 20001
                                           Telephone: (202) 879-3939
                                           Facsimile: (202) 626-1700

                                           Mark W. Rasmussen (*pro hac vice*)
                                           Email:  mrasmussen@jonesday.com
                                           Thomas D. York (*pro hac vice*)
                                           Email:   tdyork@jonesday.com
                                           **JONES DAY**
                                           2727 N. Harwood Street
                                           Suite 500
                                           Dallas, TX 75201
                                           Telephone: (214) 220-3939
                                           Facsimile: (214) 969-5100

                                           *Attorneys for Defendant Bitmain Inc. and Bitmain
                                           Technologies Holding Company*

15

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 12, 2019, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to all counsel of record for the parties.


*/s/ Christopher R.J. Pace*
Christopher R.J. Pace
