# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:18-CV-25106-KMW

UNITED AMERICAN CORP.,

        Plaintiff,

    v.

BITMAIN INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

        Defendants.

_____

## DEFENDANT BITMAIN TECHNOLOGIES HOLDING COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT UNDER FED. R. CIV. P. 12(b)(2) AND 12(b)(6) AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

The Court should grant BitMain Technologies Holding Company's ("BTH") Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) ("Motion"). Nothing United American Corp. ("UAC") argues in its brief opposing the Motion ("Opposition") supports a different conclusion. Contrary to UAC's argument, BTH has not waived the defense of personal jurisdiction; it included the defense in its first responsive pleading in this matter, which is what the law requires. Also, UAC has failed to meet its burden to show that the exercise of jurisdiction over BTH satisfies both Florida's long-arm statute and due process. None of the allegations in the Complaint establish general or specific personal jurisdiction over BTH. And

none of the new material UAC cites contradicts the facts that BTH presented to show that BTH has no ties to Florida.  Faced with this reality, UAC incorrectly argues that the relevant forum for jurisdictional connections is not Florida, but the entire United States.  But Eleventh Circuit law is clear that a defendant served under the Hague Convention must have sufficient contacts with Florida, not the entire United States, to satisfy due process.  Even if the United States were the relevant forum, the Court still would not have personal jurisdiction over BTH because the evidence BTH presented with its Motion conclusively establishes that it does not have any ties to the United States.  Finally, the Court should deny UAC's request to conduct jurisdictional discovery because UAC has failed to allege any basis for personal jurisdiction over BTH and has not articulated what facts it might elicit in discovery to contradict the evidence that BTH provided to show that it has no ties to the forum.  Thus, the Court should grant BTH's Motion and deny UAC's request for jurisdictional discovery.

I.      **BTH DID NOT WAIVE THE DEFENSE OF PERSONAL JURISDICTION.**

UAC erroneously argues that BTH has waived the defense of lack of personal jurisdiction. As an initial matter, BTH did not respond to the Complaint late.  As BTH explained in its Motion to Set Aside Default [ECF No. 96], its deadline for responding to the Complaint was October 18, 2019, and it filed this Motion ahead of that deadline.  ECF No. 99.  Accordingly, BTH responded to the Complaint on time.

Moreover, UAC is wrong about the law.  A party does not waive the defense of lack of personal jurisdiction simply by filing a responsive pleading late.  *See Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 854 (11th Cir. 2010).  Rather, under Fed. R. Civ. P. 12(h)(1), a party waives the personal jurisdiction defense only if it does not include the defense in its initial Rule 12 motion or responsive pleading.  BTH included a personal jurisdiction defense in its first motion and therefore has not waived that defense.

2

The Eleventh Circuit's ruling in *Baragona* is instructive.  There, the plaintiffs argued that the defendant had waived its personal jurisdiction defense by ignoring valid service, retaining counsel, monitoring court proceedings and then filing a motion to vacate the default judgment that had been entered.  *Id.* at 854.  The Eleventh Circuit disagreed, concluding that the defense had not been waived because a "defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Id.* (citation omitted).  None of the cases cited by UAC contradict that well-settled law.  Thus, UAC's factual and legal premises are flawed, and BTH has not waived its personal jurisdiction defense.

## II.   UAC HAS FAILED TO SHOW THAT THIS COURT CAN EXERCISE PERSONAL JURISDICTION OVER BTH.

UAC does not dispute that it has the burden of making a *prima facie* showing that personal jurisdiction exists over a defendant.  *Leon v. Continental AG*, 301 F. Supp. 3d 1203, 1214 (S.D. Fla. 2017) (J. Williams).  Nor does it dispute that it initially must meet that burden by making non-conclusory jurisdictional allegations.  *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1385 (S.D. Fla. 2014); *Leon*, 301 F. Supp. 3d at 1215.  Further, UAC agrees that unless and until it can make such a showing, the burden does not shift to BTH to raise a challenge to personal jurisdiction through declarations and other evidence.  *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).  Because UAC has failed to show that it has met its initial burden, the burden has not shifted to BTH and the claims against BTH must be dismissed.

### A.   UAC has failed to show that exercising personal jurisdiction over BTH satisfies Florida's long-arm statute or due process.

As a non-resident of Florida, BTH is subject to personal jurisdiction in Florida only if UAC shows that the exercise of jurisdiction satisfies both Florida's long-arm statute and the due process requirements of the United States Constitution.  *Leon*, 301 F. Supp. 3d at 1214.  UAC has done

neither. The Complaint does not cite the Florida long-arm statute, explain how it is satisfied here, or show how due process requirements are met. Nor does UAC's Opposition. Instead, UAC leaves BTH and the Court to guess upon what basis UAC believes the Court can exercise jurisdiction over BTH and how the demands of due process have been met. This is not sufficient to satisfy UAC's burden to make a *prima facie* showing that personal jurisdiction exists. *Enic, PLC v. F.F. South & Co., Inc.*, 870 So.2d 888, 890 (Fla. 5th DCA 2004) (plaintiff "must first allege sufficient facts in the complaint in support of long arm jurisdiction") (quoting *John Scott, Inc. and John Scott Int'l, Inc. v. Munford, Inc. and Asian Arts, Inc.*, 670 F. Supp. 344, 345 (S.D. Fla. 1987)).

**B.      None of the allegations in the Complaint establish either general or specific personal jurisdiction over BTH.**

Similarly, UAC fails to allege in the Complaint or explain in the Opposition whether it contends that the Court can exercise general jurisdiction *or* specific jurisdiction (or both) over BTH. The Court need not divine UAC's jurisdictional theory, however, because UAC has not shown that this Court has *either* general or specific jurisdiction over BTH.

In its Opposition, UAC identifies four allegations that purportedly tie BTH to Florida. Opp. at 6 (citing Compl. ¶¶ 20, 51, 53, 54). But none show that BTH, a foreign company, is engaged in "substantial and not isolated activity" within Florida such that it is "essentially at home" here— which is required to establish general jurisdiction under Florida's long-arm statute. Fla. Stat. § 48.193(2); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015). Nor do the allegations show that UAC's claims arise out of or relate to BTH's contacts with Florida—which is required to establish specific jurisdiction under Florida's long-arm statute. Fla. Stat. § 48.193(1)(a); *Leon*, 301 F. Supp. 3d at 1214.

The first of the four allegations UAC cites is a vague and conclusory assertion that all "Defendants" have engaged in business in Florida (Compl. ¶ 20) which is not sufficient under

4

either theory.  *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006); *In re Takata Airbag Prods. Liab. Litig.*, MDL No. 2599, 2019 WL 2570616, at *28 (S.D. Fla. June 20, 2019).  The rest suffer from two defects: they improperly conflate all of the Bitmain Defendants into one and do not show any connection to Florida.  Compl. ¶¶ 51, 53, and 54; *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) ("aggregating [multiple defendants'] forum contacts" was "plainly unconstitutional"); *Fraser v. Smith*, 594 F.3d 842, 851 (11th Cir. 2010) (holding that there were insufficient ties between the claims and the foreign defendant's activities in Florida to establish specific jurisdiction).  UAC does not address any of these points in its Opposition.  Nor does UAC contradict BTH's argument that it does not have sufficient minimum contacts with Florida to satisfy due process.  Thus, the claims against BTH must be dismissed.

> **C.** **The evidence submitted to the Court establishes that the Court cannot exercise general or specific personal jurisdiction over it.**

Instead of addressing the deficiencies BTH identified in the Complaint, UAC quibbles with the declaration BTH submitted as an exhibit to its Motion ("Liu Declaration").  As an initial matter, the Court needs to consider the Liu Declaration only if UAC has carried its burden of alleging a *prima facie* case showing that the Court has personal jurisdiction over BTH—which UAC has failed to do.  *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).  In any event, none of the criticisms UAC levels at the Liu Declaration carry any weight.  UAC challenges the Liu Declaration for containing "vague statements" about (i) how BTH is as a holding company for separate, legally distinct entities and (ii) how BTH does not control the day-to-day operations of its subsidiaries.  Opp. at 6-7.  But those are not conclusory statements.  They are factual statements within Mr. Liu's knowledge and are highly relevant because each corporate defendant's contacts must be assessed individually, a point that UAC does not contradict.  *Keeton v. Hustler Magazine,*

*Inc.*, 465 U.S. 770, 781 n.13 (1984); *see also Consol. Devel. Corp. v. Sherrit, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000).

Indeed, one of the cases that UAC cites dismissed the claims for lack of personal jurisdiction based on an affidavit that is very similar to the Liu Declaration. *Air Turbine Tech., Inc. v. Atlas Copco AB*, 235 F. Supp. 2d 1287 (S.D. Fla. 2002) (affidavit established that the defendant (i) is a holding company, (ii) does not maintain an office in Florida, and (iii) does not have any employees or agents working in Florida).[1] Moreover, contrary to UAC's argument (Opp. at 7), it does not matter "how many separate entities BTH owns, where those entities are incorporated, where those entities are located, and where and how those entities operate" for purposes of determining whether the Court can exercise jurisdiction over BTH. What matters for jurisdictional purposes is whether *BTH* has any ties to Florida. UAC has not alleged any, and the Liu Declaration confirms that none exist.

Furthermore, the new material UAC cites from the internet in its Opposition (Opp at 7-8) does not establish *any* ties to Florida, much less ties sufficient for the Court to exercise general or specific jurisdiction over BTH. Indeed, it does not establish that BTH conducted "substantial and not isolated activity" in Florida, nor does it show any conduct by BTH in Florida that gives rise to the claims asserted against BTH. Thus, UAC fails to satisfy Florida's long-arm statute, and the claims against BTH must be dismissed. Fla. Stat. § 48.1931(1)(a)-(2).

## III.    THE RELEVANT FORUM FOR JURISDICTIONAL CONTACTS IS FLORIDA.

Because UAC cannot allege sufficient contacts between BTH and Florida, UAC urges this Court to consider BTH's ties to the entire United States. In so doing, UAC asks this Court to

---

[1] The other case UAC cites is consistent with this holding. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th 1999) (relying on portions of affidavit that set forth "specific factual declarations within the affiant's personal knowledge" to dismiss certain claims on personal jurisdiction grounds).

ignore a ruling from this district, affirmed by the Eleventh Circuit, that a defendant served under the Hague Convention must have sufficient contacts with Florida, not the entire United States, to satisfy due process. *Gen. Cigar Holdings v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1340 (S.D. Fla. 2002), *aff'd* 54 F. App'x 492 (11th Cir. 2002). UAC's argument suffers from two fundamental defects.

*First*, none of the case law cited by UAC carries persuasive weight. Two of the decisions it cites (one from the Fifth Circuit[2] and the other from the Ninth Circuit[3]) were decided before *General Cigar*; thus, the *General Cigar* court (and the Eleventh Circuit in its affirmance) rejected the reasoning in those decisions. The remaining Third Circuit decision also relied heavily on the pre-*General Cigar* cases, and explicitly acknowledged that its decision would conflict with other circuits. *See In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 294 (3d Cir. 2004) ("Currently, two sister Courts of Appeals differ as to the construction of Section 12."). UAC offers no reason why this Court should ignore *General Cigar*, and this Court should reject UAC's invitation to do so.

*Second*, by construing the Clayton Act's service clause strictly, *General Cigar* is consistent with other district court decisions from this Circuit that recognize a plaintiff cannot take advantage of the Clayton Act's nationwide service clause without first satisfying its venue provision. *E.g.*, *In re Blue Cross Blue Shield Antitrust Litigation*, 225 F. Supp. 3d 1269, 1292 (N.D. Ala. 2016) (citing *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 724 (7th Cir. 2013)).[4] That

---

[2] *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694 (5th Cir. 1999).

[3] *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406 (9th Cir. 1989).

[4] In doing so, *Blue Cross* adopted the "majority" approach to Clayton Act's nationwide service provision as set forth by the Second, Seventh, and D.C. Circuit and squarely rejected the Third and Ninth Circuit cases Plaintiff now urges this Court to accept. *Blue Cross*, 225 F. Supp. 3d at 1292 (citing *KM Enters.*, 725 F.3d at 730); *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 423-24 (2d Cir. 2005); *GTE New Media Servs. Inc. v. BellSouth*

7

provision requires UAC to plead facts that BTH "is an inhabitant," "may be found," or "transacts business" in this district.  15 U.S.C. § 22.  Here, UAC alleges venue under 28 U.S.C. § 1391, not the Clayton Act.  Compl. ¶ 21.  As such, UAC cannot invoke the Clayton Act's nationwide service provision.  But even if it did, UAC pleads no facts to establish venue under the Clayton Act.  BTH is an "inhabitant" of the Cayman Islands, where it is incorporated.  *See Amateur-Wholesale Elecs. v. R.L. Drake Co.*, 515 F. Supp. 580, 583 (S.D. Fla. 1981).  Likewise, UAC makes no showing that BTH "continuously carries on any substantial part of its activities" in this district (or, for that matter, in Florida).  *See First Pullen Commodity Servs., Inc. v. A.G. Becker-Kipnis & Co.*, 507 F. Supp. 770, 775 (S.D. Fla. 1981).  Nor does UAC allege BTH can be "found" here.  Accordingly, UAC cannot rely on the Clayton Act's nationwide service provision and must establish personal jurisdiction under Florida's long-arm statute.  *Blue Cross*, 225 F. Supp. 3d at 1292.

Finally, even if this Court considered nationwide contacts, as opposed to Florida contacts, the Court still could not exercise personal jurisdiction over BTH.  The Liu Declaration conclusively establishes that BTH has never done business in the United States and does not control the day-to-day operations of its subsidiaries.  Liu Declaration ¶¶ 2-9.  None of the new material UAC cites in its Opposition contradicts the Liu Declaration.  The mere fact that the www.bitmain.com website states that "Bitmain has research and development centers in Hong Kong, Singapore, and the United States," without more, does not establish personal jurisdiction.  Opp. at 7.  *See Fraser*, 594 F.3d 842, 851 (11th Cir. 2010).  Nor does the fact that the www.bitmain.com website directs customers to sites in the United States for returns and repairs.  *Id.* at 8.  Indeed, UAC cites no evidence to contradict the statements in the Liu Declaration that

---

*Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000) ("The language of the [Clayton Act] is plain, and its meaning seems clear: … invocation of the nationwide service clause rests on satisfying the venue provision.").

BTH is a holding company that does not operate any businesses in the United States, including the research centers and the repair facilities, and it wholly ignores that BTH has a separate operating subsidiary that conducts business in the United States – even though UAC has sued that subsidiary (Bitmain Inc.) in this very case.[5]  *See Consol. Devel. Corp. v. Sherrit, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) (rejecting argument that foreign parent could be subject to general jurisdiction based on subsidiary's marketing of products to the forum).  Thus, the Liu Declaration does not "conflict" with UAC's new material, as UAC asserts.  Opp. at 8.  Finally, the fact that customers can pay with U.S. dollars on www.bitmain.com is irrelevant from a jurisdictional perspective.  So is UAC's speculation about a possible initial public offering by an unspecified Bitmain entity in the United States.  UAC offers no authority to the contrary.  Thus, the claims against BTH should be dismissed for lack of jurisdiction.

## IV.    THE COURT SHOULD DENY UAC'S REQUEST FOR JURISDICTIONAL DISCOVERY.

The Court should deny UAC's request for jurisdictional discovery.  In the Eleventh Circuit, plaintiffs have a "qualified right" to obtain jurisdictional discovery "when there is a dispute about the 'facts that would support [the plaintiff's] allegations of jurisdiction.'"  *Aviation One of Florida, Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 878 (11th Cir. 2018) (quoting *Majd-Pour v. Georgiana Cmty. Hosp. Inc.*, 724 F.2d 901, 902 (11th Cir. 1984)).  But a district court has discretion to dismiss the action for lack of personal jurisdiction before jurisdictional discovery occurs.  *Id.*

---

[5] Courts in other jurisdictions have rejected similar attempts to exercise personal jurisdiction over a parent company based on its common corporate branding with its subsidiaries.  *See, e.g., Baker v. LivaNova PLC*, 210 F. Supp. 3d 642 (M.D. Pa. 2016); *Associated Elec. and Gas Ins. Serv. Ltd. v. American Int'l Group, Inc.*, No. 2:11CV368 DAK, 2012 WL 256146, at *2 (D. Utah Jan. 27, 2012).

Here, jurisdictional discovery should be denied.  UAC has not alleged any facts in the Complaint to support the Court's exercising personal jurisdiction over BTH.  And UAC does not explain in its request what jurisdictional discovery it seeks or what it thinks it would discover. Courts routinely reject requests for jurisdictional discovery when the plaintiff fails to articulate what facts it seeks that could show the necessary connection between the defendant and the forum. *See, e.g., id.* (denying discovery request); *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1145 (S.D. Fla. July 30, 2007) (same).  Moreover, BTH confirmed that it has no ties to Florida or the United States through the Liu Declaration.  None of the new material that UAC presented in the Opposition contradicts those facts.  Thus, there is no genuine dispute as to jurisdictional facts that would justify the request for jurisdictional discovery.  *See Schwab v. Hites*, 896 F. Supp. 2d 1124, 1138 (M.D. Fla. Sept. 14, 2012).  Because UAC has not identified any facts it could obtain to support personal jurisdiction over BTH, its request for jurisdictional discovery must be denied.

## V.      CONCLUSION

The claims against BTH should be dismissed with prejudice because the Court lack personal jurisdiction over BTH and the claims fail to state a claim upon which relief can be granted. BTH cannot correct the pleading deficiencies in the Complaint.  In addition, the Court should reject UAC's request to conduct jurisdictional discovery.

Date: November 14, 2019          Respectfully submitted,

/s/ Christopher R.J. Pace
Christopher R.J. Pace
Florida Bar No. 721166
Email:  crjpace@jonesday.com
Marc A. Weinroth
Florida Bar No. 42873
Email:  mweinroth@jonesday.com
**JONES DAY**
600 Brickell Avenue
Suite 3300
Miami, Florida  33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799

Julie M. McEvoy (*pro hac vice*)
Email:  jmcevoy@jonesday.com
**JONES DAY**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Mark W. Rasmussen (*pro hac vice*)
Email:  mrasmussen@jonesday.com
Thomas D. York (*pro hac vice*)
Email:   tdyork@jonesday.com
**JONES DAY**
2727 N. Harwood Street
Suite 500
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

*Attorneys for Defendant Bitmain Inc. and Bitmain
Technologies Holding Company*

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 14, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record for the parties.

*/s/ Christopher R.J. Pace*
Christopher R.J. Pace