UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-25106-WILLIAMS/MCALILEY

UNITED AMERICAN CORP.,

      Plaintiff,

v.

BITMAIN, INC., *et al*,

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT BITMAIN TECHNOLOGIES HOLDING COMPANY'S
MOTION TO SET ASIDE CLERK'S DEFAULT**

Before the Court is Defendant Bitmain Technologies Holding Company's ("Bitmain") Motion to Set Aside Clerk's Default. (ECF No. 96). Plaintiff opposes the motion, which is fully briefed. (ECF Nos. 102, 108). The Honorable Kathleen M. Williams has referred all pretrial matters to me. (ECF No. 46). After reviewing the briefing and the record, I find that Bitmain has shown good cause to set aside the default, and I recommend that the Court grant the motion. (ECF No. 96).

**I.    Background**

Plaintiff filed this action on December 6, 2018. (ECF No. 1). It sued five domestic and six foreign defendants, including Bitmain, which is registered in the Cayman Islands. (ECF No. 1 at 3, ¶ 11). The Complaint accuses the defendants of manipulating the cryptocurrency market for Bitcoin Cash, causing its market to crash and harming Bitcoin holders, like Plaintiff. (ECF No. 1 at 1–2, ¶¶ 1–2).

On January 18, 2019, the Court warned that it would dismiss any defendant not served within the 90 days provided by Federal Rule of Civil Procedure 4(m). (ECF No. 37). In that period, Plaintiff had served only four United States defendants. Those four defendants filed motions to dismiss. (ECF Nos. 41–43).

On March 6, 2019, Plaintiff asked the Court to extend the deadline to serve the remaining defendants. (ECF No. 47). After a status conference, I granted a six-month extension of the service deadline, to October 8, 2019. (ECF No. 59). On July 22, 2019, I held a second status conference, where I addressed the inefficiency of turning to the pending motions to dismiss before Plaintiff had served all defendants. (ECF No. 80). After the conference, I entered an order that terminated "Defendants' Motions to Dismiss . . . on purely procedural grounds pending either: (1) completion of service upon the foreign defendants; (2) the Court's October 8, 2019 deadline for service of the foreign defendants; or (3) further order of the Court." (ECF No. 78 at 1). The order then said: "Defendants may file a notice of their renew[al] of their motions to dismiss, and those motions shall be deemed refiled at that time, along with all responsive memoranda of law. Defendants are relieved of any obligation to answer the Complaint until such time." (ECF No. 78 at 1–2).

On September 20, 2019, and September 24, 2019, Plaintiff tried to file an affidavit of service, which says that Bitmain was served on June 17, 2019 (ECF Nos. 84, 87). The Clerk of Court struck both filings for filing errors. (ECF Nos. 85, 88). On October 2, 2019, Plaintiff filed a correct return of summons, which also has the June 17, 2019 service date. (ECF No. 91). Even though Plaintiff effected service on Bitmain in June, Plaintiff itself did not learn of this until months later, on September 18, 2019. (ECF No. 94 at 2, ¶ 4).

As for Bitmain, it did not learn of the service until September 20, 2019, when Plaintiff first tried to file the affidavit of return of service. (ECF Nos. 96 at 7, 108-1). As support, it provides a declaration from the attorney managing the defense of Defendant Bitmain, Inc., one of Bitmain's subsidiaries. (ECF No. 108-1). She swears under oath that she did not learn of the service until Jones Day, the litigation counsel in this case for the Bitmain entities, told her of the September 20th filing. (ECF No. 108-1 at 3, ¶ 4).

According to Bitmain, on October 2, 2019, its counsel told Plaintiff's counsel that Bitmain planned to file a motion to dismiss by the October 18 service deadline. (ECF No. 96 at 4). Bitmain says that it read my order relieving "Defendants" from "any obligation to answer the Complaint until such time" as applying to all defendants. (ECF No. 96 at 6). Bitmain also reports that, when counsel spoke on October 2nd, Plaintiff's counsel made no mention of Bitmain being in default. (ECF No. 96 at 4).

Bitmain continues that, the next day, Plaintiff's counsel emailed Bitmain's counsel, asking for another extension to serve the foreign defendants. (*Id.*). The day after that, October 4, Plaintiff moved for entry of a clerk's default against Bitmain. (ECF No. 92). Bitmain says that Plaintiff did not confer on the issue of default, and the motion for clerk's default does not contain a Southern District of Florida Local Rule 7.1(a)(3) conferral certificate. (ECF Nos. 92, 96 at 4). The same day, Plaintiff moved to extend the deadline to serve the foreign defendants by 90 days. (ECF No. 94).

Plaintiff does not dispute these facts in its response to Bitmain's motion. (ECF No. 102).

The Clerk of Court entered a default on October 7, 2019. (ECF No. 95). The next

3

day, Bitmain moved to set aside the default. (ECF No. 96). And shortly after that, it filed a motion to dismiss for failure to state a claim and for lack of personal jurisdiction. (ECF No. 99). The motion to dismiss includes a declaration from Bitmain's Chief Financial Officer. (ECF No. 99-1). He says, among other things, that Bitmain is a holding company with no business, employees, or offices in Florida or the United States. *Id.* Plaintiff opposes the motion to dismiss and has requested leave to conduct jurisdictional discovery. (ECF No. 113).

## II. Analysis

### A. *Legal Standard*

"The court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). Whether to do so is discretionary, and the standard for doing so is less stringent than the standard for vacating a default judgment. *Wells Fargo Bank, N.A. v. Forrest Capital Partners, Inc.*, No. 16-25266-CIV, 2017 WL 7726685, at *1 (S.D. Fla. Feb. 17, 2017). The defaulting party here, Bitmain, bears the burden of establishing good cause. *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018). But the movant need only make a "bare minimum showing" that it is entitled to relief. *Pure Fresh, LLC v. Liaison Can./U.S. Logistics (USA) Corp.*, No. 19-CV-60079, 2019 WL 1921991, at *1 (S.D. Fla. Apr. 30, 2019) (citations omitted). Importantly, the Eleventh Circuit disfavors defaults, maintaining a "strong policy" of determining cases on the merits. *Buchholz v. Sai Saffron 180 LLC*, No. 19-CV-21499, 2019 WL 5617927, at *1 (S.D. Fla. Oct. 31, 2019) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)).

"Good cause is a mutable and liberal standard, not susceptible to a precise formula."

4

*Sherrard*, 724 F. App'x at 738 (citation and internal quotation omitted). Courts consider three factors when evaluating good cause: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Also instructive is "whether the defaulting party acted promptly to correct the default." *Sherrard*, 724 F. App'x at 738. This is not a "talismanic" inquiry. *Id.*

Lastly, "a district court has the inherent power to dismiss an entry of default for failure to comply with rules of procedure." *Armour Grp., Inc. v. Labock*, No. 0:11-CV-61991, 2011 WL 13097032, at *1 (S.D. Fla. Nov. 14, 2011).

### B. *The default was not culpable or willful.*

A default is willful or culpable when a party displays "either an intentional or reckless disregard for the judicial proceedings." *Pure Fresh*, 2019 WL 1921991, at *2. By contrast, a default is not willful or culpable when there is "a brief delay resulting from, as examples, inadvertence or mistake, or confused litigation or case management strategy. . . ." *Id.*; *see Gentile v. Am. Recovery Serv. Inc. of California*, No. 16-CV-81649, 2016 WL 11214090, at *2 (S.D. Fla. Nov. 15, 2016) (vacating default where "a series of crossed communications" led to delay in responding to complaint); *Carro v. Integrated Tech Grp.*, LLC, No. 14-23788-CIV, 2015 WL 12723028, at *1 (S.D. Fla. Apr. 27, 2015) (vacating default when "Defendant did not believe that the untimely amended complaint was operative").

Here, the record shows that Bitmain's default resulted from, at worst, an incorrect

but not unreasonable interpretation of my order setting the October 18th service deadline. When I wrote in that order that "Defendants are relieved of any obligation to answer the Complaint," I was referring to the Defendants who had been served and filed motions to dismiss, and not to the "foreign defendants" yet to be served. (ECF No. 78). I did not define "Defendants" and "foreign defendants." And since the already-served Defendants would likely renew their motions to dismiss, an obligation to "answer the Complaint" could easily be taken as referring to defendants who had yet to move to dismiss or answer the Complaint. This left room for misunderstanding the order.

Of course, the prudent thing for Bitmain to do, if it considered the order confusing, was to seek clarification. And when Bitmain informed Plaintiff that it intended to file a motion to dismiss by October 18, Plaintiff certainly should have then alerted Bitmain's counsel that it considered Bitmain to be in default. Instead, Plaintiff filed a motion for default without first conferring in good faith. On balance, Bitmain's actions do not warrant a default. *See Wells Fargo*, 2017 WL 7726685, at *2 (vacating default even though "Defendants should have been more vigilant in defending this lawsuit and should have ensured timely responses to the Complaint were filed").

I also credit Bitmain's explanation that it did not learn of service upon it until September 20, 2019, when Plaintiff first tried to file the service return. Bitmain provides a declaration from an attorney who states, under oath, that she did not learn of the service until litigation counsel informed her of the attempted filing. (ECF No. 108-1 at 3, ¶ 4). I have no reason to doubt her sworn statement.

Lastly, Bitmain moved to vacate the default the day the clerk entered that default,

6

which also weighs in favor of vacating the default. *Bent v. Smith, Dean & Assocs., Inc.*, No. 3:11-CV-66-J-TEM, 2012 WL 1325031, at *2 (M.D. Fla. Apr. 17, 2012) (finding insufficient evidence that default was culpable or willful because defendant moved to set aside default less than one month after being defaulted).

In sum, guided by the strong preference for resolving cases on their merits, I find that the default was not culpable or willful.

### C.  *Plaintiff will not be prejudiced.*

Plaintiff does not address the prejudice factor in its opposition, and thus concedes the unassailable point that vacating the default will not prejudice the parties. *See Barboza v. Drummond Co., Inc.*, No. 06-61527-CIV, 2007 WL 9701028, at *2 (S.D. Fla. Nov. 20, 2007) (explaining that court may treat arguments as conceded when not addressed in opposition). Although pending for almost a year, this case is not yet at issue due to the extended time granted to Plaintiff to serve the foreign defendants. Indeed, Plaintiff has a pending request for another 90 days to complete service. (ECF No. 94). All Defendants whom Plaintiff has served have filed motions to dismiss, and those motions are pending. (ECF Nos. 97–99, 116). And the Court has not issued a scheduling order because, again, the case is not at issue, and not all named parties are available to confer on pretrial deadlines and trial dates.

For those reasons, allowing the claim against Bitmain to continue on the merits will not prejudice Plaintiff.

### D.  *Bitmain has presented a meritorious defense.*

Whether Bitmain has presented a meritorious defense is a limited question: the

inquiry is not whether the defense has merit, but whether it is "entirely devoid of merit." *Lopez v. Colonial Grp. of Am. Corp.*, No. 12-22208-CIV, 2013 WL 1503260, at *2 (S.D. Fla. Apr. 12, 2013). The movant does not need to show "likelihood of success of a defense." *Lake James Assocs., Inc. v. Summit Techs., L.L.C.*, No. 8:06-CV-692-T-17TBM, 2006 WL 2789144, at *2 (M.D. Fla. Sept. 26, 2006). Rather, the movant only needs to show a "hint of a suggestion" that the defense has merit. *Grupo Especializado de Servicios Aeros S de RL de CV v. VP Sales & Consulting, Inc.*, No. 16-60937-CIV, 2016 WL 10953911, at *2 (S.D. Fla. June 30, 2016). And that defense can be one attacking personal jurisdiction. *See, e.g., Worldwide Distribution, LLLP v. Everlotus Indus. Corp.*, No. 3:16-CV-26-J-39JBT, 2016 WL 8999083, at *2 (M.D. Fla. May 20, 2016).

Here, Bitmain has filed a motion to dismiss for failure to state a claim, adopting the arguments already raised by other Defendants. (ECF No. 99 at 6). But for our purposes, it is enough to focus on Bitmain's personal jurisdiction challenge. Bitmain argues that the Court has no personal jurisdiction over it because, among other reasons, it is simply a holding company with no business, employees, or offices in Florida or the United States. (ECF No. 99-1). Plaintiff has requested jurisdictional discovery to address the personal jurisdiction argument; that request strongly "hints" that the "defense's facts constitute a meritorious defense at law." *Lake James*, 2006 WL 2789144, at *2.

Plaintiff did not address this factor either, again, conceding the point. *See Barboza*, 2007 WL 9701028, at *2.

In sum, this limited inquiry leads me to conclude that Bitmain has presented a meritorious defense.

### E. *The clerk's default was procedurally faulty.*

Local Rule 7.1(a)(3) requires counsel to meet and confer before filing any motion, with some exceptions, none of which include motions for default. S.D. Fla. L.R. 7.1(a)(3). Counsel must then include, in the motion, a certificate that he or she conferred with opposition counsel or could not confer. *Id.* The rule warns that "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." *Id.*

In *Armour*, Judge Dimitrouleas set aside a clerk's default because the plaintiff had failed to include the Local Rule 7.1(c)(3) conferral certificate. *Armour*, 2011 WL 13097032, at *1. Judge Dimitrouleas explained that because "[d]efaults are disfavored," and given the "longstanding preference in federal courts that litigation disputes be resolved on their merits," district courts have "the inherent power to dismiss an entry of default for failure to comply with rules of procedure." *Id.* I agree with that assessment, which holds particular sway in this case because Plaintiff's counsel conferred with Bitmain's counsel on other issues right before he moved for a clerk's default, but did not discuss Plaintiff's view that Bitmain was in default.

Consequently, I recommend that the Court, whether as an additional or alternative reason, vacate the clerk's default because of Plaintiff's failure to comply with Local Rule 7.1(a)(3).

9

### III. Recommendation

Based on the foregoing, I find that good cause exists to set aside the clerk's default and respectfully recommend that the Court **GRANT** Bitmain Technologies Holding Company's Motion to Set Aside Clerk's Default (ECF No. 96) and **VACATE** the clerk's default (ECF No. 95).

### IV. Objections

**No later than 14 days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with The Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, this 22nd day of November 2019.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
   All counsel of record