## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:18-cv-25106-KMW

UNITED AMERICAN CORP.,

               Plaintiff,

   v.

BITMAIN, INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

               Defendants.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS BITMAIN TECHNOLOGIES LTD. AND JIHAN WU'S MOTION TO DISMISS THE COMPLAINT UNDER FED. R. CIV. P. 12(b)(2), 12(b)(5) AND 12(b)(6) -AND- ALTERNATIVELY, PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

Plaintiff United American Corp. ("UAC") hereby responds in opposition to Defendant Bitmain Technologies Ltd. ("Bitmain HK") and Jihan Wu's ("Wu") Motion to Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(2), 12(b)(5) and 12(b)(6) (the "Motion") [ECF No. 116], and, alternatively, moves for leave to conduct jurisdictional discovery, and in support, states the following.

### Introduction

In the Motion, Bitmain HK and Wu join in the Rule 12(b)(6) arguments for dismissal raised by Bitmain, Inc. and, to the extent the arguments are not defendant-specific, in the

1

arguments raised by all other defendants. UAC responds in opposition by incorporating by reference its earlier-filed responses to those defendants' motions to dismiss. *See* ECF Nos. 49, 103.

In addition, Bitmain HK and Wu argue they should be dismissed because they were served under the Hague Convention four business days after this Court's October 8, 2019 service deadline, *see* ECF No. 59, and because this Court lacks personal jurisdiction over them. This Court should exercise its discretion to extend the deadline to serve Bitmain HK and Wu up to and including October 14, 2019, when Bitmain HK and Wu picked up the summons and complaint from the court in China.

This Court should also deny Bitmain HK and Wu's request to be dismissed on personal jurisdiction grounds. These parties have sufficient contacts with the United States to render the exercise of personal jurisdiction over them appropriate under the Fifth Amendment. Bitmain HK and Wu's conclusory declarations do not adequately shift the burden back onto UAC to demonstrate the existence of personal jurisdiction. To the extent, however, that this Court determines that there is a factual dispute on the issue of Bitmain HK and Wu's United States' contacts, UAC respectfully requests leave to conduct jurisdictional discovery.

<u>**Argument**</u>

**I.     This Court Should Exercise Its Discretion to Extend the Deadline to Obtain Service Over Bitmain HK and Wu Up to and Including October 14, 2019.**

This Court has broad discretion to extend the time in which to serve a foreign defendant. *See Harris v. Orange S.A.*, 636 Fed. Appx. 476, 485 (11th Cir. 2015). In fact, Federal Rule of Civil Procedure 4(m) governs the time limit for service on a defendant, but expressly "does not apply to service in a foreign country under Rule 4(f)." Fed. R. Civ. P. 4(m). "This rule seems to

recognize that the timeliness of foreign service is often out of the plaintiff's control." *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005).

In the Eleventh Circuit, a "flexible due diligence" standard applies when there is a challenge to the timeliness of foreign service.  In this case, UAC was diligent in its effort to serve Bitmain HK and Wu in China under the Hague Convention.  *See* ECF 94, 104.  By August 9, 2019, UAC had taken all steps within its control to effect service upon these foreign defendants. *See* ECF No. 81.  According to Luyao Liu ("Liu"), it took an additional two months for the Highest Court in China to contact these defendants about collecting the legal documents.  *See* ECF No. 116-1 at ¶ 13.  UAC has no way to determine whether earlier attempts had been made to contact these foreign defendants.  At any rate, service was effected on October 14, 2019, just **four business days** after this Court's October 8, 2019 service deadline, *see* ECF No. 59.  It bears noting that UAC was also diligent in seeking an extension of time for it to effect service on the foreign defendants who had yet to be served (or whose service UAC could not confirm).  *See* ECF No. 94.

In light of UAC's considerable effort and expense in effecting service over the foreign defendants, including Bitmain HK and Wu, the negligible additional time past the Court's deadline that it took to effect service upon Bitmain HK and Wu, the fact that the Rules implicitly acknowledge the difficulty in effecting service abroad, the fact that Bitmain HK and Wu clearly knew about this lawsuit since they are represented by the same counsel that represents related entities, and the fact that a dismissal of these defendants would only result in the necessity to re-file and re-serve the complaint, "which would be a waste of time and resources," UAC respectfully asks that this Court exercise its discretion and find that UAC acted with sufficient due diligence in obtaining service.  *United States v. Galeno*, No. 3:15cv442, 2016 WL 9087257,

at *1 (N.D. Fla. June 3, 2016); *see also Johnson v. City of Clanton, Alabama*, No. 2:04-CV-117-F, 2005 WL 1618556, at *5 (M.D. Ala. 2005) (exercising discretion to extend time for domestic service where plaintiff served defendant four days after 120 day deadline); *Waters v. Cook's Pest Control, Inc.*, No. 2:07-CV-00394-LSC, 2008 WL 11423845, at *2 (N.D. Ala. 2008).  As such, the Motion to dismiss on Rule 12(b)(5) grounds should be denied.

## II.     The Motion to Dismiss on Rule 12(b)(2) Grounds Should Also Be Denied.

Bitmain HK and Wu's Motion to Dismiss on Rule 12(b)(2) grounds should likewise be denied because the requirements for exercising personal jurisdiction are satisfied here.

"When the personal jurisdiction of a federal court is invoked based upon a federal statute providing for nationwide or worldwide service, the relevant inquiry is whether the respondent has had sufficient minimum contacts with the United States."  *In re S1 Corp. Securities Litigation*, 173 F. Supp. 2d 1334, 1345 (N.D. Ga. 2001).  This case involves a Sherman Act claim.  *See* Compl. ¶¶ 80-85; 15 U.S.C. §§ 1-38.  The Clayton Act allows for a private right of action under the substantive provisions of the Sherman Act, and it is the basis for UAC's Sherman Act claim against Bitmain HK and Wu.  *See* Compl. ¶¶ 80-85.  Section 12 of the Clayton Act provides:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, **or wherever it may be found**.

15 U.S.C. § 22.  "It is undisputed that the second clause [of Section 12] authorizes nationwide, *indeed worldwide*, service of process on a defendant corporation in federal antitrust litigation." *In re Auto. Refinishing Paint Antitrust Litigation*, 358 F.3d 288, 293 (3d Cir. 2004) (emphasis added).

Moreover, "[w]hen jurisdiction is invoked under the Clayton Act, the court examines the defendant's contacts *with the United States as a whole* to determine whether the requirements of due process have been met." *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 718 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000) (emphasis added); *In re Auto. Refinishing Paint Antitrust Litigation*, 358 F.3d at 299; *see also Azalp LLC v. Silverstein*, 14-10079, 2015 WL 12711232, at *4 (S.D. Fla. Aug. 14, 2015) ("Finding that 18 U.S.C. § 1965 permits service, the Court must now determine whether the Fifth Amendment's Due Process Clause constrains [the] federal court's power to exercise personal jurisdiction via nationwide service of process.") (analyzing RICO statute's comparable nationwide service of process provision) (citation and internal marks omitted).

Bitmain HK and Wu argue that their nationwide contacts are not to be considered because they were served pursuant to the Hague Convention, not the Clayton Act. Mot. at 13-14. They cite only to *General Cigar Holdings v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1340 (S.D. Fla. 2002) as support. Respectfully, *General Cigar Holdings*, a case that is not binding on this court, was incorrect when it held that service on a foreign defendant under the Hague Convention meant that only contacts with the forum state, not national contacts, could be considered under the personal jurisdiction analysis.[1] *See generally*, Litigation of Int'l Disputes in U.S. Courts § 1:14 (March 2019) ("*General Cigar* would therefore appear to improperly stand for the proposition that service under the Clayton Act's *worldwide* service rule cannot employ the Hague Service Convention. *General Cigar* would reflect the proper rule if the statute at issue provided for national service, *but not* worldwide service.").

---

[1] In *Steinberg v. A Analyst Ltd.*, No. 04-60898, 2009 WL 838989 (S.D. Fla. Mar. 26, 2009), the Court considered the same argument and declined to state whether *General Cigar*'s holding should be followed.

50902906;1

The Eleventh Circuit has not weighed in on this issue, but other Circuits have agreed that nationwide contacts should be considered to determine whether personal jurisdiction exists over a foreign defendant under the Clayton Act. *See In re Auto. Refinishing Paint Antitrust Litigation*, 358 F.3d 288, 293 (3d Cir. 2004) (service under Hague Convention; national contacts provided correct analysis); *see generally Access Telecom*, 197 F.3d at 718 (5th Cir. 1999) (national contacts form basis for personal jurisdiction analysis in actions under Clayton Act), *cert. denied*, 531 U.S. 917 (2000); *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406 (9th Cir. 1989) (same). This Court should align itself with those courts and find that national contacts determine whether personal jurisdiction exists over a foreign defendant alleged to have violated the Clayton Act.

The Complaint adequately alleges that Bitmain HK and Wu have sufficient contacts with the United States such that this Court may exercise personal jurisdiction over them. The Complaint alleges that, "Defendants have engaged in business in the State of Florida and have purposely availed themselves of the benefits and privileges of conducting business in this jurisdiction." Compl. ¶ 20. Moreover, it describes Bitmain HK and the other Bitmain entities' (BitMain, Inc.[2] and BitMain Technologies Holding Company) worldwide dominance in the area of ASIC chips, which are used to power the Antminer series of mining servers. Compl. ¶ 51. It further alleges that Bitmain HK and the other Bitmain entities operates Antpool and BTC.com, two of the largest BitCoin and BitCoin Cash mining pools in the world. *Id.* ¶ 53. And, it alleges that Bitmain HK and the other Bitmain entities provide hash power to BitCoin.com, who has

---

[2] BitMain, Inc. is a Delaware corporation with its principal place of business in California. Compl. ¶ 7. It has appeared in this case, and filed a motion to dismiss on other, non-jurisdictional grounds. ECF Nos. 42, 97.

50902906;1

servers and programmers in the United States.  *Id.* ¶ 54.  Wu is the founder of Bitmain HK.  *Id.* ¶ 51.

To create some doubt about their United States contacts, Bitmain HK and Wu attach conclusory declarations to their Motions.  In Bitmain HK's declaration, Liu, Bitmain HK's Chief Financial Officer,[3] makes self-serving, conclusory statements, such as, "Bitmain HK maintains its own corporate books and financial records, and it is operated independently of other Bitmain entities," Liu Decl. ¶ 12, and, "The Court's exercise of jurisdiction over Bitmain HK would pose a substantial burden because it would have to devote significant resources to defend this action in Florida, half a world away from where the company is based."  Liu Decl. ¶ 13.  It bears noting that, while Bitmain HK is purportedly "operated independently of other Bitmain entities," Liu is also the Chief Financial Officer of Defendant Bitmain Technologies Holding Company.  *See* ECF No. 99-1.  Liu's conclusory statements are the types of conclusions that the Eleventh Circuit has previously disregarded in determining whether personal jurisdiction exists.  *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999) ("The Struth Affidavit's conclusory assertions of ultimate fact are insufficient to shift to the Plaintiffs the burden of producing evidence supporting jurisdiction."); *Air Turbine Tech., Inc. v. Atlas Copco AB*, 235 F. Supp. 2d 1287, 1290 (S.D. Fla. 2002) (disregarding conclusory statements in declaration offered in support of motion to dismiss on personal jurisdiction grounds).

Even assuming that the statements in the Liu and Wu Declarations adequately shifted the burden back onto UAC to establish jurisdiction, publicly available information demonstrates that Bitmain HK and Wu are subject to this Court's personal jurisdiction.  Recent news articles have stated that Bitmain HKhas filed a confidential initial public offering with the United States

Securities and Exchange Commission.[4]  *See* Perez, Yessi B., Bitmain Quietly Filed for a US IPO With Deutsche Bank as its Sponsor, The Next Web (Oct. 30, 2019), available at https://thenextweb.com/hardfork/2019/10/30/cryptocurrency-mining-manufacturer-bitmain-reportedly-filed-for-a-us-ipo-with-deutsche-bank-as-its-sponsor/ (last visited Nov. 25, 2019), attached hereto as **Exhibit "A**."  Bitmain HK is also reported to have leased office space in San Jose, California.  *See* Bitters, Janice, Exclusive: Chinese Cryptocurrency Giant Fills Last Vacancy in Downtown San Jose Office Tower, available at https://www.bizjournals.com/sanjose/news/2018/07/16/bitmain-technologies-san-jose-office-riverpark.html?s=print (last visited Nov. 25, 2019), attached hereto as **Exhibit "B."**  This commercial space is the same one advertised on the "Contact Us" page of the Bitmain.com website.  *See* https://www.bitmain.com/contact (last visited Nov. 25, 2019), attached hereto as **Exhibit "C."**  Bitmain HK is also reported to have made a $500 million investment in a Rockdale, Texas blockchain data center.  *See* Bitmain Chooses Rockdale, Texas, for Newest Blockchain Data Center: Company Anticipates New Facility Will Initiate Operations in Early 2019 and Be Fully Operational in about 2 Years, Bringing 400 New Jobs, available at https://www.businesswire.com/news/home/20180806005156/en/Bitmain-Chooses-Rockdale-Texas-Newest-Blockchain-Data (last visited Nov. 25, 2019), attached hereto as **Exhibit "D."**  To the extent that the Liu Declaration conflicts with this evidence, "the court must construe all reasonable inferences in favor of the plaintiff."  *Elandia International, Inc. v. Ah Koy*, 690 F. Supp. 2d 1317, 1327 (S.D. Fla. 2010).

These substantial contacts with the United States render Bitmain HK amenable to this Court's personal jurisdiction.  Moreover, it was Bitmain HK's burden to "prove that assertion of

---

[4] Because the filing is confidential, UAC cannot ascertain with certainty which Bitmain entity made the filing.

jurisdiction in this forum will make litigation so gravely difficult and inconvenient that [it] will be at a severe disadvantage in comparison to Plaintiff." *Azalp LLC*, 2015 WL 12711232, at *4. Liu's conclusory statement that, "[t]he Court's exercise of jurisdiction over Bitmain HK would pose a substantial burden because it would have to devote significant resources to defend this action in Florida, half a world away from where the company is based," does not suffice.  Liu Decl. ¶ 14.  As Bitmain HK has shown, it will simply utilize the same attorneys defending this action on behalf of related entity, BitMain, Inc., and its defenses already overlap with those of BitMain, Inc.  Plus, Bitmain HK cannot be heard to complain about having to defend this action in the United States when it has elected to market its cryptocurrency products to United States purchasers, establish repair sites within the United States, and is likely controlled by an individual who resided in California (Defendant Wu).[5]

With respect to Defendant Wu, his eight-paragraph declaration fails to adequately raise an issue as to this Court's personal jurisdiction over him.  *See* ECF No. 116-2.  Whereas Liu's Declaration addresses Bitmain HK's United States contacts, Wu's Declaration focuses only on Wu's *Florida* contacts, rather than the nationwide contacts that provide the correct point of reference for the jurisdictional analysis under the Sherman and Clayton Acts.  Accordingly, Wu has failed to rebut the allegations of personal jurisdiction contained in the Complaint.[6]

Finally, because personal jurisdiction is appropriate under Count I for violation of the Sherman and Clayton Acts, it is likewise appropriate with respect to the pendent state law claims

---

[5] *See* Compl. ¶ 12.

[6] Publicly available information, however, also demonstrates that Wu is at home in the United States based on his substantial contacts with this forum.  He often speaks publicly in the United States on topics regarding blockchain.  *See, e.g.,* DC Blockchain Summit 2018, Georgetown University, available at https://www.youtube.com/watch?v=vbNMYfqTCkA (last visited Nov. 25, 2019); Washington Elite AI Blockchain Summit, https://washingtonelite.com/# (last visited Nov. 25, 2019).

asserted in the Complaint. *Azalp LLC*, 2015 WL 12711232, at *5; *In re Takata Airbag Products Liability Litigation*, 396 F. Supp. 3d 1101, 1168 (S.D. Fla. 2019). This is so because the state law claims "clearly arise from a common nucleus of operative facts" as the Sherman Act claim. *In re Takata Airbag Products Liability Litigation*, 396 F. Supp. 3d at 1168. For these reasons, the Motion should be denied.

**III.    If Additional Facts Are Required To Establish Personal Jurisdiction, UAC Should Be Afforded the Opportunity to Conduct Jurisdictional Discovery.**

Even if Bitmain HK and Wu have raised sufficient factual issues through their submission of the Liu and Wu Declarations to shift the burden back onto UAC to demonstrate a basis for asserting personal jurisdiction, to the extent that the parties' evidence conflicts, dismissal is not warranted. Instead, the proper course would be to permit UAC limited discovery on the issue of personal jurisdiction, or to allow UAC to conduct jurisdictional discovery along with all other merits discovery and to reconsider this issue upon a renewed motion by Bitmain HK and Wu after the discovery period has closed.[7] *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made."); *Hakky v. Washington Post Co.*, No. 8:09-cv-2406-T-30MAP, 2010 WL 2573902, at *6 (M.D. Fla. June 24, 2010) (permitting plaintiff to obtain jurisdictional discovery simultaneously with merits discovery, while preserving the defendant's objection on personal jurisdiction grounds, and permitting the issue to be briefed after the discovery period). To do otherwise is to permit defendants like Bitmain HK and Wu to avoid answering for their misconduct simply by

---

[7] Currently, discovery is stayed until such time as the Court resolves the pending motions to dismiss. *See* ECF No. 59.

"withholding information on [their] contacts with the forum." *Mother Doe I v. Maktoum*, 632 F. Supp. 2d 1130, 1145 (S.D. Fla. 2007). Therefore, UAC respectfully requests that, if the Court finds that a factual dispute exists on the extent of Bitmain HK and Wu's United States contacts, that it permit UAC an opportunity to conduct discovery on that issue. In particular, UAC requests discovery related to the publicly reported United States contacts of these defendants, as well as to the matters raised in the Bitmain HK and Wu declarations.

**IV.    If the Court Dismisses, Dismissal Should be Without Prejudice.**

Should this Court decide to dismiss Bitmain HK and Wu on personal jurisdiction grounds, the dismissal should be without prejudice. *Posner*, 178 F.3d at 1221.

## CONCLUSION

For the foregoing reasons, Bitmain HK and Wu's Motion should be denied. In the alternative, UAC respectfully requests that this Court permit it to conduct discovery relating to Bitmain HK and Wu's contacts with the United States.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with counsel for Bitmain HK and Wu in a good faith effort to resolve the issues but has been unable to resolve the issues. Counsel for Bitmain HK and Wu has advised that Bitmain HK and Wu are opposed to the alternative relief (jurisdictional discovery) sought herein.

Dated:  November 26, 2019                  Respectfully submitted,

By:  *s/ Brian P. Miller*
Brian P. Miller
Florida Bar No. 0980633
brian.miller@akerman.com
Lorayne Perez
Florida Bar No. 085265
Lorayne.perez@akerman.com
Joanne Gelfand

50902906;1

Florida Bar No. 515965
Joanne.gelfand@akerman.com

AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Tel: 305-374-5600
Fax: 305-374-5095

*Attorneys for Plaintiff United American Corp.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *Lorayne Perez*
Lorayne Perez

12