**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:18-CV-25106-KMW**

UNITED AMERICAN CORP.,

    Plaintiff,

  v.

BITMAIN INC., SAINT BITTS LLC d/b/a
BITCOIN.COM, ROGER VER, BITMAIN
TECHNOLOGIES LTD., BITMAIN
TECHNOLOGIES HOLDING COMPANY,
JIHAN WU, PAYWARD VENTURES, INC.
d/b/a KRAKEN, JESSE POWELL,
AMAURY SECHET, SHAMMAH
CHANCELLOR, and JASON COX,

    Defendants.

---

**DEFENDANT BITMAIN TECHNOLOGIES LTD. AND JIHAN WU'S
REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT
UNDER FED. R. CIV. P. 12(b)(2), 12(b)(5) AND 12(b)(6)
AND
OPPOSITION TO PLAINTIFF'S MOTION
<u>FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY</u>**

The Court should grant Bitmain Technologies Ltd. ("Bitmain HK") and Jihan Wu's Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(6) ("Motion"). Nothing United American Corp. ("UAC") argues in its brief opposing the Motion ("Opposition" or "Opp.") supports a different conclusion. *First*, UAC has not shown good cause to extend the service deadline. *Second*, UAC has failed to meet its burden to show that the exercise of jurisdiction over Bitmain HK or Wu satisfies both Florida's long-arm statute and due process. The allegations in the Complaint do not establish general or specific personal jurisdiction over Bitmain HK or Wu. And none of the new material UAC cites contradicts the facts that Bitmain HK and Wu presented to show that they have no ties to Florida. Faced with this reality, UAC incorrectly argues that the relevant forum for jurisdictional connections is the entire United States. But Eleventh Circuit law is clear that a defendant served under the Hague Convention must have sufficient contacts with Florida, not the entire United States, to satisfy due process. And even if the United States were the relevant forum, the Court still would not have personal jurisdiction over Bitmain HK or Wu. *Third*, the Court should deny UAC's request to conduct jurisdictional discovery because UAC has failed to plead a basis for personal jurisdiction over Bitmain HK or Wu and has not articulated what facts it might elicit in discovery to contradict the evidence that Bitmain HK and Wu provided to show that they have no ties to the forum. Thus, the Court should grant the Motion and deny UAC's request for jurisdictional discovery.

**I.     UAC HAS NOT SHOWN GOOD CAUSE TO FURTHER EXTEND THE SERVICE DEADLINE.**

UAC has not shown that it was diligent in serving Bitmain HK or Wu. Good cause for an extension of a service period "exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation and brackets omitted). Here, UAC's

inadvertence and neglect prevented service during the period ordered by the Court, and the Court should deny its request for extra time.

UAC concedes that it did not serve Bitmain HK or Wu within the deadline set by the Court. Initially, the Court set the deadline of March 6, 2019 for service. ECF No. 37. On April 10, 2018, the Court "provisionally" allowed UAC an additional six months, ECF No. 59, but declined to give UAC a "blank check" to effect service. Transcript of 4/8/19 Telephonic Discovery Hearing Proceedings at 5:5-7, ECF No. 75. UAC maintains that it had taken "all steps within its control to effect service" by August 9, 2019. Opp. at 3, ECF No. 120. Yet it fails to identify any of the dates on which it took those steps. It did not explain, for example, when it completed translating the summons and Complaint, when it hired a third-party process server, or when it delivered the USM-94 Requests for Service Abroad of Judicial or Extrajudicial Documents to the relevant authorities.

At most, we know that UAC took *eight months* from filing the Complaint to complete those steps, all of which were under its control. And it took another two months beyond that for service to be completed. This is a record of delay and negligence, not of diligence. UAC was put on notice in January 2019, when the Court issued its first order on service, that the Court expected all defendants to be served promptly. UAC was also put on notice in April 2019, when the Court granted UAC a six-month service extension, that it did not have a "blank check" to effect service. Ten months is long enough. For these reasons and those stated in the Joint Opposition to Plaintiff's Motion for Enlargement of Time for Service, ECF No. 100, which Bitmain HK and Wu adopt, the Court should deny the request for a further extension.

II.   **UAC HAS FAILED TO SHOW THAT THIS COURT CAN EXERCISE PERSONAL JURISDICTION OVER BITMAIN HK OR WU.**

UAC does not dispute that it has the burden of making a *prima facie* showing that personal jurisdiction exists over a defendant. *Leon v. Continental AG*, 301 F. Supp. 3d 1203, 1214 (S.D.

2

Fla. 2017) (Williams, J.). Nor does it dispute that it initially must meet that burden by making non-conclusory jurisdictional allegations. *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1385 (S.D. Fla. 2014); *Leon*, 301 F. Supp. 3d at 1215. Further, UAC agrees that unless and until it can make such a showing, the burden does not shift to Bitmain HK and Wu to raise a challenge to personal jurisdiction through declarations and other evidence. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). Since UAC has not shown that it has met its initial burden, the burden has not shifted to Bitmain HK or Wu and the claims against them must be dismissed.

  **A.** **UAC has failed to show that exercising personal jurisdiction over Bitmain HK or Wu satisfies Florida's long-arm statute or due process.**

As non-residents of Florida, Bitmain HK and Wu are subject to personal jurisdiction in Florida only if UAC shows that the exercise of jurisdiction satisfies both Florida's long-arm statute and the due process requirements of the United States Constitution. *Leon*, 301 F. Supp. 3d at 1214. UAC has done neither. The Complaint does not cite the Florida long-arm statute, explain how it is satisfied here, or show how due process requirements are met. Nor does UAC's Opposition. Instead, UAC leaves the Court, Bitmain HK and Wu to guess upon what basis UAC believes the Court can exercise personal jurisdiction and how the demands of due process have been met. This is not sufficient to satisfy UAC's burden. *Enic, PLC v. F.F. South & Co., Inc.*, 870 So.2d 888, 890 (Fla. 5th DCA 2004) (plaintiff "must first allege sufficient facts in the complaint in support of long arm jurisdiction") (quoting *John Scott, Inc. and John Scott Int'l, Inc. v. Munford, Inc. and Asian Arts, Inc.*, 670 F. Supp. 344, 345 (S.D. Fla. 1987)).

  **B.** **The allegations in the Complaint do not establish either general or specific personal jurisdiction over Bitmain HK or Wu.**

UAC fails to allege in the Complaint or explain in the Opposition whether it contends that the Court can exercise general jurisdiction, specific jurisdiction or both over Bitmain HK and Wu.

3

The Court need not divine UAC's jurisdictional theory, however, because UAC has not shown that the Court has *either* general or specific jurisdiction over Bitmain HK or Wu.

UAC cites four allegations that purportedly tie Bitmain HK to Florida. Opp. at 6 (citing Compl. ¶¶ 20, 51, 53, 54). But none shows that Bitmain HK is engaged in "substantial and not isolated activity" within Florida such that it is "essentially at home" here—which is required to establish general jurisdiction under Florida's long-arm statute. Fla. Stat. § 48.193(2); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015). Nor do the allegations show that UAC's claims arise out of or relate to Bitmain HK's contacts with Florida—which is required to establish specific jurisdiction under Florida's long-arm statute. Fla. Stat. § 48.193(1)(a); *Leon*, 301 F. Supp. 3d at 1214. The first of the four allegations UAC cites is a vague and conclusory assertion that all "Defendants" have engaged in business in Florida (Compl. ¶ 20), which is not sufficient under either theory. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006); *In re Takata Airbag Prods. Liab. Litig.*, MDL No. 2599, 2019 WL 2570616, at *28 (S.D. Fla. June 20, 2019). The rest suffer from two defects: (1) they improperly conflate all of the Bitmain corporate Defendants into one and (2) they do not show any connection to Florida. Compl. ¶¶ 51, 53, 54; *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) ("aggregating [multiple defendants'] forum contacts" was "plainly unconstitutional"); *Fraser v. Smith*, 594 F.3d 842, 851 (11th Cir. 2010) (insufficient ties between the claims and the foreign defendant's activities in Florida to establish specific jurisdiction).

Nor is it sufficient for UAC merely to allege that Wu is the founder of Bitmain HK because acts within the scope of one's work are irrelevant for assessing personal jurisdiction over the individual, and in any event, UAC's assertion does not establish the type of "pervasive," "continuous," or "systematic" contacts that courts require. *Lavalle v. One Buckhead Loop Condo.*

4

*Ass'n, Inc.*, No. 08-80894-CIV-HURLEY, 2008 WL 11464842, at *7 (S.D. Fla. Nov. 3, 2008), *report and rec. adopted*, 2008 WL 11464843 (S.D. Fla. Nov. 26, 2008); *Int'l Textile Grp. v. Interamericana Apparel*, No. 08-22859-CIV, 2009 WL 4899404, *4 (S.D. Fla. Dec. 14, 2009). UAC does not address these points in its Opposition. Nor does UAC contradict Bitmain HK and Wu's argument that they do not have sufficient minimum contacts with Florida to satisfy due process. Thus, the Court must dismiss the claims against Bitmain HK and Wu for lack of personal jurisdiction.

    **C.** **The evidence submitted to the Court establishes that the Court cannot exercise general or specific personal jurisdiction over Bitmain HK or Wu.**

UAC quibbles with the declarations Bitmain HK and Wu submitted as exhibits to the Motion ("Liu Declaration" and "Wu Declaration"). As an initial matter, the Court needs to consider the Liu Declaration and Wu Declaration only if UAC has carried its burden of alleging a *prima facie* case showing that the Court has personal jurisdiction over Bitmain HK and/or Wu— which UAC has failed to do. *Internet Sols. Corp.*, 557 F.3d at 1295.

In any event, none of the criticisms UAC levels at the Liu Declaration or Wu Declaration carry any weight. UAC challenges the Liu Declaration for containing a "self-serving, conclusory statement" that Bitmain HK has its own books and records and is operated independently of other Bitmain entities. Opp. at 7. But that is not conclusory. It is a factual statement within Mr. Liu's knowledge and is highly relevant because each corporate defendant's contacts must be assessed individually, which is a point UAC does not refute. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *see also Consol. Dev. Corp. v. Sherrit, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000). Indeed, UAC cites a case that dismissed claims for lack of personal jurisdiction based on an affidavit that is very similar to the Liu Declaration. *Air Turbine Tech., Inc. v. Atlas Copco AB*,

5

235 F. Supp. 2d 1287 (S.D. Fla. 2002).[1]  Moreover, contrary to UAC's argument (Opp. at 7), the fact that Mr. Liu has a position at both Bitmain HK and BitMain Technologies Holding does not change the fact that the two entities are distinct and operate independently.  *Unitedhealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, No. 16-81180-CIV, 2017 WL 1832436, at *7 (S.D. Fla. May 8, 2017) (overlapping directors and officers does not destroy corporate separateness for personal jurisdiction purposes).  As for the Wu Declaration, UAC's only argument is that it does not address his nationwide contacts.  But Wu's nationwide contacts are irrelevant.  *See infra* Section III.

Furthermore, none of the new material UAC cites in its Opposition establishes **any** ties to Florida, much less ties sufficient for the Court to exercise general or specific jurisdiction over Bitmain HK or Wu.  Indeed, it does not establish that Bitmain HK or Wu conducted "substantial and not isolated activity" in Florida, nor does it show any conduct by them in Florida that gives rise to the claims asserted against Bitmain HK or Wu.  Thus, UAC fails to satisfy Florida's long-arm statute, and the claims against Bitmain HK and Wu must be dismissed.  Fla. Stat. § 48.1931(1)(a)-(2).

### III. THE RELEVANT FORUM FOR JURISDICTIONAL CONTACTS IS FLORIDA.

Because UAC cannot allege sufficient contacts with Florida by either Bitmain HK or Wu, UAC urges this Court to consider their nationwide ties to the United States.  In so doing, UAC asks this Court to ignore a ruling from this District, affirmed by the Eleventh Circuit, that a defendant served under the Hague Convention must have sufficient contacts with Florida, not the entire United States, to satisfy due process.  *Gen. Cigar Holdings v. Altadis, S.A.*, 205 F. Supp. 2d

---

[1]   The other case UAC cites is in accord.  *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th 1999) (relying on portions of affidavit that set forth "specific factual declarations within the affiant's personal knowledge" to dismiss certain claims on personal jurisdiction grounds).

1335, 1340 (S.D. Fla. 2002), *aff'd* 54 F. App'x 492 (11th Cir. 2002).  UAC's argument suffers from two fundamental defects.

*First*, none of the case law cited by UAC carries persuasive weight.  Two of the decisions it cites (one from the Fifth Circuit[2] and the other from the Ninth Circuit[3]) were decided before *General Cigar*; thus, the *General Cigar* court (and the Eleventh Circuit in its affirmance) rejected the reasoning in those decisions.  The remaining Third Circuit decision also relied heavily on the pre-*General Cigar* cases, and explicitly acknowledged that its decision would conflict with other circuits.  *See In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 294 (3d Cir. 2004).  UAC offers no reason why this Court should ignore *General Cigar*, and this Court should reject UAC's invitation to do so.  *See KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 726-30 (7th Cir. 2013) (refuting *In re Auto. Refinishing* analysis and adopting contrary holding).

*Second*, by construing the Clayton Act's service clause strictly, *General Cigar* is consistent with other district court decisions from this Circuit that recognize a plaintiff cannot take advantage of the Clayton Act's nationwide service clause without first satisfying its venue provision.  *E.g.*, *In re Blue Cross Blue Shield Antitrust Litigation*, 225 F. Supp. 3d 1269, 1292 (N.D. Ala. 2016) (citing *KM Enters., Inc.*, 725 F.3d at 729-30).[4]  That provision requires UAC to plead facts that Bitmain HK and/or Wu "is an inhabitant," "may be found," or "transacts business" in this District.

---

[2]   *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694 (5th Cir. 1999).

[3]   *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406 (9th Cir. 1989).

[4]   In doing so, *Blue Cross* adopted the "majority" approach to Clayton Act's nationwide service provision as set forth by the Second, Seventh, and D.C. Circuit and squarely rejected the Third and Ninth Circuit cases Plaintiff urges this Court to accept.  *Blue Cross*, 225 F. Supp. 3d at 1292 (citing *KM Enters.*, 725 F.3d at 730); *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 423-24 (2d Cir. 2005); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000) ("The language of the [Clayton Act] is plain, and its meaning seems clear: … invocation of the nationwide service clause rests on satisfying the venue provision.").

15 U.S.C. § 22. Here, UAC alleges venue under 28 U.S.C. § 1391, not the Clayton Act. Compl. ¶ 21. As such, UAC cannot invoke the Clayton Act's nationwide service provision. But even if it did, UAC pleads no facts to establish venue under the Clayton Act. Bitmain HK and Wu are not inhabitants of this District. *See Amateur-Wholesale Elecs. v. R.L. Drake Co.*, 515 F. Supp. 580, 583 (S.D. Fla. 1981). Likewise, UAC makes no showing that either one "continuously carries on any substantial part of [their] activities" in this District. *See First Pullen Commodity Servs., Inc. v. A.G. Becker-Kipnis & Co.*, 507 F. Supp. 770, 775 (S.D. Fla. 1981). Nor does UAC allege they can be "found" here. Accordingly, UAC cannot rely on the Clayton Act's nationwide service provision and must establish personal jurisdiction under Florida's long-arm statute. *Blue Cross*, 225 F. Supp. 3d at 1292.

*Third*, even if this Court considered nationwide contacts, as opposed to Florida contacts, the Court still could not exercise personal jurisdiction over Bitmain HK or Wu. The Liu Declaration conclusively establishes that Bitmain HK has never done business in the United States. Liu Declaration ¶¶ 2-10, ECF No. 116-1. None of the new material UAC cites in its Opposition contradicts the Liu Declaration. In fact, the new material does not even pertain to Bitmain HK. Indeed, the Bitmain entity that leases office space in San Jose and made the investment in Rockdale is not Bitmain HK but rather Bitmain, Inc., the co-defendant that is incorporated in Delaware. Suppl. Decl. of Luyao Liu, attached hereto as **Exhibit A**, ¶¶ 2-3. And UAC's citation to an article about a confidential initial public offering by an unidentified Bitmain entity cannot be relied on as a basis to exercise jurisdiction over Bitmain HK.

Similarly, the Wu Declaration establishes that Wu is neither a citizen nor a resident of the United States (Wu Declaration ¶¶ 2-3, ECF No. 116-2), and UAC's failure to allege ***any*** valid basis for the Court to exercise general or specific jurisdiction over him in the face of these

uncontested facts is fatal to its claims. The new material showing that Wu has spoken in the United States at one public event and will speak at a second event next year (see Opp. at 8 n.6) is not sufficient to establish general or specific jurisdiction over him. *See Int'l Textile Grp.*, 2009 WL 4899404, *4. Thus, the claims against Bitmain HK and Wu should be dismissed for lack of jurisdiction.

## IV. THE COURT SHOULD DENY UAC'S REQUEST FOR JURISDICTIONAL DISCOVERY.

The Court should deny UAC's request for jurisdictional discovery. Plaintiffs have a "qualified right" to obtain jurisdictional discovery only "when there is a dispute about the 'facts that would support [the plaintiff's] allegations of jurisdiction.'" *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 878 (11th Cir. 2018) (quoting *Majd-Pour v. Georgiana Cmty. Hosp. Inc.*, 724 F.2d 901, 902 (11th Cir. 1984)). But a district court has discretion to dismiss the action for lack of personal jurisdiction before jurisdictional discovery occurs. *Id*.

Here, jurisdictional discovery should be denied. UAC has not alleged any facts in the Complaint to support the Court exercising personal jurisdiction over Bitmain HK or Wu. And UAC does not explain in its request what it thinks it would discover to contradict the sworn declarations that have been submitted. For one thing, none of the new material that UAC presented in the Opposition contradicts the facts in the Liu Declaration or the Wu Declaration for the reasons explained above. For another, merely stating, as UAC has, that it seeks discovery related to the news reports and matters in a sworn declaration is not sufficient. Courts routinely reject requests for jurisdictional discovery when the plaintiff fails to plausibly articulate what facts it seeks that could show the necessary connection between the defendant and the forum. *See, e.g., id.*; *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1145 (S.D. Fla. July 30, 2007). Thus, there is no

9

genuine dispute as to jurisdictional facts that would justify the request for jurisdictional discovery. *See Schwab v. Hites*, 896 F. Supp. 2d 1124, 1138 (M.D. Fla. Sept. 14, 2012).

## V. CONCLUSION

The claims against Bitmain HK and Wu should be dismissed. UAC failed to timely serve Bitmain HK and Wu, and the Court lacks personal jurisdiction over them. Also, the claims fail to state a claim upon which relief can be granted. In addition, the Court should reject UAC's request to conduct jurisdictional discovery. UAC cannot correct the pleading deficiencies in the Complaint, so its claims should be dismissed with prejudice.

Date: December 3, 2019                                  Respectfully submitted,


/s/ Christopher R.J. Pace
Christopher R.J. Pace
Florida Bar No. 721166
Email:  crjpace@jonesday.com
Marc A. Weinroth
Florida Bar No. 42873
Email:  mweinroth@jonesday.com
**JONES DAY**
600 Brickell Avenue
Suite 3300
Miami, Florida  33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799

Julie M. McEvoy (*pro hac vice*)
Email:  jmcevoy@jonesday.com
**JONES DAY**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Mark W. Rasmussen (*pro hac vice*)
Email:  mrasmussen@jonesday.com
Thomas D. York (*pro hac vice*)
Email:   tdyork@jonesday.com
**JONES DAY**
2727 N. Harwood Street
Suite 500
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

*Attorneys for Defendant Bitmain Inc., Bitmain Technologies Holding Company, Bitmain Technologies Ltd., and Jihan Wu*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 3, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record for the parties.

<i>/s/ Christopher R.J. Pace</i><br>
Christopher R.J. Pace