**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:18-CV-25106-KMW**

UNITED AMERICAN CORP.,

        Plaintiff,

    v.

BITMAIN INC., ROGER VER, BITMAIN
TECHNOLOGIES LTD., JIHAN WU,
PAYWARD VENTURES, INC. d/b/a
KRAKEN, JESSE POWELL, SHAMMAH
CHANCELLOR, and JASON COX,

        Defendants.

_____

**DEFENDANTS BITMAIN TECHNOLOGIES LTD. AND JIHAN WU'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT**
**<u>UNDER FED. R. CIV. P. 12(b)(2)</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ...................................................................................................................1

LEGAL STANDARD ............................................................................................................2

ARGUMENT .........................................................................................................................3

    A.    The Relevant Forum to Evaluate Jurisdictional Allegations Is Florida. ...............3

    B.    The Court Lacks General Personal Jurisdiction Over Bitmain HK and Wu. .........6

          1.    United does not allege sufficient facts to satisfy general personal jurisdiction under Florida's long arm statute. ..........................................6

          2.    Bitmain HK and Wu do not have sufficient contacts with the United States to satisfy due process for general personal jurisdiction. ...........................................................................................7

    C.    The Court Lacks Specific Personal Jurisdiction Over Bitmain HK and Wu. ......10

          1.    United does not allege sufficient facts to satisfy specific personal jurisdiction under Florida's long arm statute. .........................................10

          2.    Bitmain HK and Wu do not have minimum contacts with the United States to satisfy due process for specific personal jurisdiction. .........................................................................................11

CONCLUSION ....................................................................................................................14

i

## <u>TABLE OF AUTHORITIES</u>

**Page**

**CASES**

*Aronson v. Celebrity Cruises, Inc.*,
   30 F. Supp. 3d 1379 (S.D. Fla. 2014)....................................................................2

*Asahi Metal Indus. Co., Ltd. v . Super. Ct. of Cal., Solano Cty.*,
   480 U.S. 102 (1987) ...........................................................................................13

*Carmouche v. Tamborlee Mgmt., Inc.*,
   789 F.3d 1201 (11th Cir. 2015)............................................................................9

*Consol. Dev. Corp. v. Sherritt, Inc.*,
   216 F.3d 1286 (11th Cir. 2000)................................................................2, 10, 12

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) .............................................................................................9

*Daniel v. Am. Bd. of Emergency Med.*,
   428 F.3d 408 (2d Cir. 2005) .................................................................................5

*Delong Equip. Co. v. Wa. Mills Abrasive Co.*,
   840 F.2d 843 (11th Cir. 1988) ..............................................................................5

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) ................................................................................9

*Enic, PLC v. F.F. S. & Co., Inc.*,
   870 So. 2d 888 (Fla. 5th DCA 2004) ...................................................................6

*Fraser v. Smith*,
   594 F.3d 842 (11th Cir. 2010) .........................................................................3, 13

*Gen. Cigar Holdings, Inc. v. Altadis, S.A.*,
   205 F. Supp. 2d 1335 (S.D. Fla. 2002), *aff'd*,
   54 F. App'x 492 (11th Cir. 2002) ........................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) .....................................................................................2, 3, 10

*GTE New Media Servs. Inc. v. BellSouth Corp.*,
199 F.3d 1343 (D.C. Cir. 2000) ........................................................................5

*In re Blue Cross Blue Shield Antitrust Litig.*,
26 F. Supp. 3d 1172 (N.D. Ala. 2014) ..............................................................5

*In re Takata Airbag Prods. Liab. Litig.*,
MDL No. 2599, 2019 WL 2570616 (S.D. Fla. June 20, 2019) ................................ 11, 12, 13

*Int'l Textile Grp., Inc. v. Interamericana Apparel Co., Inc.*,
No. 08-CIV-22859, 2009 WL 4899404 (S.D. Fla. Dec. 14, 2009).....................7, 8

*Internet Sols. Corp. v. Marshall*,
557 F.3d 1293 (11th Cir. 2009)..........................................................................2

*KM Enters., Inc. v. Glob. Traffic Techs., Inc.*,
725 F.3d 718 (7th Cir. 2013) .............................................................................4

*Leon v. Cont'l AG*,
301 F. Supp. 3d 1203 (S.D. Fla. 2017)....................................................2, 3, 10

*Louis Vuitton Malletier, S.A. v. Mosseri*,
736 F.3d 1339 (11th Cir. 2013)...................................................................3, 13

*McCullough v. Royal Caribbean Cruises, Ltd.*,
268 F. Supp. 3d 1336 (S.D. Fla. 2017)..............................................................8

*Melgarejo v. Pycsa Panama, S.A.*,
537 F. App'x 852 (11th Cir. 2013) ....................................................................9

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
558 F.3d 1210 (11th Cir. 2009)........................................................................11

*Rush v. Savchuk*,
444 U.S. 320 (1980) ...........................................................................................8

*Schulman v. Inst. for Shipboard Educ.*,
624 F. App'x 1002 (11th Cir. 2015)...................................................................8

*Schwartzberg v. Knobloch*,
98 So. 3d 173 (Fla. 2d DCA 2012) ..................................................................10

*Silverman v. Bookzone, Inc.*,
No. 04-CIV-1772, 2005 WL 1902786 (N.D. Tex. Aug. 9, 2005) .........................8

iii

*Snow v. DirecTV, Inc.*,
   450 F.3d 1314 (11th Cir. 2006)...................................................................... 6, 7, 8

*Unitedhealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*,
   No. 16-CIV-81180, 2017 WL 1832436 (S.D. Fla. May 8, 2017)................................. 3, 6, 11

*Virgin Health Corp. v. Virgin Enters. Ltd.*,
   393 F. App'x 623 (11th Cir. 2010) ................................................................ 5, 6

*Waite v. All Acquisition Corp.*,
   901 F.3d 1307 (11th Cir. 2018)............................................................................. 9

*Williams v. Yamaha Motor Co. Ltd.*,
   851 F.3d 1015 (9th Cir. 2017) ............................................................................. 9

**STATUTES**

15 U.S.C. § 22 ........................................................................................................ 4

Fla. Stat. § 48.193 ................................................................................................. 10

Fla. Stat. § 48.193(1)-(2) ......................................................................................... 3

Fla. Stat. § 48.193(2) ........................................................................................... 6, 7

Pursuant to the Court's briefing schedule order (ECF No. 141), Defendants Bitmain Technologies Ltd. ("Bitmain HK") and Jihan Wu submit this Motion to Dismiss the Amended Complaint under Fed. R. Civ. P. ("Rule") 12(b)(2), in addition to the Omnibus Motion to Dismiss the Amended Complaint that they are separately submitting with the other Defendants.

## INTRODUCTION

The Amended Complaint should be dismissed with prejudice because United American Corp. ("United") has failed to cure the pleading defects in its original complaint regarding personal jurisdiction.   United's new jurisdictional allegations, most of which they included in their opposition to Bitmain HK and Wu's motion to dismiss the original complaint, are insufficient to establish general or specific personal jurisdiction over Bitmain HK or Wu.

As an initial matter, the relevant forum for jurisdictional contacts is Florida, not the United States, because United continues to plead venue under the general venue statute (28 U.S.C. § 1391), rather than under the Clayton Act, and United has not plead any alternate grounds for relying on nationwide contacts.  Yet United has not alleged that Bitmain HK or Wu had any jurisdictional contacts with Florida.  Nor could it because neither Bitmain HK nor Wu has any ties to Florida. Thus, the Court cannot exercise general or specific personal jurisdiction over them.

Even if the relevant forum were the United States, however, the Amended Complaint still does not sufficiently allege personal jurisdiction over Bitmain HK or Wu.  The only jurisdictional allegations against Wu – that he promoted Bitmain products in the United States and that he speaks publicly in the United States about blockchain – are insufficient to establish personal jurisdiction. Similarly, the alleged nationwide contacts of Bitmain HK are inadequate and wrong.  United's allegations about a lawsuit Bitmain HK filed in Washington and a possible initial public offering in the United States do not establish general or specific jurisdiction over Bitmain HK under established case law.  And United's allegations about leasing office space in California, investing

1

in a Texas data center, operating a repair facility, and selling ASIC devices do not pertain to Bitmain HK. Nor are any of the alleged activities connected to the antitrust claims United asserts.

In the end, Bitmain HK and Wu do not have sufficient ties to the Florida or the United States for this Court to exercise personal jurisdiction over them in this matter. United has failed to adequately allege that personal jurisdiction can be established consistent with the Florida long-arm statute or the due process requirements of the United States Constitution. Accordingly, the Court should dismiss the Amended Complaint with prejudice as to Bitmain HK and Wu.

## LEGAL STANDARD

When a defendant moves under Rule 12(b)(2) to dismiss a complaint for lack of personal jurisdiction, the plaintiff has the burden of demonstrating personal jurisdiction over the defendant. *Leon v. Cont'l AG*, 301 F. Supp. 3d 1203, 1214 (S.D. Fla. 2017) (J. Williams). Initially, the plaintiff must make a *prima facie* showing that personal jurisdiction exists. *Id.* That showing cannot be met using conclusory jurisdictional allegations. *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1385 (S.D. Fla. 2014); *Leon*, 301 F. Supp. 3d at 1215.

For purposes of a Rule 12(b)(2) motion, the Court may consider information outside the pleadings. *See, e.g., Aronson*, 30 F. Supp. 3d at 1385. Thus, if a plaintiff meets its initial burden, a defendant may raise "through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction." *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009) (citation omitted). If the defendant does so, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id.* (citation omitted).

A court may only exercise personal jurisdiction over a defendant consistent with due process under the United States Constitution. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). "Considerations of due process require that a non-resident defendant have certain minimum contacts with the forum." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d

2

1286, 1291 (11th Cir. 2000). The exercise of general personal jurisdiction is consistent with due process when a defendant's activities in the forum are "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum . . ." *Goodyear*, 564 U.S. at 919 (citation omitted). The exercise of specific personal jurisdiction is consistent with due process when plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum, the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum, thus invoking the benefit of the forum's laws, and the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

In addition to satisfying due process, the exercise of jurisdiction over Bitmain HK and Wu must satisfy Florida's long-arm statute. *Leon*, 301 F. Supp. 3d at 1214. Florida's long-arm statute allows the exercise of personal jurisdiction to the same extent permissible under the Constitution, *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010), and provides for both general and specific personal jurisdiction. Fla. Stat. § 48.193(1)-(2); *Unitedhealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, No. 16-CIV-81180, 2017 WL 1832436, at *4 (S.D. Fla. May 8, 2017).

## **ARGUMENT**

### A.    **The Relevant Forum to Evaluate Jurisdictional Allegations Is Florida.**

Florida is the appropriate forum to evaluate United's jurisdictional allegations against Bitmain HK and Wu for three reasons: (1) United did not plead venue under the Clayton Act and therefore cannot take advantage of the Clayton Act's provision that permits the exercise of jurisdiction based on a defendant's nationwide contacts; (2) even if United had properly pled venue under the Clayton Act, the Clayton Act does not apply to individuals and therefore cannot be used

3

to establish personal jurisdiction over Wu; and (3) United did not plead any alternate basis that would allow the exercise of personal jurisdiction based on nationwide contacts.[1]

*First*, United alleges that this Court has subject-matter jurisdiction because this case arises under federal antitrust law.  Am. Compl. ¶¶ 17, 101, 110.  United does not allege, however, that venue is appropriate under Clayton Act § 12.  Instead, it pleads venue under 28 U.S.C. § 1391. Am. Compl. ¶ 21.  This is fatal to its attempt to use Bitmain HK's or Wu's nationwide contacts, as opposed to their Florida contacts, to establish personal jurisdiction.

While Clayton Act § 12 can serve in certain cases as the basis for establishing personal jurisdiction based on a corporate defendant's contacts with the United States, this is possible only when a plaintiff pleads venue under the Clayton Act.  Section 12 states:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22.  The first clause establishes venue in a District where a corporation is an "inhabitant," is "found," or "transacts business," while the second clause provides for nationwide service of process and therefore nationwide personal jurisdiction.  *See KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 724 (7th Cir. 2013).[2]  These clauses "must be read as a package deal."  *Id.* at 730.  In other words, "[t]o avail oneself of the privilege of nationwide service of process, a plaintiff must satisfy the venue provisions of Section 12's first clause" but "[i]f [a

---

[1] United also may not rely on Bitmain HK and Wu's alleged nationwide contacts to establish personal jurisdiction under the Clayton Act because United served them pursuant to the Hague Convention, not the Clayton Act.  *See Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1340 (S.D. Fla. 2002) (holding Clayton Act § 12's service of process provisions do not apply to corporations served outside the United States pursuant to the Hague Convention), *aff'd*, 54 F. App'x 492 (11th Cir. 2002).

[2] United has not pled specific facts to establish, and in fact cannot establish, that either Bitmain HK or Wu is an inhabitant of, found in or transacts business in this District.

plaintiff] wishes to establish venue exclusively through Section 1391, she must establish personal jurisdiction some other way." *Id.*; *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 425 (2d Cir. 2005); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000). *See also In re Blue Cross Blue Shield Antitrust Litig.*, 26 F. Supp. 3d 1172, 1194 (N.D. Ala. 2014) (in the absence of Eleventh Circuit precedent, agreeing with the "the majority view, subscribed to by the Seventh, Second, and D.C. Circuits").[3]  Accordingly, United may not rely on Section 12's provision for nationwide personal jurisdiction and must instead show that Bitmain HK and Wu are subject to personal jurisdiction in Florida.

*Second*, even if United had pled venue under Section 12, it still could not rely on the Clayton Act to provide for nationwide personal jurisdiction over Wu because Section 12 applies to corporations, not to individuals. *See Delong Equip. Co. v. Wa. Mills Abrasive Co.*, 840 F.2d 843, 848 (11th Cir. 1988) ("The Clayton Act provision applies only to corporations, however, and there is no other appropriate federal service statute or order applicable to individual non-corporate defendants in antitrust litigation."). Thus, the Court may not exercise personal jurisdiction over Wu unless United has adequately alleged that he has sufficient contacts with Florida, which it has failed to do.

*Third*, it is well-established that a plaintiff has the burden to plead all relevant grounds for personal jurisdiction. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 627 (11th Cir.

---

[3] This integrated interpretation of Section 12 comports with the statue's text, structure, and purpose. *See GTE New Media Servs.*, 199 F.3d at 1351 ("[I]t seems quite unreasonable to presume that Congress would intentionally craft a two-pronged provision with a superfluous first clause, ostensibly link the two provisions with the 'in such cases' language, but nonetheless fail to indicate clearly anywhere that it intended the first clause to be disposable."); *KM Enterprises, Inc.*, 25 F.3d at 729 ("[A]llowing antitrust plaintiffs to mix and match Section 12's service-of-process provision with Section 1391's general venue provision renders the venue inquiry meaningless, since venue is satisfied in every federal judicial district under subsection (c)(2). This runs contrary to Congress's apparent intent in passing Sections 12 and 1391 that there be some limits on venue, in antitrust cases specifically and in general."); *Daniel*, 428 F.3d at 425 (Legislative history "does not support a conclusion that Congress enacted Section 12's service of process provision with the intent that it operate independently from or reach beyond the section's venue provision.").

2010).  United has elected to not rely on Rule 4(k)(2)'s so-called "federal long-arm statute" to assert personal jurisdiction over Bitmain HK or Wu.  Because United has not alleged this ground as a basis for personal jurisdiction, the Court does not need to consider it.  *See id*. at n.2 (deciding not to consider whether jurisdiction exists under Rule 4(k)(2) because the plaintiff did not plead it).  Even if United had asserted personal jurisdiction under Rule 4(k)(2), this would not suffice because the exercise of jurisdiction over either defendant would not comport with due process.

### B. The Court Lacks General Personal Jurisdiction Over Bitmain HK and Wu.

#### 1. United does not allege sufficient facts to satisfy general personal jurisdiction under Florida's long arm statute.

The Court lacks general personal jurisdiction over Bitmain HK and Wu, both of whom are foreign defendants.  Am. Compl. ¶¶ 9-10.  A foreign defendant must be engaged in "substantial and not isolated" activity in Florida to satisfy the general personal jurisdiction provision of Florida's long arm statute, *see* Fla. Stat. § 48.193(2).  United has failed to allege that Bitmain HK or Wu meet this test.

In its Amended Complaint, United does not offer any allegations specifically connecting either Bitmain HK or Wu to Florida.  Instead, United's theory of personal jurisdiction is based solely on its allegations of nationwide conduct.  *See* Am. Compl. ¶¶ 19, 20, 59.  Such allegations are "vague" (at best) as to Florida and thus "insufficient to establish a prima facie case of personal jurisdiction."  *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006).  *See also Enic, PLC v. F.F. S. & Co., Inc.*, 870 So. 2d 888, 890 (Fla. 5th DCA 2004) (plaintiff "must first allege sufficient facts in the complaint in support of long arm jurisdiction") (citation omitted).

Moreover, Bitmain HK and Wu have shown by declaration that none of the factors that courts typically look for to exercise general jurisdiction based on Florida contacts exist.  *See Unitedhealthcare of Fla.*, 2017 WL 1832436, at *4 (*citing Horizon Aggressive Growth L.P. v.*

*Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (listing factors). For instance, Bitmain HK does not have an agent for service of process in Florida, does not operate sales or service networks in Florida, does not have employees in Florida, and does not own or lease an office in Florida. Decl. of L. Liu ("Liu Declaration"), attached hereto as **Exhibit A**, at ¶¶ 4-6, 10. Nor does it pay taxes to Florida. *Id*. at ¶ 7. All decisions relating to the day-to-day operations of Bitmain HK are made in China. *Id*. at ¶ 3. Wu likewise has no contacts with Florida. He does not reside or work in Florida, has never conducted business in or paid taxes to Florida, and does not own property there. Decl. of J. Wu ("Wu Declaration"), attached hereto as **Exhibit B**, at ¶¶ 2-5. *See Int'l Textile Grp., Inc. v. Interamericana Apparel Co., Inc.*, No. 08-CIV-22859, 2009 WL 4899404, at *4 (S.D. Fla. Dec. 14, 2009) (finding no general jurisdiction over individual who made sporadic visits to Florida, used Florida addresses to receive mail, and maintained a Florida-based accountant). Thus, United has not satisfied the requirements of Florida's long-arm statute. Fla. Stat. § 48.193(2).

## 2. Bitmain HK and Wu do not have sufficient contacts with the United States to satisfy due process for general personal jurisdiction.

As discussed above, the relevant forum for measuring Bitmain HK's and Wu's jurisdictional contacts is Florida because United has not alleged a valid basis for the Court to examine their nationwide contacts. Even if United had plead such a basis, however, United still has failed to make a *prima facie* showing that either Bitmain HK or Wu is subject to general personal jurisdiction in the United States.

*First*, United alleges generally that all "Defendants have engaged in Bitcoin Cash related activities in the United States and have purposefully availed themselves of the benefits and privileges of conducting such business in the United States." Am. Compl. ¶ 18. Such an allegation is too vague and conclusory to establish a *prima facie* case of personal jurisdiction. *Snow*, 450

F.3d at 1318.  Moreover, United may not meet its burden of establishing jurisdiction over each defendant by aggregating them together.  *See Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) ("aggregating [multiple defendants'] forum contacts" was "plainly unconstitutional").  The Court should disregard this allegation in assessing personal jurisdiction.

*Second*, United's only grounds for claiming that general personal jurisdiction exists over Wu are (1) that he is a "frequent promoter in the United States of Bitmain products and services and of Bitcoin generally" and (2) that he has spoken at several summits in the United States "on topics regarding blockchain."  Am. Compl. ¶ 20.  Neither is sufficient.  Federal courts have repeatedly held that general jurisdiction exists over an individual in three scenarios: (1) the forum where the individual is domiciled; (2) when the individual consents to the forum's jurisdiction; and (3) when the individual is present in the forum when served with process.  *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1349-50 (S.D. Fla. 2017) (citing cases).  None of these scenarios is present here.  Am. Compl. ¶ 10; Wu Declaration at ¶¶ 2-3.  Moreover, the alleged grounds for general jurisdiction are too attenuated to support jurisdiction over him.  *Snow*, 450 F.3d at 1318; *Schulman v. Inst. for Shipboard Educ.*, 624 F. App'x 1002, 1005 (11th Cir. 2015) (attendance at a trade show insufficient for general personal jurisdiction); *Silverman v. Bookzone, Inc.*, No. 04-CIV-1772, 2005 WL 1902786, at *5 (N.D. Tex. Aug. 9, 2005) (speaking at a conference insufficient for general personal jurisdiction).[4]  Thus, the Court cannot exercise general jurisdiction over Wu based on his nationwide contacts.

*Third*, United's allegations about Bitmain HK are likewise inadequate to establish general personal jurisdiction consistent with due process.  The Supreme Court has explained that "a

---

[4] Wu's alleged promotion of Bitmain products and services is irrelevant because, under the corporate shield doctrine, general jurisdiction cannot be established over a corporate officer sued in his individual capacity based on acts performed not for his own benefit but for the benefit of his employer.  *Int'l Textile Grp., Inc.*, 2009 WL 4899404, at *3 (citing *Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla. 1993)).

corporation's operations in a forum other than its formal place of incorporation or principal place of business" will be "so substantial and of such a nature as to render the corporation at home in that State" only in "exceptional" cases. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). Accordingly, "[a] foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015). Bitmain HK does not conduct any such activities in the United States. Its executive officers are all based outside the United States, and all decisions as to its day-to-day operations are made in China. Lui Declaration at ¶ 3. *See Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1318 (11th Cir. 2018) (company was not "at home" in Florida where plaintiff did not allege the company's "leadership was based in Florida or that the company otherwise directed its operations from Florida.").[5]

United identifies three types of activities that purportedly support a finding of general jurisdiction against Bitmain HK, but they are inadequate and in some cases demonstrably wrong. United's allegation that Bitmain HK has filed a lawsuit in Washington (Am. Compl. ¶ 19) is insufficient to support general jurisdiction as a matter of law. *Melgarejo v. Pycsa Panama, S.A.*, 537 F. App'x 852, 862 (11th Cir. 2013) (citing *Gibbons v. Brown*, 716 So. 2d 868, 870 (Fla. 1st DCA 1998)). Likewise, United's speculation that Bitmain HK has planned an Initial Public Offering on a United States exchange (Am. Compl. ¶ 19) does not support general jurisdiction. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by*

---

[5] As further evidence that Bitmain HK is not "at home" in the United States, Bitmain HK does not operate sales or service networks in the United States, does not have employees in the United States, has never been authorized to do business in the United States, does not pay taxes to the United States, does not have an agent for service of process in the United States, does market toward the United States, and has never had any employees, offices, or property in the United States. Liu Declaration at ¶¶ 2-13.

*Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015 (9th Cir. 2017).  Finally, United's allegations about Bitmain HK's purported business operations in the United States are wrong.  Contrary to United's allegations, Bitmain HK does not lease office space in California (Am. Compl. ¶ 19), has not made an investment in a blockchain data center in Texas (*id.*), has not marketed products or hosted events in the United States (*id.* ¶ 59), and does not operate repair centers (*id.*).  These activities are all performed by either other Bitmain entities or, in the case of the repair centers, a third party.  *See* Liu Declaration at ¶¶ 12-15.   Likewise, Bitmain HK has not sold ASIC mining devices to customers in the United States (Am. Compl. ¶ 19) since July 31, 2018, three months before the Bitcoin Cash hard fork.  Liu Declaration at ¶ 11.  These allegations are insufficient to support general jurisdiction over Bitmain HK.  *See Consol. Devel. Corp.*, 216 F.3d at 1293 (foreign parent cannot be subject to general jurisdiction based on subsidiary's marketing to the forum).  In sum, United's allegations fall far short of showing that Bitmain HK is "essentially at home" in the United States.  *Goodyear*, 564 U.S. at 919.

### C.   The Court Lacks Specific Personal Jurisdiction Over Bitmain HK and Wu.

#### 1.   United does not allege sufficient facts to satisfy specific personal jurisdiction under Florida's long arm statute.

Because the relevant forum is Florida, the Court can exercise specific personal jurisdiction over Bitmain HK or Wu only if United has sufficiently alleged that its claims "arise out of or [are] relate[d] to [defendants'] contacts with Florida" and those contacts "fall within one of nine statutorily enumerated categories" listed in Florida's long-arm statute.  *See* Fla. Stat. § 48.193; *Leon*, 301 F. Supp. 3d at 1214; *Schwartzberg v. Knobloch*, 98 So. 3d 173, 182 (Fla. 2d DCA 2012).

United fails to invoke any of the nine categories of Florida's long-arm statute in its Amended Complaint, much less allege facts to support them.  Moreover, even if United had attempted to allege that its claims arise out of Bitmain HK's or Wu's contacts with Florida, the

Wu Declaration and Liu Declaration demonstrate that this case lacks any of factors that commonly lead courts to find the long-arm statute satisfied as to specific jurisdiction. *See Unitedhealthcare of Fla., Inc.*, 2017 WL 1832436, at *4-5 (listing factors relevant to various provisions of the long-arm statute). Bitmain HK and Wu do not have licenses to do business in Florida, have not paid taxes to Florida, and do not have offices or property in Florida. Liu Declaration at ¶¶ 8-10; Wu Declaration at ¶¶ 3-5. Bitmain HK does market toward Florida residents. Liu Declaration at ¶ 13. Thus, United has failed to allege that its claim arises out of contacts by Bitmain HK or Wu with Florida under the long-arm statute, as required to assert personal jurisdiction in the relevant forum.

### 2. Bitmain HK and Wu do not have minimum contacts with the United States to satisfy due process for specific personal jurisdiction.

Courts in the Eleventh Circuit use a three-part test to determine whether a court can exercise specific jurisdiction over a non-resident defendant consistent with due process: (1) the claim must be one that arises out of the defendant's forum-related activities; (2) the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *In re Takata Airbag Prods. Liab. Litig.*, MDL No. 2599, 2019 WL 2570616, at *28 (S.D. Fla. June 20, 2019) (citing *Mosseri*, 736 F.3d at 1355). Plaintiffs bear the burden of proving the first two prongs, and if they do, the burden shifts to defendants for the third prong. *Id.* Bitmain HK and Wu do not have sufficient minimum contacts with the United States to satisfy this test.

To meet the first prong of the *Takata* test, a plaintiff must show that (i) that the alleged jurisdictional contacts are "but-for" causes of the plaintiff's injury and (ii) the plaintiff's injury is "a foreseeable consequence" of these contacts. *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222-23 (11th Cir. 2009). None of the contacts United alleges against Wu or Bitmain HK satisfies these requirements. As for Wu's alleged contacts, United has not alleged facts to

11

show its injury would not have occurred *but for* Wu's promotion of Bitmain products and services or his public speaking in the United States (Am. Compl. ¶ 20), the only two jurisdictional allegations against him.  As for Bitmain HK's alleged contacts, United has not alleged facts to show that its injury would not have occurred *but for* the filing of the lawsuit in Washington, the supposed registration of an IPO, or any of the business operations that United has incorrectly attributed to Bitmain HK (leasing office space, investing in a blockchain data center, operating repair facilities, or selling ASIC miners).  *Id.* ¶¶ 19, 59.  On the face of it, these activities have nothing to do with the alleged "scheme" to reallocate hash power from the Bitcoin Core network to the Bitcoin Cash network, and United fails to tie any of them to the antitrust claims.  *Id.* ¶¶ 67-68.

For instance, the investment in the Rockdale data center (*id.* ¶ 19), even if it had been made by Bitmain HK rather than Bitmain, Inc. (*see* Liu Declaration at ¶ 16), cannot plausibly be connected to the alleged "scheme" because the data center was not even opened until 2019, well after the hard fork occurred.  Likewise, the sale of ASIC miners to customers in the United States is not alleged to be part of the effort to reallocate hash power from the Bitmain mining pools to mine Bitcoin Cash.  Am. Compl. ¶¶ 67-68.  In fact, United alleges that Bitmain HK used its own mining servers and that the servers were deployed from China where Bitmain HK allegedly had access to electricity subsidized by the Chinese government.  *Id.* ¶ 67.  In sum, United has failed to allege any nationwide contacts by Bitmain HK or Wu that are tied to the asserted claims, and it may not simply rely on "contacts with the forum that are unrelated to the cause of action being litigated" to establish specific jurisdiction.  *Consol. Dev. Corp.*, 216 F.3d at 1292.

United also fails the second *Takata* prong because it has not shown that Bitmain HK or Wu purposefully availed themselves of the "privileges of doing business within the forum" or that they

have sufficient contacts such that they "should reasonably anticipate being haled into court in the forum." *Mosseri*, 736 F.3d at 1357.   United has asserted that all "Defendants have engaged in Bitcoin Cash related activities in the United States and have purposefully availed themselves of the benefits and privileges of conducting business in the United States."  Am. Compl. ¶ 18.  But such group pleading and conclusory allegations are insufficient to establish personal jurisdiction over Bitmain HK or Wu.  *See, e.g.*, *In re Takata*, 2019 WL 2570616, at *28.  Moreover, as shown by their declarations, Bitmain HK and Wu have not availed themselves of the privileges of doing business within the United States such that they could anticipate being sued here.  *See* Liu Declaration at ¶¶ 2-11; Wu Declaration at ¶¶ 2-7.

Finally, exercising specific personal jurisdiction over Bitmain HK and Wu would offend "traditional notions of fair play and substantial justice." *Mosseri*, 736 F.3d at 1355.  The Supreme Court has held that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co., Ltd. v . Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 115 (1987) (citation omitted).  "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id.* at 114.  Here, United has not alleged any basis to support personal jurisdiction over Bitmain HK or Wu.  Exercising personal jurisdiction over Bitmain HK and Wu and requiring them to defend themselves in a foreign court would place a substantial burden on them, Liu Declaration at ¶ 14 and Wu Declaration at ¶ 8, and would deprive them of the protections guaranteed by the United States Constitution. *Fraser*, 594 F.3d at 850.  Accordingly, *Takata* prong three favors the conclusion that specific personal jurisdiction cannot be exercised over Bitmain HK or Wu.

## <u>CONCLUSION</u>

The Amended Complaint should be dismissed because United failed to carry its burden of establishing either general or specific personal jurisdiction over Bitmain HK and Wu.  In addition, the Court should dismiss the Amended Complaint with prejudice because United has not shown that it can cure the jurisdictional defects as to Bitmain HK and Wu.

Date:   March 27, 2020                    Respectfully submitted,


                                         /s/ Christopher R.J. Pace
                                         Christopher R.J. Pace
                                         Florida Bar No. 721166
                                         Email:  crjpace@jonesday.com
                                         Marc A. Weinroth
                                         Florida Bar No. 42873
                                         Email:  mweinroth@jonesday.com
                                         **JONES DAY**
                                         600 Brickell Avenue
                                         Suite 3300
                                         Miami, Florida  33131
                                         Telephone: (305) 714-9700
                                         Facsimile: (305) 714-9799


                                         Julie M. McEvoy (*pro hac vice*)
                                         Email:  jmcevoy@jonesday.com
                                         **JONES DAY**
                                         51 Louisiana Ave., N.W.
                                         Washington, D.C. 20001
                                         Telephone: (202) 879-3939
                                         Facsimile: (202) 626-1700


                                         Mark W. Rasmussen (*pro hac vice*)
                                         Email:  mrasmussen@jonesday.com
                                         Thomas D. York (*pro hac vice*)
                                         Email:   tdyork@jonesday.com
                                         **JONES DAY**
                                         2727 N. Harwood Street
                                         Suite 500
                                         Dallas, TX 75201
                                         Telephone: (214) 220-3939
                                         Facsimile: (214) 969-5100


                                         *Attorneys for Defendants Bitmain Technologies*
                                         *Ltd. and Jihan Wu*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 27, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record for the parties.

*/s/ Christopher R.J. Pace*

Christopher R.J. Pace
