UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-CV-25106-KMW

UNITED AMERICAN CORP.,

    Plaintiff,

v.

BITMAIN INC., ROGER VER, BITMAIN
TECHNOLOGIES LTD., JIHAN WU,
PAYWARD VENTURES, INC. d/b/a
KRAKEN, JESSE POWELL, SHAMMAH
CHANCELLOR, and JASON COX,

    Defendants.

**REPLY IN SUPPORT OF DEFENDANTS BITMAIN TECHNOLOGIES LTD. AND
JIHAN WU'S MOTION TO DISMISS THE AMENDED COMPLAINT
<u>UNDER FED. R. CIV. P. 12(b)(2)</u>**

## **TABLE OF CONTENTS**

                                                                                                                                              **Page**

ARGUMENT .................................................................................................................................. 1

I.      United Fails to Show that It Is Entitled to Rely on Defendants' Nationwide
        Contacts to Establish Personal Jurisdiction. ....................................................................... 1

        A.     Nationwide service-of-process under Clayton Act § 12 applies only in
                 cases in which a plaintiff invokes and establishes venue under Section 12. .......... 2

        B.     The Clayton Act does not apply to individuals and therefore cannot be
                 used to establish personal jurisdiction over Wu. ................................................... 4

        C.     United cannot invoke jurisdiction under Federal Rule of Civil Procedure
                 4(k)(2). .................................................................................................................... 6

II.     The Court Cannot Exercise Personal Jurisdiction Over Bitmain HK or Wu Based
        on Their Nationwide Contacts Because It Would Not Comport with Due Process. ......... 6

III.    The Court Should Deny United's Request for Jurisdictional Discovery. ........................ 10

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page

**CASES**

*Air Turbine Tech., Inc. v. Atlas Copco AB*,
   235 F. Supp. 2d 1287 (S.D. Fla. 2002) ...................................................................................9

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*,
   501 U.S. 104, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991)............................................................3

*Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*,
   722 F. App'x 870 (11th Cir. 2018) ........................................................................................10

*Baker v. Carnival Corp.*,
   No. 06-21527-CIV-HUCK, 2006 WL 3360418 (S.D. Fla. Nov. 20, 2006) ..............................9

*BankAtlantic v. Coast to Coast Contractors, Inc.*,
   947 F. Supp. 480 (S.D. Fla. July 17, 1996)...............................................................................4

*California Clippers, Inc. v. U. S. Soccer Football Ass'n*,
   314 F. Supp. 1057 (N.D. Cal. 1970) .........................................................................................5

*Carmouche v. Tamborlee Mgmt., Inc.*,
   789 F.3d 1201 (11th Cir. 2015) ................................................................................................7

*Consol. Dev. Corp. v. Sherritt, Inc.*,
   216 F.3d 1286 (11th Cir. 2000) ............................................................................................7, 9

*Daniel v. Am. Bd. of Emergency Med.*,
   428 F.3d 408 (2d Cir. 2005)......................................................................................................2

*Delong Equip. Co. v. Wa. Mills Abrasive Co.*,
   840 F.2d 843 (11th Cir. 1988) ..................................................................................................5

*Flag Co. v. Maynard*,
   376 F. Supp. 2d 849 (N.D. Ill. 2005) .......................................................................................8

*Go-Video, Inc. v. Akai Elec. Co., Ltd.*,
   885 F.2d 1406 (9th Cir. 1989) ..............................................................................................2, 3

*GTE New Media Servs. Inc. v. BellSouth Corp.*,
   199 F.3d 1343 (D.C. Cir. 2000)............................................................................................2, 3

*In re Auto. Refinishing Paint Antitrust Litig.*,
   358 F.3d 288 (3d Cir. 2004) ............................................................................................ 2

*In re Blue Cross Blue Shield Antitrust Litig.*,
   225 F. Supp. 3d 1269 (N.D. Ala. 2016) .......................................................................... 7

*In re Blue Cross Blue Shield Antitrust Litig.*,
   26 F. Supp. 3d 1172 (N.D. Ala. 2014) ............................................................................ 2

*In re Takata Airbag Prods. Liab. Litig.*,
   396 F. Supp. 3d 1101 (S.D. Fla. June 20, 2019) ............................................................ 4

*In re Vitamins Antitrust Litig.*,
   270 F. Supp. 2d 15 (D.D.C. 2003) .................................................................................. 5

*Int'l Textile Grp., Inc. v. Interamericana Apparel Co.*,
   No. 08-22859-CIV, 2009 WL 4899404 (S.D. Fla. Dec. 14, 2009) .................................. 9

*KM Enters., Inc. v. Glob. Traffic Techs., Inc.*,
   725 F.3d 718 (7th Cir. 2013) ...................................................................................... 2, 3

*McCullough v. Royal Caribbean Cruises, Ltd.*,
   268 F. Supp. 3d 1336 (S.D. Fla. 2017) ........................................................................... 7

*Mother Doe I v. Al Maktoum*,
   632 F. Supp. 2d 1130 (S.D. Fla. July 30, 2007) ........................................................... 10

*Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*,
   484 U.S. 97 (1987) .......................................................................................................... 6

*Schwab v. Hites*,
   896 F. Supp. 2d 1124 (M.D. Fla. Sept. 14, 2012) ........................................................ 10

*Unitedhealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*,
   No. 16-81180-CIV, 2017 WL 1832436 (S.D. Fla. May 8, 2017) ................................... 9

*Van Ornum v. Am. Med. Ass'n*,
   No. 2:14-CV-921-RJS-EJF, 2017 WL 9481018 (D. Utah Mar. 14, 2017) ..................... 5

*Virgin Health Corp. v. Virgin Enters. Ltd.*,
   393 F. App'x 623 (11th Cir. 2010) ................................................................................. 1

*Waite v. All Acquisition Corp.*,
   901 F.3d 1307 (11th Cir. 2018) .................................................................................. 7, 8

*World Skating Fed'n v. Int'l Skating Union*,
    357 F. Supp. 2d 661 (S.D.N.Y. 2005)......................................................................................5

**STATUTES**

15 U.S.C. § 22 ...........................................................................................................................2, 5

18 U.S.C. § 1965(d) .......................................................................................................................4

28 U.S.C. § 1391............................................................................................................................4

28 U.S.C. § 2072............................................................................................................................6

**OTHER AUTHORITIES**

14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure:
    Jurisdiction § 3818 (4th ed. 2020) .......................................................................................4, 5

Herbert Hovenkamp, *Personal Jurisdiction and Venue in Private Antitrust
    Actions in the Federal Courts: A Policy Analysis*, 67 Iowa L. Rev. 485, 509
    (1982).....................................................................................................................................4

Patrick Woolley, *Rediscovering the Limited Role of the Federal Rules in
    Regulating Personal Jurisdiction*, 56 Hous. L. Rev. 565 (2019) .............................................6

The Court should grant Bitmain Technologies Ltd. ("Bitmain HK") and Jihan Wu's Motion to Dismiss the Amended Complaint ("Motion"). Nothing United American Corp. ("United") argues in its brief opposing the Motion ("Opposition" or "Opp.") supports a different conclusion. United makes no attempt to argue that Bitmain HK or Wu have sufficient ties to Florida and instead relies solely on their alleged nationwide contacts. But it may not rely on the Clayton Act's nationwide service provision because it did not plead venue under that provision, something that the majority of circuit courts that have addressed the issue have held is required. Even if United could rely on the Clayton Act, it may not do so against Wu, since the Clayton Act's nationwide service provision applies only to corporations. In addition, United may not rely on Fed. R. Civ. P. 4(k)(2) because it did not plead Rule 4(k)(2) (or elements of Rule 4(k)(2)) in its Amended Complaint as a basis to assert personal jurisdiction.

Even if United could get past these obstacles, its claims against Bitmain HK and Wu should still be dismissed. It has failed to show that either Defendant has sufficient nationwide contacts to establish general or specific personal jurisdiction. United's jurisdictional allegations do not meet the stringent due process requirements of general jurisdiction. And United has not even attempted to show how its antitrust claim arises out of Bitmain HK's or Wu's alleged forum contacts and therefore cannot establish specific jurisdiction. Moreover, United has provided no reason for the Court to authorize jurisdictional discovery. United's complaint should be dismissed with prejudice.

## **ARGUMENT**

**I.   United Fails to Show that It Is Entitled to Rely on Defendants' Nationwide Contacts to Establish Personal Jurisdiction.**

United does not dispute that it has the burden to allege sufficient grounds for the Court to exercise personal jurisdiction. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 627 (11th Cir. 2010). United maintains it can rely on Bitmain HK's and Wu's alleged nationwide

1

contacts to meet its burden. This argument has no merit because United cannot use the Clayton Act or Fed. R. Civ. P. 4(k)(2) to establish personal jurisdiction.

      A.      **Nationwide service-of-process under Clayton Act § 12 applies only in cases in which a plaintiff invokes and establishes venue under Section 12.**

United argues that it can take advantage of Section 12's nationwide service-of-process provision even though it has pleaded venue under the general venue statute. The Court should reject that argument and instead follow the courts that have ruled that Section 12's service-of-process clause applies only when a plaintiff has *also* satisfied Section 12's related venue clause.

Section 12 of the Clayton Act contains two clauses—the first addresses venue and the second service of process:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22. The majority of circuit courts that have interpreted the two clauses have adopted an "integrated" approach. *See KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 724 (7th Cir. 2013) (analyzing circuit court rulings). The integrated approach requires the two clauses to "be read as a package deal," which means a plaintiff must satisfy Section 12's venue clause to avail itself of the nationwide service-of-process clause. *See id*; *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 425 (2d Cir. 2005) (adopting integrated approach); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) (same). A minority of circuit courts that have analyzed the statute have interpreted the two clauses independently of each other. *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406 (9th Cir. 1989) (adopting independent approach); *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 297 (3d Cir. 2004) (same). The Eleventh Circuit has not ruled on the issue. *In re Blue Cross Blue Shield*

2

...

*Antitrust Litig.*, 26 F. Supp. 3d 1172, 1195–96 (N.D. Ala. 2014) ("[T]he Eleventh Circuit has not conclusively weighed in on the circuit split ….").

      The Court should adopt the integrated approach because it comports better with the statute's text, structure, and purpose than does the independent approach. *KM Enters., Inc.*, 725 F.3d at 729. As the Seventh Circuit explained, the language of the statute itself compels the conclusion that the two clauses should be interpreted together—the second clause of Section 12 is connected to the first by a semi-colon and by the language "in such cases," which refers back to antitrust cases that meet the venue criteria listed in the first clause. *See id.* Moreover, the integrated interpretation is the only way to prevent the first clause from being rendered unnecessary. *See GTE New Media Servs.*, 199 F.3d at 1351 ("[I]t seems quite unreasonable to presume that Congress would intentionally craft a two-pronged provision with a superfluous first clause, ostensibly link the two provisions with the 'in such cases' language, but nonetheless fail to indicate clearly anywhere that it intended the first clause to be disposable."). Indeed, even courts adopting the minority view acknowledge that their independent approach causes the venue provision in Section 12 to be rendered "wholly redundant." *Go-Video, Inc.*, 885 F.2d at 1413 (quoting 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Jurisdiction § 3818 (1976)). Such an interpretation contravenes the general rules of statutory construction stressed by the Supreme Court. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 112, 111 S. Ct. 2166, 2171–72, 115 L. Ed. 2d 96 (1991) ("[O]f course we construe statutes, where possible, so as to avoid rendering superfluous any parts thereof.").

      Furthermore, an independent reading of the clauses undercuts "Congress's apparent intent in passing Sections 12 and 1391 that there be some limits on venue, in antitrust cases specifically and in general." *KM Enters., Inc.*, 725 F.3d at 729. The Seventh Circuit noted that it would be

3

wrong "to read two statutes [Section 12 and 28 U.S.C. § 1391] that place limits on venue in a manner that eliminates those limits." *Id.* Legal scholars have likewise argued that the independent approach subjects foreign defendants to unfair and irrational treatment by allowing a foreign defendant that transacts business in only one state to be sued in any state. Herbert Hovenkamp, *Personal Jurisdiction and Venue in Private Antitrust Actions in the Federal Courts: A Policy Analysis*, 67 Iowa L. Rev. 485, 509 (1982); *see also* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Jurisdiction § 3818 (4th ed. 2020).[1]

Under the integrated approach, United may not rely on Bitmain HK's and Wu's alleged nationwide contacts because United did not plead venue under Section 12. United has made no allegations or argument that Bitmain HK and Wu are subject to personal jurisdiction in Florida, and the declarations show that they are not. Thus, the claims against them must be dismissed.

**B.     The Clayton Act does not apply to individuals and therefore cannot be used to establish personal jurisdiction over Wu.**

Even if the Court allows United to rely on Section 12 for jurisdictional purposes despite not pleading venue under it, United may not use it against Wu. United asserts that Section 12 applies not only to corporations but also to individuals. Yet it cites no authority for this proposition.

---

[1] United relies on two cases that are factually and legally distinguishable. Opp. at 6 (citing *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101 (S.D. Fla. June 20, 2019) and *BankAtlantic v. Coast to Coast Contractors, Inc.*, 947 F. Supp. 480 (S.D. Fla. July 17, 1996). Both arose under the federal RICO statute, which, unlike the Clayton Act, does not require a plaintiff to plead venue under it to take advantage of its nationwide service-of-process provision. 18 U.S.C. § 1965(d). Moreover, the *Takata* court declined to exercise personal jurisdiction over foreign defendants based on the federal long-arm statute because the plaintiff did not allege the necessary minimum contacts. 396 F. Supp. 3d. at 1151. And the *BankAtlantic* court found that the defendants had sufficient minimum contacts with the United States only because they were "residents of the United States," whereas Bitmain HK and Wu are foreign residents. 947 F. Supp. at 490.

The Court should reject it because it conflicts with the plain language of the statute and controlling case law that interprets the statute.

By its express terms, the first clause of Section 12 limits the application of the statute to a "corporation." 15 U.S.C. § 22. The second clause reinforces that by its use of the pronoun "it" to refer back to the word "corporation" in the first clause. *Id*. The statute therefore "applies only to corporations" and does not apply to individual defendants like Wu. *Delong Equip. Co. v. Wa. Mills Abrasive Co.*, 840 F.2d 843, 848 (11th Cir. 1988); *see also* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Jurisdiction § 3818 (4th ed. 2020) ("Section 12 of that Act provides additional venue options, but only in suits against corporations.").

In *Delong*, the plaintiff sued a corporation and several individual defendants for antitrust violations and tried to take advantage of Section 12's nationwide service-of-process provision. *Id*. at 845. The court declined to apply Section 12 to the individuals and instead analyzed whether they had sufficient contacts with Georgia to satisfy Georgia's long-arm statute. *Id*. United incorrectly argues that *Delong* does not control here because "service of process is not being contested by Wu." Opp. at 6. United is trying to use Section 12's nationwide service-of-process clause just as the plaintiff in *Delong* did—to argue that this Court can exercise personal jurisdiction over Wu based on his alleged nationwide contacts. In ruling that individuals are not subject to Section 12's service clause, however, the *Delong* court rejected that argument. Courts across the country have uniformly reached the same conclusion.[2] United has not cited any cases in support

---

[2] *See, e.g.*, *Van Ornum v. Am. Med. Ass'n*, No. 2:14-CV-921-RJS-EJF, 2017 WL 9481018, at *10 (D. Utah Mar. 14, 2017), report and recommendation adopted, No. 2:14-CV-00921-RJS-EJF, 2017 WL 4339653 (D. Utah Sept. 29, 2017); *World Skating Fed'n v. Int'l Skating Union*, 357 F. Supp. 2d 661, 664 (S.D.N.Y. 2005); *In re Vitamins Antitrust Litig.*, 270 F. Supp. 2d 15, 21 (D.D.C. 2003); *California Clippers, Inc. v. U. S. Soccer Football Ass'n*, 314 F. Supp. 1057, 1061 (N.D. Cal. 1970).

of its assertion that Section 12 can be applied to individuals.  Thus, United cannot use Section 12 to establish that the Court has personal jurisdiction over Wu.  Because United has not attempted to satisfy Florida's long-arm statute, he must be dismissed from the case.

      **C.**      **United cannot invoke jurisdiction under Federal Rule of Civil Procedure 4(k)(2).**

In its Amended Complaint, United chose not to rely on Fed. R. Civ. P. 4(k)(2) to allege that personal jurisdiction exists over Bitmain HK or Wu.  It made this decision even after this Court referred to Rule 4(k)(2) as a potential option at the hearing in January 2020.  Instead, United waited until its Opposition to assert for the first time that the Court can exercise personal jurisdiction over Bitmain HK and Wu under Rule 4(k)(2).

The Court should decline to consider United's belated argument.  First, United failed in its Amended Complaint to invoke Rule 4(k)(2) or to bother even to plead the basic factual predicates to invoking Rule 4(k)(2) (such as pleading that a "defendant is not subject to jurisdiction in any state's courts of general jurisdiction").  Second, Rule 4(k)(2) is unenforceable in this context because it would enlarge substantive rights, and a federal rule of civil procedure "shall not abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072; *see also* Patrick Woolley, *Rediscovering the Limited Role of the Federal Rules in Regulating Personal Jurisdiction*, 56 Hous. L. Rev. 565 (2019).  Indeed, Congress has authorized personal jurisdiction based on nationwide contacts in connection with a few, but far from all, federal causes of action.  *See Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987).  Congress's carefully drawn distinctions among different federal causes of action cannot be obliterated by a court-adopted procedural rule.

**II.**      **The Court Cannot Exercise Personal Jurisdiction Over Bitmain HK or Wu Based on Their Nationwide Contacts Because It Would Not Comport with Due Process.**

Even if United could assert personal jurisdiction based on Section 12 or Rule 4(k)(2), the claims against Bitmain HK and Wu should still be dismissed.  Under either basis, United has the

burden of making a prima facie showing that exercising jurisdiction over a defendant based on the defendant's nationwide contacts is consistent with due process. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000); *In re Blue Cross Blue Shield Antitrust Litig.*, 225 F. Supp. 3d 1269, 1289 (N.D. Ala. 2016). United has failed to show that either Bitmain HK or Wu has sufficient contacts with the United States to meet this standard.

United again fails to state whether it is arguing that the Court can exercise general jurisdiction, specific jurisdiction, or both over Bitmain HK and Wu. That omission is significant because the "nature and quality of [a defendant's] contacts … vary depending on whether the type of personal jurisdiction being asserted is specific or general." *Consol. Dev. Corp.*, 216 F.3d at 1291. With respect to general jurisdiction, Bitmain HK is incorporated, and has its principal place of business, outside the United States. Am. Compl. ¶ 9. Wu is domiciled in China, and United does not allege, nor can it allege, that Wu is a United States citizen. *Id*. at ¶ 10. These facts alone bar this Court from exercising general personal jurisdiction over Bitmain HK and Wu. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1318 (11th Cir. 2018) (citing *Daimler AG v. Bauman*, 571 U.S. 117 (2014)); *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1349-1350 (S.D. Fla. 2017) (stating test for exercising general jurisdiction over individual).

The only exception would be if United could carry the "heavy burden" of establishing that this is one of the "exceptional cases" where a foreign corporation's contacts are so substantial that it is "essentially at home" in the United States. *Waite*, 901 F.3d at 1317-1318. United has not even attempted to make that showing here, and it could not even if it tried because Bitmain HK's alleged activities in the forum do not "approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015).

As for specific jurisdiction, United has likewise not even attempted to satisfy the three-part test the Eleventh Circuit uses to determine whether a court can exercise specific jurisdiction over a non-resident defendant. Motion at 11. United has not shown how any of the alleged jurisdictional contacts are "but for" causes of United's alleged injuries or cited any authority to support a finding of specific jurisdiction.[3] *Id*. In particular, it does not explain how Wu's alleged promotion of Bitmain products and services or his public speaking in the United States tie to the antitrust claim. *Id*. at 12. Nor does United try to connect the filing of an unrelated lawsuit, the supposed registration of an IPO, or any of the business operations that United has incorrectly attributed to Bitmain HK (leasing office space, investing in a blockchain data center, operating repair facilities, and selling ASIC miners) to its antitrust claim. These omissions are fatal to its argument that specific personal jurisdiction exists over Bitmain HK and Wu. *See Waite*, 901 F.3d at 1315 (plaintiffs failed to allege that defendant's contacts were "the but-for cause of the torts they allege, which is fatal to the district court's exercise of specific personal jurisdiction").

United also claims it can establish personal jurisdiction over Wu because he is the CEO and President of Bitmain, Inc. This is insufficient for several reasons. To start, it is not alleged in the Amended Complaint. Further, Wu's position as a corporate officer of a United States

---

[3] United argues that the Court may exercise jurisdiction over Bitmain HK and Wu "based on their participation in the conspiracy alleged in the Amended Complaint" and cites *Flag Co. v. Maynard*, 376 F. Supp. 2d 849 (N.D. Ill. 2005) as support. But United misreads that case. *Flag* held that due process is satisfied only if the plaintiff alleges "both an actionable conspiracy and a substantial act in furtherance of the conspiracy performed in the forum." *Id*. at 855 (citation omitted). And United has not alleged any substantial act taken by Bitmain HK or Wu in the United States in furtherance of the alleged conspiracy. Its allegation that Kraken is based in the United States (Opp. at 9 n.3) is irrelevant because it does not pertain to any actions taken by Bitmain HK or Wu, nor is Kraken's mere presence in the United States a "substantial act in furtherance of [a] conspiracy." Moreover, there is no support in the Eleventh Circuit for United's broad interpretation of *Flag*, which would subject alleged conspirators anywhere in the world to the jurisdiction of United States courts, even though they have no contact with the United States, just because one of their alleged co-conspirators has headquarters here.

corporation, without more, does not make him "constructively present" in the United States. *Baker v. Carnival Corp.*, No. 06-21527-CIV-HUCK, 2006 WL 3360418, at *2 (S.D. Fla. Nov. 20, 2006). Personal jurisdiction also cannot be established over a corporate officer sued in his individual capacity based on acts performed for the benefit of his corporation, *Int'l Textile Grp., Inc. v. Interamericana Apparel Co.*, No. 08-22859-CIV, 2009 WL 4899404, at *3 (S.D. Fla. Dec. 14, 2009), let alone simply based on the officer's title. Finally, United does not contest the arguments made in the Joint Motion to Dismiss the First Amended Complaint (Dkt. #143) ("Joint Motion") to dismiss its claim against Bitmain, Inc. and does not even reference Bitmain, Inc. specifically in its opposition to the Joint Motion. United cannot establish personal jurisdiction over Wu as the CEO of Bitmain, Inc. when it has no claim against Bitmain, Inc. in the first instance.

Moreover, United has not contradicted the declarations that show that the business operations United identifies are actually performed by other Bitmain entities or third parties (Motion at 10), and United does not contest that a foreign company cannot be subject to general jurisdiction based on an affiliate company's activities in the United States. *See Consol. Dev. Corp.*, 216 F.3d at 1293.[4] Therefore, United has failed to show that the Court can exercise specific jurisdiction over Bitmain HK or Wu.

---

[4] United argues that the Liu Declaration is "self-serving" and "conclusory." Opp. at 10-11. But the statements in the Liu Declaration are within Liu's knowledge and experience, and similar statements have been relied on in the very case that United cites to find that no personal jurisdiction exists over a corporate defendant. *Air Turbine Tech., Inc. v. Atlas Copco AB*, 235 F. Supp. 2d 1287 (S.D. Fla. 2002). In addition, contrary to United's argument (Opp. at 11), the fact that Liu has a position at both Bitmain HK and former defendant Bitmain Technologies Holding does not change the fact that the two entities are distinct and operate independently. *Unitedhealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, No. 16-81180-CIV, 2017 WL 1832436, at *7 (S.D. Fla. May 8, 2017) (overlapping directors and officers does not destroy corporate separateness for personal jurisdiction purposes).

**III.    The Court Should Deny United's Request for Jurisdictional Discovery.**

The Court should deny United's request for jurisdictional discovery. Plaintiffs have a "qualified right" to obtain jurisdictional discovery only "when there is a dispute about the 'facts that would support [the plaintiff's] allegations of jurisdiction.'" *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 878 (11th Cir. 2018) (quoting *Majd-Pour v. Georgiana Cmty. Hosp. Inc.*, 724 F.2d 901, 902 (11th Cir. 1984)). But a district court has discretion to dismiss the action for lack of personal jurisdiction before jurisdictional discovery occurs. *Id*. Here, United has not shown any dispute about the facts. United does not contradict any of the statements in the declarations or explain why discovery into the uncontroverted declarations is necessary. Courts routinely reject requests for jurisdictional discovery when the plaintiff fails to plausibly articulate what specific facts it seeks that could show the necessary connection between the defendant and the forum. *See, e.g., id.*; *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1145 (S.D. Fla. July 30, 2007). Thus, there is no genuine dispute as to jurisdictional facts that would justify the request for jurisdictional discovery, and the request should be denied. *See Schwab v. Hites*, 896 F. Supp. 2d 1124, 1138 (M.D. Fla. Sept. 14, 2012).

## CONCLUSION

The Amended Complaint should be dismissed because United failed to carry its burden of establishing either general or specific personal jurisdiction over Bitmain HK and Wu. The Court should dismiss the Amended Complaint with prejudice because United has already had the opportunity to cure the jurisdictional defects and has failed to do so. It should not be given a third chance.

Date: May 8, 2020                                     Respectfully submitted,


                                                      */s/ Christopher R.J. Pace*
                                                      Christopher R.J. Pace
                                                      Florida Bar No. 721166
                                                      Email: crjpace@jonesday.com
                                                      Marc A. Weinroth
                                                      Florida Bar No. 42873
                                                      Email: mweinroth@jonesday.com
                                                      **JONES DAY**
                                                      600 Brickell Avenue
                                                      Suite 3300
                                                      Miami, Florida 33131
                                                      Telephone: (305) 714-9700
                                                      Facsimile: (305) 714-9799

                                                      Julie M. McEvoy (*pro hac vice*)
                                                      Email: jmcevoy@jonesday.com
                                                      **JONES DAY**
                                                      51 Louisiana Ave., N.W.
                                                      Washington, D.C. 20001
                                                      Telephone: (202) 879-3939
                                                      Facsimile: (202) 626-1700

                                                      Mark W. Rasmussen (*pro hac vice*)
                                                      Email: mrasmussen@jonesday.com
                                                      Thomas D. York (*pro hac vice*)
                                                      Email: tdyork@jonesday.com
                                                      **JONES DAY**
                                                      2727 N. Harwood Street
                                                      Suite 500
                                                      Dallas, TX 75201
                                                      Telephone: (214) 220-3939
                                                      Facsimile: (214) 969-5100

                                                      *Attorneys for Defendants Bitmain Technologies Ltd. and Jihan Wu*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 8, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record for the parties.

>	*/s/ Christopher R.J. Pace*
>	Christopher R.J. Pace