# EXHIBIT B

# The Alleged Sherman Act § 1 Violation



Bitmain and Bitcoin.com—which support ABC software—agree to "reallocate pools of Bitmain servers from the Bitcoin Core network … to Bitcoin.com's pools in the Bitcoin Cash network minutes before the implementation of the Bitcoin Cash network upgrade." Am. Compl. ¶ 67.

Combined value of post-fork currencies is less than pre-fork. Am. Compl. ¶ 86.

Bitcoin Cash Blockchain

Bitcoin ABC developers implement a "poison pill," "checkpoint," or "Deep Reorg Prevention" to "lock down" the ABC blockchain near the tip of the chain, allowing "anyone with 51% hashing power to quickly cement control of the blockchain ledger." Am. Compl. ¶¶ 87, 90.

Kraken anointed ABC chain "winner" of hash war by giving it BCH ticker and indicating SV chain is "high risk." Am. Compl. ¶ 96. No allegation that Kraken excluded SV from exchange.

*United American Corp. v. Bitmain, Inc. et al.*, 18-cv-25106 (S.D. Fl.) - Oral Argument 9/29/2020

1

# The Complaint Attacks Competition and Choice and Its <u>Admissions</u> Are Fatal

- Competition between ABC and SV is flourishing, and is a result of the challenged "fork."

    - Am. Compl. ¶ ¶ 42-45: Bitcoin Cash itself emerged from a "fork" from Bitcoin Core.

    - Am. Compl. ¶ 81: Voting for one's preferred software implementation is an expression of competition, and nodes can "leave and rejoin" cryptocurrency networks as they wish.

    - Am. Compl. ¶ 74: The cryptocurrencies that emerged from the hard fork—ABC and SV—enjoy comparable amounts of hashing power, with SV enjoying a higher hashing rate than ABC at multiple points after the hard fork.



    - Am. Compl. ¶ 97: ABC and SV compete for users, and compete as tradeable instruments on cryptocurrency exchanges. Head-to-head competition will decide whether one cryptocurrency is superior, or whether they can co-exist.

*United American Corp. v. Bitmain, Inc. et al.*, 18-cv-25106 (S.D. Fl.) - Oral Argument 9/29/2020

2

# The Complaint Attacks Competition and Choice and Its <u>Omissions</u> Are Fatal

- UAC never addresses glaring pleading failures identified by Defendants and this Court.
    - No precedent for applying *per se* rule or antitrust laws generally to alleged agreement to "hijack" a cryptocurrency network— "bid rigging" and "group boycott" are mere labels. ECF No. 144 at 15-18.
    - No allegations showing parallel conduct between competitors or plus factors tending to exclude the possibility of independent action, much less facts evincing a "conscious commitment to a common scheme designed to achieve an unlawful objective." ECF No. 144 at 8-15; ECF No. 152 at 3-8.
    - No specific allegations evincing actual harm to competition. ECF No. 152 at 8-9.
    - No attempt to define a relevant geographic market, and no allegations regarding cross-elasticity of demand or price sensitivity supporting implausible single-brand product market for "Bitcoin Cash." ECF No. 133 at 23-25; ECF No. 152 at 9-12.
    - No allegations of market power and anticompetitive effects in those markets. ECF No. 144 at 25-27; ECF No. 152 at 12-14
    - No dispute that Satoshi Nakamoto Whitepaper is a non-binding thought experiment, and that, under the very terms of the paper, nodes can "leave and rejoin the network" and vote with their hashing power. ECF No. 144 at 4.

# The Court Should Dismiss this Case <u>With Prejudice</u>

- This Court warned UAC that if the Amended Complaint did not cure the original Complaint's pleading problems, the case would be "open to dismissal with prejudice" because "we don't do this endlessly." Tr. 152:8-153:6.

- This case has been pending for **almost two years**, and Plaintiff has yet to state a plausible claim or even articulate a coherent antitrust theory.

- In a rule of reason case, courts should dismiss with prejudice where, after being given another chance to plead a claim, the plaintiff:

    - advances only a "vague and conclusory allegation of injury to general competition," *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1078 (11th Cir. 2004) (affirming 12(b)(6) dismissal with prejudice); and

    - fails to "plead facts plausibly suggesting the relevant []market's composition" and "fail[s] to adequately allege actual or potential harm to competition." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1338-1339 (11th Cir. 2010) (affirming 12(b)(6) dismissal with prejudice).